UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DYNAMIC INDUSTRIES, INC., DYNAMIC INDUSTRIES INTERNATIONAL, LLC and DYNAMIC INDUSTRIES SAUDI ARABIA, LTD.**<br><br>**VERSUS**<br><br>**METLIFE - AMERICAN INTERNATIONAL GROUP - ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY; WALAA COOPERATIVE INSURANCE CO.; AMERICAN LIFE INSURANCE COMPANY; AIG MEA INVESTMENTS AND SERVICES COMPANY and MARSH & MCLENNAN COMPANIES INC.** | CIVIL ACTION NO. 2:21-cv-748<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

### EX PARTE MOTION FOR ALTERNATIVE SERVICE PURSUANT TO RULE 4(F)(3)

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs Dynamic Industries, Inc., Dynamic Industries International, LLC, and Dynamic Industries Saudi Arabia, Ltd. ("Plaintiffs") who respectfully move this Court for an order permitting them to serve foreign Defendants Walaa Cooperative Insurance Co. ("Walaa") and Metlife - American International Group - Arab National Bank Cooperative Insurance Company ("MetLife-ANB") under Rule 4(f)(3). Fed. R. Civ. P. 4(f)(3) in a manner reasonably calculated to provide actual notice of the Complaint and given that the Kingdom of Saudi Arabia, where these two entities are domiciled, is not a signatory to an international agreement regarding service of process. For the reasons set forth below, this Motion should be granted.

{N4372657.1}

## LAW AND ANALYSIS

Rule 4(f) governs service of process upon a defendant in a foreign country. As relevant here, the Rule provides three mechanisms for service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>> . . . or . . .
>>
>> (C) unless prohibited by the foreign country's law, by: . . .
>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, **as the court orders.**

Fed. R. Civ. P. 4(f) (emphasis added). Additionally, Rule 4(h)(2) authorizes service of process on a foreign corporation in any manner prescribed by Rule 4(f) for individuals, except personal delivery. Fed. R. Civ. P. 4(h)(2); *see also de Leon v. Abudawood,* 2018 U.S. Dist. LEXIS 224784, *6 (C.D. Cal. 2018). As long as the service of method ordered under Rule 4(f)(3) is "reasonably calculated" to apprise the defendant of the pendency of the action, then it will comport with due process under the Constitution. *Id.*

Importantly, service of process under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief.'" *ITP, Inc. v. OCI Co., Ltd.,* 2012 U.S. Dist. LEXIS 207293, at *3 (E.D. Pa. Mar. 26, 2012) (citing *Rio Props., Inc. v. Rio Intl Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). A plaintiff moving for alternative service is not required to first attempt service in accordance with

Saudi law before seeking leave for alternative service. "Whether to allow an alternative method of serving process is committed to the district court's sound discretion." *Marks v. Alfa Grp.,* 615 F. Supp. 2d 375, 377 (E.D. Pa. 2009).

That said, a plaintiff must show that "the facts and circumstance of the present case necessitate[ ] . . . district court intervention" and that the proposed method of service comports with due process. *Ehrenfeld v. Salim a Bin Mahfouz,* 2005 U.S. Dist. LEXIS 4741 (S.D.N.Y. Mar. 23, 2005). Service of process must be "reasonably calculated, under all the circumstances to apprise interested partied of the pendency of the action and afford them an opportunity to present their objections." *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'shtp,* 140 F. Supp. 3d 450, 453 (E.D. Pa. 2015) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Here judicial intervention is warranted. As alleged in the Complaint, Defendants Walaa and Metlife-ANB are foreign entities located in Saudi Arabia. See R. Doc. 1. However, Plaintiffs do not have the option of utilizing the service means authorized by the Hague Convention because Saudi Arabia is not a party to that treaty. *See* U.S. Dep't of State Circular on Service of Legal Documents Abroad, available at http://www.travel.state.gov/law/info/judicial/judicial_680.html (listing countries that are parties to the Hague Convention); *Tinicum Properties Assoc. Ltd. Partnership v. Garnett,* 1992 U.S. Dist. LEXIS 6564 (E.D. Pa. Apr. 29, 1992) (noting that Saudi Arabia is not a party to the Hague Convention). Nor is there any international agreement that speaks to service of process in Saudi Arabia. Second, serving process in Saudi Arabia is notoriously difficult. *See, e.g., Hollow v. Hollow*, 747 N.Y.S.2d 704, 706 (Aug. 19. 2002) (N.Y. Sup. Ct.) (discussing delay in service as a result of "complicating factors inherent in servicing process within the Kingdom of Saudi Arabia" and authorizing service by e-mail).

Therefore, Plaintiffs propose the following means of service of both the original Complaint and Summons and a copy of the Complaint and Summons translated into Arabic, which processes are definitively reasonably calculated to provide notice of the Complaint:

> (1) by Federal Express or another acceptable international common carrier to Defendant Walaa at 4513, Adh Dhahran Al Khubar Al Janubiyah, Unit No: 8, Al-Khobar 34621-8615, Kingdom of Saudi Arabia and to Defendant Metlife-ANB at 12th Floor, Al Ebdaa Tower, King Fahad Road, Al Shiek Mubarik Al Subah Street Riyadh, 11554, Saudi Arabia
>
> (2) by P.O. box to Defendant Walaa at Adel Khashoggi Building, Custodian of the Two Holy Mosques Road, P.O. Box 31616, Al-Khobar 31952, Kingdom of Saudi Arabia and to Defendant Metlife-ANB at Al-Munajem Tower - King Fahad Road - Olaya District, P.O. Box: 56437, Riyadh 11554, Kingdom of Saudi Arabia; or
>
> (3) by any other means reasonably calculated to provide Defendants with actual notice, if the aforementioned options are unsuccessful, including actual delivery to the registered office and electronic mail.

Indeed, service via Federal Express to Defendants Walaa and Metlife-ANB is reasonably calculated to provide these Defendants with actual notice as these physical addresses are listed in previous email communications between Plaintiffs and Defendants. *See, e.g.*, *Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18-CV-2897 (JPO), 2018 U.S. Dist. LEXIS 180884 (S.D.N.Y. Oct. 22, 2018) (authorizing service via Federal Express). Additionally, service via mail to Defendants Walaa and Metlife-ANB's post-office boxes would likely notify Defendants of the proceedings. Defendants have listed the post-office boxes in Saudi Arabia as their addresses on the company's respective websites. They therefore have represented that they will receive communications that are sent to the post-office box. Based on those representations, service by mail to the post-office box is reasonably calculated to provide Defendants Walaa and Metlife-ANB with notice.

Finally, Plaintiffs have obtained certified translations of the Complaint and Summons to ensure that these Defendants are provided with notice of these proceedings. These certified translations will be provided to the Defendants as service copies.

## CONCLUSION

For the forgoing reasons, the Plaintiffs respectfully request that this Court grant its motion for alternative service in the form of the order submitted with this motion.

Respectfully submitted,

*/s/ L. Etienne Balart*
EDWARD D. WEGMANN (La. #13315)
L. ETIENNE BALART (La. #24951), T.A.
LAUREN C. MASTIO (La. #33077)
TAYLOR K. WIMBERLY (La. #38942)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8584
Facsimile: 504-589-8584
Email: ebalart@joneswalker.com
dwegmann@joneswalker.com
lmastio@joneswalker.com
twimberly@joneswalker.com

***Attorneys for Plaintiffs***