```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**DYNAMIC INDUSTRIES, INC., ET AL**                    **CIVIL ACTION**

**VERSUS**                                              **NO. 21-748**

**METLIFE – AMERICAN INTERNATIONAL**                    **SECTION "B"(1)**
**GROUP – ARAB NATIONAL BANK COOPERATIVE**
**INSURANCE COMPANY, ET AL.**

<u>ORDER</u>

**IT IS ORDERED** that plaintiffs' "Ex Parte Motion for Alternative Service Pursuant to Rule 4(f)(3)" (Rec. Doc. 8) is **GRANTED**. Federal Rule of Civil Procedure 4(f) provides, in pertinent part, that "an individual may be served at a place not within any judicial district of the United States. . .by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3). Put otherwise, a plaintiff may seek judicial intervention after "attempt[ing], without success, to serve the [foreign] defendant via mail and personal service." *Juniper Networks, Inc. v. Bahattab*, No. 07-1771(PLF), 2008 WL 250584, at *1 (D.D.C. Jan. 30, 2008)(granting Rule 4(f) motion to serve Saudi Arabian defendant via email).

Upon considering alternative service methods, it is within "the sound discretion of the district court. . .of determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)." *West v. Rieth*, No. 15-2512, 2016 WL 195945, at *2 (E.D.La. Jan. 15, 2016)(citing *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th

1

Cir. 2002)). As such, courts often require plaintiffs "to show that they have reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely to be futile." *West*, 2016 WL 195945 at *2 (quoting *Nabulsi v. Nahyan*, No. H-06-2683, 2007 WL 2964817, at *4 (S.D.Tex. Oct. 9, 2007)).

Plaintiffs request alternative service on defendants Walaa Cooperative Insurance Co. ("Walaa") and Metlife – American International Group – Arab National Bank Cooperative Insurance Company ("Metlife-ANB"), both of whom are foreign entities located in Saudi Arabia. Rec. Doc. 8 at 1. Plaintiffs indicate that they are unable to utilize the service means authorized by the Hague Convention because Saudi Arabia is not a party to that treaty. *Id.* at 3; *see Tinicum Properties Assoc. Ltd. Partnership v. Garnett*, No. 92-0860, 1992 WL 99590, *1 (E.D.Pa. Apr. 29, 1992)("Saudi Arabia is not a signatory of the Hague Convention on Service of Process."). As such, plaintiffs propose service of the original complaint, summons, and a copy of both translated into Arabic by means of (1) Federal Express or another acceptable international common carrier, (2) P.O. box, or (3) any other means reasonably calculated to provide actual notice, including delivery to registered office and electronic mail. Rec. Doc. 8 at 4. Plaintiffs

maintain that these methods will provide defendants with actual notice because the physical addresses are listed in previous email communications between the parties and the P.O. box addresses were listed on the defendants' respective websites. *Id.*

In *Nuance Communications*, the Federal Circuit held that the district court erred in requiring service on a Russian defendant under the Hague Convention despite that the Russian Federation did not consider the treaty to be in effect between the United States and itself. *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010). Because service through the Hague Convention was impossible, the court determined that alternative service was warranted. *Id.*

Likewise, in *Ehrenfeld*, the court granted the plaintiff's Rule 4(f) motion to effect process on the Saudi Arabian defendant by mail to defendant's post office box in Saudi Arabia among other means. *Ehrenfeld v. Salim a Bin* Mahfouz, No. 4 Civ. 9641(RCC), 2005 WL 696769, at *4 (S.D.N.Y. Mar. 23, 2005). However, the court denied plaintiff's request to serve the defendant by Federal Express to a business address in Saudi Arabia because plaintiff did not provide "the basis of his conclusion that Defendant is affiliated with this company, nor the means by which he obtained this address." *Id.*

Because service on Walaa and MetLife-ANB through the Hague Convention is impossible, plaintiffs have established that the

circumstances, particularities, and necessities of this matter warrant alternative service pursuant to Rule 4(f)(3). Accordingly, plaintiffs offered sufficient alternative methods of service that ensures that the defendants will receive actual notice of these proceedings. Therefore,

**IT IS FURTHER ORDERED** that plaintiffs are granted leave to serve defendants Walaa and Metlife-ANB with the original complaint and summons and a copy of the complaint and summons translated into Arabic in the following ways:

(1) By Federal Express or another acceptable international common carrier to defendant Walaa at 4513, Adh Dhahran Al Khubar Al Janubiyah, Unit No: 8, Al-Khobar 34621-8615, Kingdom of Saudi Arabia and to defendant Metlife-ANB at 12th Floor, Al Ebdaa Tower, King Fahad Road, Al Shiek, Mubarik Al Subah Street Riyadh, 11554, Saudi Arabia;
(2) By P.O. box to defendant Walaa at Adel Khashoggi Building, Custodian of the Two Holy Mosques Road, P.O. Box 31616, Al-Khobar 31952, Kingdom of Saudi Arabia and to defendant Metlife-ANB at Al-Munajem Tower – King Fahad Road – Olaya District, P.O. Box: 56437, Riyadh 11554, Kingdom of Saudi Arabia; or
(3) By any other means reasonably calculated to provide defendants with actual notice, if the aforementioned options are unsuccessful, including actual delivery to the registered office and electronic mail.

New Orleans, Louisiana this 23rd day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE