IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DYNAMIC INDUSTRIES, INC., DYNAMIC INDUSTRIES INTERNATIONAL, LLC, and DYNAMIC INDUSTRIES SAUDI ARABIA, LTD.** | * * * * * | **CIVIL ACTION NO. 2:21-cv-748** |
| **VERSUS** | * * | **JUDGE IVAN L.R. LEMELLE** |
| **METLIFE – AMERICAN INTERNATIONAL GROUP – ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY, WALAA COOPERATIVE INSURANCE CO., AMERICAN LIFE INSURANCE COMPANY, AIG MEA INVESTMENTS AND SERVICES COMPANY and MARSH & McLENNAN COMPANIES INC.** | * * * * * * * * * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MARSH USA, INC.'S MOTION TO DISMISS

**NOW INTO COURT,** through the undersigned counsel, comes the Defendant, Marsh USA, Inc. d/b/a Marsh USA Risk Services ("Marsh USA"), and moves to dismiss with prejudice the Amended Complaint filed by Plaintiffs, Dynamic Industries, Inc., Dynamic Industries, International, LLC, and Dynamic Industries, Saudi Arabia, Ltd. (collectively, "Dynamic"), pursuant to Federal Rules of Civil Procedure 12(b)(6), (b)(1), and (b)(2).

Dynamic's conclusory allegations that Marsh USA, and its parent company, Marsh & McLennan Companies, Inc. ("MMC") acted as a single business enterprise fails to state a plausible claim to relief against Marsh USA because neither Marsh USA nor MMC produced the insurance policy that is at issue in this litigation. The policy documents attached to Plaintiffs' original complaint and the documents that Plaintiffs introduced in support of their opposition to MMC's motion to dismiss establish that the agency that actually placed the policy at issue is Marsh Saudi Arabia Insurance and Reinsurance Brokers (Khobar) ("Marsh KSA"). Marsh KSA procured the

policy at issue for Dynamic's Saudi Arabian subsidiary, Dynamic Industries, Saudi Arabia, Ltd. ("DISA").[1] Dynamic, therefore, has no viable claim against either MMC or Marsh USA because Marsh USA did not act as Dynamic's agent or enter into a contractual relationship with Dynamic for the placement of insurance.

This Court should also dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) because this case is ultimately a dispute between foreign nationals that is not subject to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(3). Dynamic should not be permitted to fabricate diversity jurisdiction simply by joining the diverse but uninvolved American subsidiaries of these alien corporations as parties. The legitimate controversy in this case involves a Saudi Arabian insurance policy procured by a Saudi Arabian insurance agency from a Saudi Arabian insurance company and issued to a Saudi Arabian limited liability company. Because the interested parties in the dispute are all aliens, this Court does not have subject-matter jurisdiction under § 1332(a)(3) and should dismiss the action as to March USA pursuant to Fed. R. Civ. P. 12(b)(1).

It also bears mentioning that even if Dynamic could state a claim against Marsh USA under this Court's diversity jurisdiction, which it cannot, Dynamic's claims against Marsh USA are time-barred under Louisiana Revised Statute § 9:5606. That statute provides that any action against an insurance agent arising out of an engagement to provide insurance services must be brought within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in all events, no more than three years from the date of the alleged act, omission, or neglect. Accordingly, any cause of action that Dynamic may have had against Marsh USA for

---

[1] *See* R. Doc. 1-2, at 1- 37 (using CM/ECF pagination).

Marsh USA's alleged failure to procure adequate insurance expired, at the latest, three years after January 12, 2017, when the policy at issue went into effect.

Finally, even if Dynamic had sued Marsh KSA—the entity that actually produced the policy at issue—dismissal of Dynamic's claims is warranted under Fed. R. Civ. P. 12(b)(2) because this Court does not have personal jurisdiction over Marsh KSA, a Saudi Arabian corporation headquartered in Riyadh, Saudi Arabia, that has no contacts with the State of Louisiana.

WHEREFORE, for the foregoing reasons, Defendant Marsh USA respectfully requests that the Court grant its Motion to Dismiss and dismiss Dynamic's claims against Marsh USA with prejudice.

Respectfully submitted:

*/s/ Christopher R. Teske*

Christopher R. Teske (#27106)
Arianna E. de Goede (#37654)
PIPES | MILES | BECKMAN, L.L.C.
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
cteske@pipesmiles.com
adegoede@pipesmiles.com
*ATTORNEYS FOR DEFENDANT, MARSH USA, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Christopher R. Teske*

CHRISTOPHER R. TESKE