UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DYNAMIC INDUSTRIES, INC.,**<br>**DYNAMIC INDUSTRIES**<br>**INTERNATIONAL, LLC and DYNAMIC**<br>**INDUSTRIES SAUDI ARABIA, LTD.**<br><br>**VERSUS**<br><br>**METLIFE - AMERICAN**<br>**INTERNATIONAL GROUP - ARAB**<br>**NATIONAL BANK COOPERATIVE**<br>**INSURANCE COMPANY; WALAA**<br>**COOPERATIVE INSURANCE CO.;**<br>**AMERICAN LIFE INSURANCE**<br>**COMPANY; AIG MEA INVESTMENTS**<br>**AND SERVICES COMPANY and**<br>**MARSH & MCLENNAN COMPANIES**<br>**INC.** | **CIVIL ACTION NO. 2:21-cv-748**<br><br>**JUDGE IVAN L.R. LEMELLE**<br><br>**MAGISTRATE JUDGE JANIS VAN**<br>**MEERVELD** |

## DECLARATION OF MARK MAHFOUZ

Pursuant to 28 U.S.C. § 1746, I, Mark Mahfouz, hereby swear under penalty of perjury that

the following is true and correct to the best of my knowledge, information, and belief:

1.    My name is Mark Mahfouz.  I am an individual of full age of majority with personal knowledge to testify on the matters contained herein.

2.    I am employed by Dynamic Energy Services International LLC, the parent company of Plaintiff Dynamic Industries, Inc., as General Counsel.

3.    In my employment capacity, I have access to and custody of the business records created or maintained by Plaintiffs Dynamic Industries, Inc. ("DI"), Dynamic Industries International, LLC ("DII") and Dynamic Industries Saudi Arabia, Ltd. ("DISA") (collectively, "Plaintiffs" or "Dynamic Entities") in the normal course of business.  I have knowledge of the Dynamic Entities' recordkeeping practices.  I make this Declaration based upon my own personal knowledge to the extent I was personally involved in this matter, and from my review of the business records of the Dynamic Entities kept in their ordinary course, and as attached hereto.

4.    I am familiar with the claims asserted by the Dynamic Entities in this lawsuit.  I understand that this lawsuit involves a claim for coverage under a comprehensive general liability policy of insurance for an offshore accident that occurred in the Berri Field in Saudi Arabia.

**Exhibit A**

5. In 2017, Plaintiffs initiated the process of obtaining a comprehensive general liability policy of insurance in connection with a contract for work to replace five pipelines in the Berri Field in the Kingdom of Saudi Arabia ("KSA") and ancillary work outside of the KSA. Plaintiffs contacted Marsh USA, Inc. D/B/A MARSH USA RISK SERVICES ("Marsh USA"), a subsidiary company of Marsh & McLennan Companies, Inc. ("Marsh") for the purpose of obtaining the insurance policy and the coverage necessitated by the contract and operations to be conducted.

6. Plaintiffs utilized the services of Marsh and Marsh USA for the procurement of the necessary insurance, and expected the details of the obtaining of coverage to be handled by Marsh and Marsh USA.

7. Plaintiffs were advised that Marsh had contacted Marsh Saudi Arabia Insurance & Reinsurance Brokers Saudi Arabia Riyadh ("Marsh KSA") for assistance in procurement of the required insurance. Through the coordinated efforts of Marsh, Marsh USA and Marsh KSA (collectively, the "Marsh Entities"), the Dynamic Entities were advised by Marsh that the requested and contractually required comprehensive general liability policy of insurance (the "Policy") from MetLife American International Group and the Arab National Bank for Mutual Insurance ("MetLife-AIG-ANB") had been obtained and bound for the Project.

8. Neither DISA, DII nor DI ever appointed Marsh KSA for the purpose of taking delivery of the Policy.

9. Relying on Marsh's representations that the Policy had been appropriately procured, Dynamic issued an "Insurance Placement" letter to Marsh USA on January 20, 2017. A true and correct copy of the "Insurance Placement" letter is attached hereto as Exhibit 1. The letter was executed by the EVP and Chief Financial Officer of DI, showing its New Orleans address.

10. On or about February 02, 2017, MetLife-AIG-ANB Cooperative Insurance Company (Saudi Joint Stock Co.) provided the Dynamic Entities via email to New Orleans with a Certificate of Insurance identifying the name and address of the Insured as "Dynamic Industries International LLC, 10777 Westheimer Rd Suite 975 USA". A true and correct copy of the email communications providing the certificate is attached hereto as Exhibit 2.

11. Plaintiff DI paid Marsh or Marsh USA at least $25,000 for its brokerage services in procuring the Policy. A true and correct copy of the invoices and email communications regarding payment to Marsh and/or Marsh USA for these services is attached hereto as Exhibit 3.

12. The premium for the Policy was invoiced to Plaintiff DISA on April 7, 2017 (the "Invoice"). A true and correct copy of the invoice is attached hereto as Exhibit 4.

13. Payment for the Invoice was made on September 9, 2017. *See* Exhibit 4 (handwritten notes detailing date of payment).

**Exhibit A**

14.     In 2017, no Marsh entity ever requested a Broker of Record, Broker Letter of Authorization, Proposal Form or any similar document from any of the Plaintiffs.

15.     Although the Policy was purportedly issued and bound for the period January 12, 2017 to January 11, 2021, no actual policy was ever delivered to Plaintiffs. The Policy at issue in the litigation was not issued and delivered until November of 2019. A true and correct copy of the email correspondence confirming delivery of the Policy is attached hereto as Exhibit 5.

16.     On June 25, 2019, while performing work on the Project, a subcontractor of DISA damaged a submarine power cable owned by Saudi Aramco (the "Incident").

17.     The discovery of the Incident was reported to DISA in September of 2019.

18.     In the Fall of 2019, Plaintiffs, seeking primary insurance coverage under the Policy issued by MetLife-AIG-ANB, notified Marsh USA of the Incident. Acting from New Orleans, Louisiana, the Dynamic Entities contacted Marsh's New Orleans office to notify Marsh of the loss under the policy. In turn, the local Marsh representative located in the New Orleans office – Theresa Bonin – contacted her Marsh counterpart in Saudi Arabia to provide notification of the loss on behalf of "Dynamic." In her emails to Marsh KSA, Theresa Bonin notified Marsh KSA that they never received a copy of the Policy and that the insureds had not received a policy. A true and correct copy of the email communications providing notice of loss and seeking coverage under the Policy is attached hereto as Exhibit 6.

19.     The recipient of this first notice – a Marsh employee – responded noting that Marsh would notify the lead reinsurer for a potential insurance claim. *See* Exhibit 6.

20.     After several email communications concerning the lack of provision of any policy among the Marsh employees, all of which included Dynamic's General Counsel in New Orleans, on October 30, 2019, Plaintiffs requested an update on when it could expect delivery of the Policy. *See* Exhibit 6.

21.     Marsh KSA responded that discussions with MetLife-AIG-ANB on the issuance of the policy document was "under process." A true and correct copy of the email communications seeking an update on the Policy issuance is attached hereto as Exhibit 7.

22.     On November 5, 2019, the Marsh KSA representative advised that there was a "contentious" meeting in Riyadh with ANB (one of the founding members of the MetLife-AIG-ANB Cooperative), who initially rejected issuing a policy. *See* Exhibit 7.

23.     On November 5, 2019, Marsh KSA forwarded to Dynamic a number of documents that were represented as required by ANB, the basis on which ANB would issue the Policy. A true and correct copy of the email attaching these documents, including the Broker's Letter Authorization ("BLA"), is attached hereto as Exhibit 8. Included within these documents was the "underwriting information" that the insurers had originally received from Dynamic. The underwriting information contained email communications from Dynamic representatives about the Project and identified Dynamic Industries, Inc.

**Exhibit A**

24.   Marsh KSA requested the help of both Dynamic in New Orleans and Marsh USA in New Orleans in order to obtain the issuance of the Policy.  Marsh KSA sent Dynamic and Marsh USA the requirements of MetLife-AIG-ANB in order to issue the Policy.  *See* Exhibit 8.

25.   In order to issue the Policy, MetLife-AIG-ANB through Marsh KSA requested – from New Orleans – the post-dated execution of two documents:  (1) a Broker's Letter Authorization ("BLA"); and (2) a Proposal Form of the form provided by MetLife-AIG-ANB.  *See* Exhibit 7.

26.   At no time prior to November of 2019 were Plaintiffs ever advised by Marsh or MetLife-AIG-ANB that a BLA or Proposal Form was required to issue the Policy.

27.   With respect to the Proposal Form, Bonin responded on November 6, 2019 that the client should not need to submit any additional information. *See* Exhibit 7.

28.   The Marsh KSA representative replied that the required submission of the Proposal Form after the loss by MetLife-AIG-ANB was inflexible and deemed a regulatory requirement by ANB prior to issuance of a policy.  *See* Exhibit 7.

29.   On November 6, 2019, Dynamic's General Counsel, from New Orleans, sent Marsh KSA the signed BLA executed by the DISA General Manager on behalf of DISA.  No such letter was ever requested on behalf of DII or DI.  The BLA was signed by DISA in November of 2019, despite it being dated January 1, 2017 as required by Marsh and/or MetLife-AIG-ANB. A true and correct copy of the email attaching the Broker's Letter Authorization ("BLA") is attached hereto as Exhibit 9.

30.   On November 8, 2019, Marsh KSA, again acting for MetLife-AIG-ANB, advised that Plaintiffs would have to back-date the Proposal Form to December of 2016 or a date in January of 2017 to "factually align with the information submitted by Dynamic to Marsh and by Marsh to the insurer at that time." A true and correct copy of the email communications requesting that Plaintiffs back-date the Proposal Form is attached hereto as Exhibit 10.

31.   On November 11, 2019, the Proposal Form was signed by Dynamic and sent by Dynamic – from its New Orleans offices – for delivery to the underwriters, which Marsh confirmed was "submitted to the insurance company." A true and correct copy of the email communications confirming submission is attached hereto as Exhibit 11.

32.   In addition to the Proposal Form, Dynamic resent in this email a .zip file containing a number of project-related documents that had been previously provided to Marsh in connection with the original acquisition of insurance and evaluated for underwriting.

33.   When the Policy was finally issued and delivered to Plaintiffs on November 14, 2019, the Policy listed MetLife-AIG-ANB as the purported insurer. A true and correct copy of the Policy received by the Dynamic Entities is attached within Exhibit 5.

34.   Plaintiffs did not know the identity of Walaa Cooperative Insurance Company ("Walaa") or its relationship to MetLife-AIG-ANB until the Spring of 2020. In fact, at no time during

{N4437972.2}                                                4

**Exhibit A**

the above mentioned negotiations or at any point until the claim was denied was a representative of Plaintiffs ever made aware that Walaa identified itself as the underwriter of the Policy. A true and correct copy of the email received by a Sedgwick representative identifying himself as the claims adjuster, and copying person having a "@walaa.com" email domain is attached hereto as Exhibit 12.

35. On November 14, 2019, the Policy was electronically mailed to Plaintiffs by Marsh on behalf of the insurers, and also mailed in hard copy to Dynamic and received by Dynamic in New Orleans, Louisiana.  I received the mailed copy of the Policy here at Dynamic's offices in New Orleans, Louisiana.

36. Plaintiffs have no record of the Policy ever having been delivered by anyone to any Dynamic entity, including DISA, in Saudi Arabia.

37. Plaintiffs subsequently submitted a claim for coverage under the Policy that was issued and delivered to Plaintiffs.

38. After several telephone conferences and email communications between Plaintiffs and Imad Elias, counsel for MetLife-AIG-ANB, MetLife-AIG-ANB denied any coverage under the Policy via an email dated September 28, 2020. A true and correct copy of the email is attached hereto as Exhibit 13.

39. Upon receipt of denial, Plaintiffs contacted their broker Marsh, through its subsidiary Marsh USA, for assistance in appealing the denial of Plaintiffs' claims under the Policy. A true a correct copy of the email communications are attached hereto as Exhibit 14.

40. Thereafter, Marsh USA initiated additional discussions with Marsh KSA to facilitate such conversations between Marsh USA and the claims manager responsible for reevaluating the Plaintiffs' claim under the Policy. A true and correct copy of the email correspondence between Marsh USA and Marsh KSA is attached hereto as Exhibit 15.

41. Marsh KSA provided the contact information for the MetLife-AIG-ANB claim manager of the Policy, and Plaintiffs contacted the claim manager shortly thereafter. A true and correct copy of the email correspondence between Plaintiffs and the insurer is attached hereto as Exhibit 16.

42. On January 21, 2021, the claims manager – Sasi Roopan – notified Plaintiffs that he disagreed with Plaintiffs' position but had forwarded Plaintiffs' "advice" to legal counsel. *See* Exhibit 16.

43. After  the MetLife-AIG-ANB/Walaa claims manager failed to provide a substantive response to Plaintiffs' multiple emails regarding coverage, Plaintiffs sent one final demand letter requesting coverage under the Policy on February 12, 2021.  A true and correct copy of the demand letter is attached hereto as Exhibit 17.

44. Plaintiffs were again informed that the Policy did not provide coverage for the Incident.

{N4437972.2}

5

**Exhibit A**

45.   A true and correct copy of an email communication from Marsh USA concerning the renewal of the Policy is attached hereto as Exhibit 18.

46.   I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Signed on this 24th day of August, 2021.

MARK MAHFOUZ

**Exhibit A**



January 20, 2017

Theresa Bonin
Marsh USA, Inc
701 Poydras Street, Suite 4125
New Orleans, LA 70139

Re:      Insurance Placement – Aramco/Dynamic Industries Project – Pipeline Crossing

Dear Theresa:

As of January 12, 2017 and as of today, there have been no known or reported losses arising out of this project.

In addition, we can confirm that the reinsurance / insurance markets are acceptable so that you can assign 100% of the insurance subscription.

Thank you for pulling this together.

Sincerely,

Roberto Rodriguez
EVP and Chief Financial Officer

400 Poydras St. | Suite 1800 | New Orleans, Louisiana 70130 | Office:  504.680.6725

**Exhibit No. A-1**
**Page 1**

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Thursday, September 19, 2019 11:44 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** FW: Aramco/Dynamic Industries Project - Confirmation of subscription

Mark,

Per attached and below, the insurance policy for the Berri Oil field project was actually underwritten by MetLife-AIG-ANB Cooperative Insurance Company and then reinsured out to Chubb and others.  I could not locate a copy of that policy.  Note that Vivek advised "In terms of claims , the local insurer will follow lead reinsurer's decision so the Chubb wording we both have should dictate coverage terms.

Also attached is a copy of the invoice for that policy, dated 4/7/2017 in the amount of $476,531.00.  I cannot locate confirmation that payment was made or received.

Should I request those items from Vivek?

My recommendation is to go ahead and report the incident involving damage to Aramco's sub-sea cable through Vivek.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh | Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Thursday, February 2, 2017 8:47 AM
**To:** Roberto Rodriguez <RRodriguez@dynesi.com>; Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>; Vince Rapp <vrapp@dynamicind.com>; Donnie Sinitiere <dsinitiere@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

1

Exhibit No. A-2
Page 1

Correction , the inception date is 01/12/2017 as required and correctly mentioned in the COI. (not as 2016 , typo in my email below)

---

**From:** Parkash, Vivek
**Sent:** Thursday, February 02, 2017 5:42 PM
**To:** 'Roberto Rodriguez'; Bonin, Theresa
**Cc:** Mark Mahfouz; Vince Rapp; Donnie Sinitiere; Laborde, James F
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

Hi Roberto,

COI for CGL insurance attached. It is as per the format acceptable to Aramco, based on what we have got issued for their various contract works.

The inception date is 01/12/2016 as required. If original is required, we can get it delivered at the address you advise to us.

Please let us know if they have any query on this.

Best Regards,
Vivek

**Vivek Parkash** | Vice President | ACII | Chartered Insurance Broker |
**Marsh** Specialty Practice (Saudi Arabia & Bahrain) – Energy & Power, Construction & Infrastructure |
Mobile: +966 53 946 0654 ; +973 3991 5541 Phone: +966 13 896 9655 ; +973 1720 4288
Email : vivek.parkash@marsh.com



---

**From:** Roberto Rodriguez [mailto:RRodriguez@dynesi.com]
**Sent:** Wednesday, February 01, 2017 8:02 PM
**To:** Parkash, Vivek; Bonin, Theresa
**Cc:** Mark Mahfouz; Vince Rapp; Donnie Sinitiere; Laborde, James F
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

Vivek
Any update on the COI for Aramco?
Thanks Roberto

*Roberto Rodriguez*
*EVP & Chief Financial Officer*
*Dynamic Energy Services International LLC*
*504.680.6734 office*
*504.231.6923 cell*



**Exhibit No. A-2**
**Page 2**

**From:** Parkash, Vivek [mailto:Vivek.Parkash@marsh.com]
**Sent:** Thursday, January 26, 2017 8:50 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Roberto Rodriguez <RRodriguez@dynesi.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>; Vince Rapp <vrapp@dynamicind.com>; Donnie Sinitiere <dsinitiere@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

Dear Roberto,

Apologies for delay in coming back to you.

We confirm that 100% cover placed and bound from the inception date 01/12/2017 as advised earlier. Getting the COI issued from ANB-AIG Insurance.

So WC-EL and TPL covered bound. We expect policy wordings document to be signed/stamped and COI for Aramco to be issued next KSA week. Invoices will be issued after that.

Pending : marine cargo cover for which we are waiting for information.

Trust you will find in order.

Best Regards,
Vivek

**Vivek Parkash** | Vice President | ACII | Chartered Insurance Broker |
**Marsh** Specialty Practice (Saudi Arabia & Bahrain) – Energy & Power, Construction & Infrastructure |
Mobile: +973 3991 5541 Phone: +973 1720 4288
Email : vivek.parkash@marsh.com



From Risk to Resilience in the Infrastructure Industry
Assessing the Challenges and Opportunities in Emerging Infrastructure Risks
Wednesday, 8th February 2017                    REGISTER HERE

**From:** Bonin, Theresa
**Sent:** Friday, January 20, 2017 11:51 PM
**To:** Roberto Rodriguez; Parkash, Vivek
**Cc:** Mark Mahfouz; Vince Rapp; Donnie Sinitiere; Laborde, James F
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

Roberto,

Thanks very much and I believe this takes care of the outstanding items but defer to Vivek.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA 70139
Phone: 504-571-2211 | Cell: 504-616-8248 | Fax: 504-571-2219
theresa.bonin@marsh.com

3

**Exhibit No. A-2**
**Page 3**

**From:** Roberto Rodriguez [mailto:RRodriguez@dynesi.com]
**Sent:** Friday, January 20, 2017 2:45 PM
**To:** Bonin, Theresa; Parkash, Vivek
**Cc:** Mark Mahfouz; Vince Rapp; Donnie Sinitiere; Laborde, James F
**Subject:** RE: Aramco/Dynamic Industries Project - Confirmation of subscription

I'm trying to address the open items that have come through emails since last week. Attached is the KNORL letter along with our acceptance of the subscription. Our national address is P.O. Box 4296, Al Khobar 31952, Saudi Arabia. As for billing, the contract is to be paid in USD into our Saudi accounts, so we can pay your invoice in USD from Saudi.

We will need certificates stating our coverages effective 01/12/2017 to be completed so we may provide them to Aramco.

Please let me know what items/responses you are still waiting on.
Thanks Roberto

*Roberto Rodriguez*
*EVP & Chief Financial Officer*
*Dynamic Energy Services International LLC*
*504.680.6734 office*
*504.231.6923 cell*



**From:** Bonin, Theresa [mailto:Theresa.Bonin@marsh.com]
**Sent:** Tuesday, January 17, 2017 3:53 PM
**To:** Roberto Rodriguez <RRodriguez@dynesi.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>; Vince Rapp <vrapp@dynamicind.com>; Donnie Sinitiere <dsinitiere@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Aramco/Dynamic Industries Project - Confirmation of subscription

Roberto,

Please see below confirmation. We need a letter on your letterhead confirming that there are no known or reported losses arising out of this project, as of today. Vivek is also asking for confirmation that the insurance / reinsurance carriers are acceptable.

Note that they were able to include Auto excess of the statutory local limit.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA 70139
Phone: 504-571-2211 | Cell: 504-616-8248 | Fax: 504-571-2219
theresa.bonin@marsh.com

4

**Exhibit No. A-2**
**Page 4**

**From:** Parkash, Vivek
**Sent:** Tuesday, January 17, 2017 10:20 PM
**To:** Bonin, Theresa; Laborde, James F
**Cc:** Bhatnagar, Gaurav; Wakeley, Adam; Beach, William
**Subject:** RE: Aramco/Dynamic Industries Project - Pipeline Crossing


Dear Theresa,

Despite a competitive price and $ 100M offshore limit , our broking team have secured 102.5% subscription on the TPL as per the table below. All reinsurers approached were S&P A-/better rated , except the local insurer in Saudi which is an AIG Joint venture.

- The local policy in Saudi Arabia will be issued by AIG JV company in Saudi Arabia.
- Though it is unrated but being AIG JV, their P&C treaties are claimed to be backed by AIG.
  http://www.anbinsurance.com.sa/en/company-profile
- (MetLife AIG JV as it writes both life/ health and P&C lines)
- In terms of claims , the local insurer will follow lead reinsurer's decision.

Marsh Energy has been having these reinsurers on our most of the slips for last few years and we have an existing business book with them. This is to give you a comfort that we are not using these reinsurers for the first time.

Please could you arrange confirmation that the reinsurance / insurance markets are acceptable and we can sign them to 100%.

NKORL ( No known or reported loss) as of today be also confirmed for us to satisfy some of the markets although their inception date will still be 12th Jan 2017.

| Market | S&P Rating | Domicile | Written Lines |
|---|---|---|---|
| Limit $100M OFFSHORE $10M ONSHORE incl. DTEP | | | **2017** |
| **MetLife AIG ANB Cooperative Insurance Company** | Not rated | Saudi Arabia | **15.0000%** |
| | | | |
| **CHUBB (DIFC) - Lead** | **A** | **Dubai** | **35.0000%** |
| AIG | A+ | Dubai | **25.00000%** |
| IGI | A | Dubai | **10.00000%** |
| TRUST RE | A+ | Bahrain | **10.0000%** |
| ADNIC | A | Dubai | **7.50000%** |
| | | | 102.5000% |

| DECLINATURES | COMMENT |
|---|---|
| OMAN Re | NO STAND ALONE |
| QBE | NO STAND ALONE |
| ALLIANZ | NO OFFSHORE |

5

| LIBERTY | |
| XLCATLIN | |

Further we have been able to get the following clauses/extensions added in the final slip agreed by Chubb.

The statutory liability in Saudi Arabia , as of today, in case of motor vehicles is SAR 10 million (USD 2.67 million) per occurrence– the Chubb's insertion of minimum USD 1 million is to be read in context with this.

Legal liability for owned, non-owned and hired motor vehicles for
persona injury, death or property damage resulting from each
occurrence  in excess of statutory liability *Limits or USD1,000,000 Any
one occurrence whichever is higher*
Cross Liabilities as attached
Maintenance Period as attached
Indemnity to other Persons as attached
Contractual Liability as attached

### CROSS LIABILITIES

For the purpose of the indemnity granted by this Section of this Contract of Insurance,
claims made by any of the parties described as the Insured against any other party so
described shall be treated as though the party claiming was not named as the Insured in this
Contract of Insurance.  Insurers waive all rights of subrogation that they may have, or
acquire, against any of the said parties.

The Insurers' total liability in respect of the insured parties shall not however exceed for any
one Occurrence the Limit of Indemnity stated in the Risk Details.

### MAINTENANCE PERIOD

This Section continues to insure the legal liability of the Insured Parties as defined in this
Section during the Maintenance Period stated in the Risk Details, but cover provided
hereunder to the Principal (unless specifically agreed in writing by the Insurers) shall not
extend to cover liability arising out of the operation of the Project by the Principal during the
Maintenance Period.

### INDEMNITY TO OTHER PERSONS

The liability of the Insured (and the individual liability of officers, committees and members in
their respective capacities) for canteens, social and sports or welfare organisations, or of
first aid, fire or ambulance services provided in connection with the Project, shall be
indemnifiable hereunder.  Such officers, committees and members shall, as though they
were the Insured, be subject to the Terms of this Contract of Insurance, so far as applicable.

### CONTRACTUAL LIABILITY

Liability assumed by the Insured under contract or agreement and which would not have
attached in the absence of such contract or agreement shall be the subject of indemnity
under this Section only if the conduct and control of any claim so relating is vested in the
Insurers and subject to the Terms of this Contract of Insurance.





Contract Leader

Best Regards,

**Exhibit No. A-2**
**Page 6**

Vivek

**Vivek Parkash** | Vice President | ACII | Chartered Insurance Broker |
**Marsh** Specialty Practice (Saudi Arabia & Bahrain) – Energy & Power, Construction & Infrastructure |
Mobile: +966 53 946 0654 ; +973 3991 5541 Phone: +966 13 896 9655 ; +973 1720 4288
Email : vivek.parkash@marsh.com



---

************************************************************************
This e-mail transmission and any attachments that accompany it may
contain information that is privileged, confidential or otherwise
exempt from disclosure under applicable law and is intended solely for
the use of the individual(s) to whom it was intended to be addressed.
If you have received this e-mail by mistake, or you are not the
intended recipient, any disclosure, dissemination, distribution,
copying or other use or retention of this communication or its
substance is prohibited. If you have received this communication in
error, please immediately reply to the author via e-mail that you
received this message by mistake and also permanently delete the
original and all copies of this e-mail and any attachments from your
computer. Thank you.
************************************************************************

---

Encoding: utf-8
Encoding: utf-8
Unitag House - 6th Floor, 150 Government Avenue,Manama, Kingdom of Bahrain

This message and any attachments are confidential. If you have received this
message in error please delete it from your system. If you require any
assistance please notify the sender. Thank You.

---

************************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
************************************************************************

**Exhibit No. A-2**
**Page 7**



MetLife - AIG - ANB
Cooperative Insurance Company
(Saudi Joint Stock Co.)

## CERTIFICATE OF INSURANCE

This is to certify that the Insurance Company named herein has issued to the Insured named herein Policies of Insurance which provide coverage (subject to the Insuring agreements, exclusions, conditions and declarations contained therein, and during their effective period).

1. Name and address to whom this Certificate is issued:

   **M/s. Saudi Aramco Oil Company, Dhahran**

2. Name and address of Insured:

   **Aramco Overseas Company BV**
   **Scheveningseweg 62-66**
   **2517KX The Hague**
   **The Nederlands**

   **&**
   **Dynamic Industries International LLC**
   **10777 Westheimer Rd Suite 975**
   **USA**

3. Name and address of Insurer:

   **MetLife - AIG - ANB Cooperative Insurance Company**
   P.O. BOX 56437
   RIYADH 11554
   SAUDI ARABIA

4. Description of operation and locations covered:

   All operations of the Insured in connection with the below contract title and number.

   **Contract Title: Pipe replacement at Berri Oil Field, Eastern Region- KSA**

5. Policy in force:

| Coverage | Policy No. | Effective Date | Period of Insurance | Limit of Liability |
|---|---|---|---|---|
| Comperhensive General Liability | TBA | from 12-Jan-2017 to 11-Jan-2020 | 36 months From 12-Jan-2017 To 11-Jan-2020 plus 12 months maintenance period thereafter | **Offshore:** SR 375,000,000 (USD 100,000,000) combined single limit any one occurrence in respect of Offshore Third party liabilities and SR 375,000,000 (USD 100,000,000) in aggregate for damage to existing property<br><br>**Onshore:** SR 37,500,000 (USD 10,000,000) any one occurrence in respect of Onshore Third party liabilities and SR 37,500,000 (USD 10,000,000) in aggregate for damage to existing property and |

6. We Certify that : -

   1) **M/s.SAUDI ARAMCO OIL COMPANY** has been named as an additional insured's under the above policies.

   2) Each Policy provides a Waiver of Subrogation in favour of all insured parties in the following form:

Main Office : P.O.Box 56437 Riyadh 11554 - Kingdom of Saudi Arabia - Tel.: +966 (11) 5109300 Fax: +966 (11) 5109396
C.R. 1010391438 - C.C. 101000047913 - Company Capital: SAR 350,000,000

**Exhibit No. A-2**
**Page 8**

**Waiver of Subrogation:**

The insurers hereby waive subrogation as to any right of recovery which the insured may have against any Insured parties including M/s. SAUDI ARAMCO OIL COMPANY

3)  Each policy provides for severability of interest in favour of all insured parties in the following form:-

**Severability of Interests:**

The term "The Insured" is used severally and not collectively, and the Insurance afforded by this Policy applies separately to each Insured against Whom claim is made or suit is brought, but the inclusion herein of more than one Insured shall not operate to increase the limits of the Insured's Liability.

4)  The Insurance Company hereby agrees to furnish the Insured M/s. SAUDI ARAMCO OIL COMPANY with written notice of thirty (30) days prior to the effective date of any material change or cancellation.

5)  All coverage hereon shall be primary to and not contributing with any insurance carried by M/s. SAUDI ARAMCO OIL COMPANY.

**This Certificate has been issued subject to the terms, clauses and limitations of the policy and does not engage the Insurer beyond the limits of this policy to which it refers. It is valid during the above specified period unless the policy is cancelled or suspended during this period.**

Dated: February 02, 2017

_____
Authorized Representative
**MetLife - AIG - ANB Cooperative Insurance Company**

**Exhibit No. A-2**
**Page 9**



**Marsh Saudi Arabia Insurance &
Reinsurance Brokers**
Tanami Tower, 3rd Floor
Prince Turki Bin Abdul Aziz Road
PO. Box : 30554 Al Khobar 31952
Kingdom of Saudi Arabia
Ph : +966 13 896 9655
Fax : Fax +966 13 896 8699
www.me.marsh.com

# Invoice

DYNAMIC INDUSTRIES SAUDI ARABIA
PO BOX 4296
Al Khobar, 319252
Kingdom of Saudi Arabia.

| | | |
|---|---|---|
| Date | : | 04/07/2017 |
| Invoice # | : | DII/82499 |
| Insurer(s) | : | Metlife AIG ANB Cooperative Insurance Company |
| Insured | : | DYNAMIC INDUSTRIES SAUDI ARABIA |
| Policy Type | : | Offshore Construction Liability |
| Period | : | 12/01/2016 to 11/01/2021 |

Details:
Being Premium for Policy

| | | |
|---|---|---|
| | USD | 476,531.00 |

| | | |
|---|---|---|
| **Total:** | USD | 476,531.00 |

**USD Four Hundred Seventy Six Thousand Five Hundred Thirty One only**

**NOTE:** All premium payments in full to be paid to us via 'Bank Transfers' in the same currency as invoiced. Bank transfer details are provided below.

Authorised Signatory

| | | |
|---|---|---|
| **Account Name** | : | **Marsh Saudi Arabia Insurance & Reinsurance Brokers** |
| **Bank Name** | : | **Saudi British Bank (SABB)** |
| **Swift Code** | : | SABBSARI |
| **Bank Address** | : | The Saudi British Bank, Head Office,P.O. Box 9084,Riyadh 11413, Kingdom of Saudi Arabia |

| | | |
|---|---|---|
| US $ A/C | : | 003-511177-083 |
| IBAN USD A/C | : | SA3645000000003511177083 |

LEADERSHIP, KNOWLEDGE, SOLUTIONS...WORLDWIDE
Paid-up Capital S.R. 3,000,000 C.R. 1010247579

MARSH & McLENNAN COMPANIES

شركة مارش السعودية للوساطة في التأمين وإعادة التأمين شركة.
رأس المال المدفوع 3 مليون ريال سعودي – س. ت. 1010247579 – ترخيص رقم: و م ت/18/20085 – برج التنامي الدور الثالث- شارع الأمير تركي بن عبدالعزيز حي ب. حرب 30554 الخبر 31952 – المملكة العربية السعودية – تلفون: 8969655 (96613) فاكس: 8968699 (96613)

**Exhibit No. A-2**
**Page 10**

*OCK 5470*



## ▶ MARSH

**Marsh USA Inc.**
New Orleans LA
(504) 522-8541

# INVOICE

| Page | 1 of 2 |
|---|---|
| Invoice Total | 6,250.00 USD |
| Invoice No. | 693976743103 |
| Invoice Date | 01/30/2017 |
| Effective Date | 01/12/2017 |
| Client No. | 6939799251 |
| Installment No. | 1 of 4 |

Roberto Rodriquez
Dynamic Energy Services International LLC
Billed To: 400 Poydras Street
Suite 1800
New Orleans, LA 70130-3223

*I/c*

If you are not currently receiving invoices via e-mail but would like to do so, please notify your Marsh client team.

## Remittance Copy

*61% DSA 2000802     $3,812.50 — I/c DSA - 00-1213*
*39% 02000802        $2,437.50*
*11-5110 3/1*

**RECEIVED MAR 30 2017 BY**

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between
receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

If you are interested in financing your premiums please contact the Marsh Premium Finance team at premiumfinance@marsh.com to determine eligibility.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Detach and remit this portion with your payment

| Client No. | Invoice No. | Payment Due | Invoice Total | Amount Paid |
|---|---|---|---|---|
| 6939799251 | 693976743103 | Immediate | 6,250.00 USD | |

**Thank you for your prompt payment.**

Please indicate Invoice Number 693976743103 on your remittance.

Additionally, for ACH or wire payments, e-mail remittance detail to: FiduciaryserviceRequest.US@marsh.com

By ACH: Bank Name: Bank of America
ACH Routing No: 071000039
Account Title: Marsh USA, Inc.
Account Number: 8188063077

By Wire: Bank Name: Bank of America
Wire Routing Number: 026009593
Account Title: Marsh USA, Inc.
Account Number: 8188063077

By Mail: Marsh USA, Inc.
P.O. Box 846015
Dallas, TX 75284-6015 USA

693976743103⑥ 000062500075

**Exhibit No. A-3**
**Page 1**

*OCK 5410* *match*

## MARSH

Marsh USA Inc.
New Orleans LA
(504) 522-8541

Billed To:
Roberto Rodriquez
Dynamic Energy Services International LLC
400 Poydras Street
Suite 1800
New Orleans, LA 70130-3223

# INVOICE

| | |
|---|---|
| Page | 1 of 2 |
| Invoice Total | 6,250.00 USD |
| Invoice No. | 693977900533 |
| Invoice Date | 03/13/2017 |
| Effective Date | 01/12/2017 |
| Client No. | 6939799251 |
| Installment No. | 2 of 4 |

*I/c*

If you are not currently receiving invoices via e-mail but would like to do so, please notify your Marsh client team.



**Remittance Copy**

61% DSA2000802    $3,812.50    I/c DSA-00-1713

39% 02000 802    $2,437.50    *RECEIVED*
11-5110    *ENTERED*    MAR 30 2017
    APR -5 2017    BY:
    BY:

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between
receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

If you are interested in financing your premiums please contact the Marsh Premium Finance team at premiumfinance@marsh.com to determine eligibility.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Detach and remit this portion with your payment

| Client No. | Invoice No. | Payment Due | Invoice Total | Amount Paid |
|---|---|---|---|---|
| 6939799251 | 693977900533 | Immediate | 6,250.00 USD | |

Thank you for your prompt payment.

Please indicate Invoice Number 693977900533 on your remittance.

Additionally, for ACH or wire payments, e-mail remittance detail to: FiduciaryserviceRequest.US@marsh.com

By ACH:
Bank Name: Bank of America
ACH Routing No: 071000039
Account Title: Marsh USA, Inc.
Account Number: 8188063077

By Wire:
Bank Name: Bank of America
Wire Routing Number: 026009593
Account Title: Marsh USA, Inc.
Account Number: 8188063077

By Mail:
Marsh USA, Inc.
P.O. Box 846015
Dallas, TX 75284-6015 USA

6939779005335 000062500072

**Exhibit No. A-3**
**Page 2**

COK# 5470

◆ MARSH

# INVOICE

Marsh USA Inc.
New Orleans LA
(504) 522-8541

| Page | 2 of 2 |
|---|---|
| Invoice Total | 6,250.00 USD |
| Invoice No. | 693977042490 |
| Invoice Date | 06/12/2017 |
| Effective Date | 01/12/2017 |
| Client No. | 6939799251 |
| Installment No. | 3 of 4 |

Billed To:

Roberto Rodriquez
Dynamic Energy Services International LLC
400 Poydras Street
Suite 1800
New Orleans, LA 70130-3223

Original
Policy Holder: Dynamic Energy Services International LLC
Billing Effective Date: 07/12/2017

| Insurer | Policy No./ Project No. | Expiration Date | Description/Type of Coverage | Item | Amount |
|---|---|---|---|---|---|
| | Casualty Consulting | 01/12/2018 | Casualty Consulting | FEE | 6,250.00 |

Invoice Comments:

Quarterly installment for consulting fee

39 % 02C00802 11-5110 ³/₁ $2,437 ⁵⁰
61.% DSA 2000802 11-5110 ³/₁ $3,812 ⁵⁰

JUN 2 9 2017

| | Invoice Total | 6,250.00 |

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

If you are interested in financing your premiums please contact the Marsh Premium Finance team at premiumfinance@marsh.com to determine eligibility.

OOK 5470

**MARSH**

# INVOICE

Marsh USA Inc.
New Orleans LA
(504) 522-8541

| Page | 2 of 2 |
|---|---|
| Invoice Total | 6,250.00 USD |
| Invoice No. | 693972946309 |
| Invoice Date | 09/12/2017 |
| Effective Date | 01/12/2017 |
| Client No. | 6939799251 |
| Installment No. | 4 of 4 |

Billed To:
Roberto Rodriquez
Dynamic Energy Services International LLC
400 Poydras Street
Suite 1800
New Orleans, LA 70130-3223

Original
Policy Holder: Dynamic Energy Services International LLC
Billing Effective Date: 10/12/2017

| Insurer | Policy No./Project No. | Expiration Date | Description/Type of Coverage | Rate | Amount |
|---|---|---|---|---|---|
| | Casualty Consulting | 01/12/2018 | Casualty Consulting | FEE | 6,250.00 |

Invoice Comments:

Quarterly installment for consulting fee.

39% D2000802  11-5110 ³/₁   $2,437⁵⁰

61% DSA 2000802  11-5110 ³/₁   $3,812⁵⁰



RECEIVED SEP 2 0 2017

SEP 7 7 2017

| | Invoice Total | 6,250.00 |
|---|---|---|

Marsh earns and retains interest income on premium payments held by Marsh on behalf of insurers during the period between
receipt of such payments from clients and the time such payments are remitted to the applicable insurer, where permitted by law.

## Jeananne Frazier

| | |
|---|---|
| **From:** | Mark Mahfouz |
| **Sent:** | Tuesday, January 02, 2018 9:43 AM |
| **To:** | Jeananne Frazier |
| **Subject:** | FW: Dynamic ESD Project & Fee confirmation |

**From:** Bonin, Theresa [mailto:Theresa.Bonin@marsh.com]
**Sent:** Thursday, December 28, 2017 4:48 PM
**To:** Roberto Rodriguez <RRodriguez@dynesi.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Mark Mahfouz
<MMahfouz@dynesi.com>
**Subject:** RE: Dynamic ESD Project & Fee confirmation

Roberto,

Confirming our conversation, there is some time element/sudden & accidental pollution in the General Liability (starting
on page 45 of the .pdf).  The event must be first discovered within 72 hours of commencement and reported within 60
days of first discovery.  This is the same for both projects.

The Gard P&I club placement for COOEC (BRRI project) will also include vessel pollution, I believe to $1B.

If you have any questions or concerns, please let us know.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

P.S.  Please consult the signed slip for full terms & conditions.

**From:** Roberto Rodriguez [mailto:RRodriguez@dynesi.com]
**Sent:** Thursday, December 28, 2017 2:20 PM
**To:** Bonin, Theresa
**Cc:** Laborde, James F; Wulff, Angela B; Mark Mahfouz
**Subject:** RE: Dynamic ESD Project & Fee confirmation

Theresa
When we contracted our coverages for our initial policy (BRRI project), did we include pollution coverages?  We need to
discuss the pollution coverage requirements on both of our Aramco contracts.  In addition, I know we discussed marine
cargo coverage on BRRI, we need to discuss it once again for the SFNY project.  Please call when you have a
moment.  Thanks Roberto

*Roberto Rodriguez*
*EVP & Chief Financial Officer*
*504.680.6734 office*

1

**Exhibit No. A-3**
**Page 5**

*504.231.6923 cell*




**From:** Bonin, Theresa [mailto:Theresa.Bonin@marsh.com]
**Sent:** Wednesday, December 27, 2017 10:34 AM
**To:** Roberto Rodriguez <RRodriguez@dynesi.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** RE: Dynamic ESD Project & Fee confirmation

Roberto, I've just sent an urgent follow up to Vivek and will let you know when I hear back.  We thought the certificate had been issued but I cannot locate one on this project.

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

**From:** Roberto Rodriguez [mailto:RRodriguez@dynesi.com]
**Sent:** Wednesday, December 27, 2017 10:03 AM
**To:** Bonin, Theresa
**Cc:** Laborde, James F; Wulff, Angela B
**Subject:** RE: Dynamic ESD Project & Fee confirmation

Theresa
Can you inquire of the invoice and the certificate of insurance on this project.  We need to make sure we hit the Jan 18 deadline for the payment.  They have separately asked for the certificate, so I would like you to ask about it as well.  Thanks Roberto

*Roberto Rodriguez*
*EVP & Chief Financial Officer*
*504.680.6734 office*
*504.231.6923 cell*



**From:** Bonin, Theresa [mailto:Theresa.Bonin@marsh.com]
**Sent:** Wednesday, November 29, 2017 10:38 AM
**To:** Roberto Rodriguez <RRodriguez@dynesi.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** Dynamic ESD Project & Fee confirmation

Roberto,

**Exhibit No. A-3**
**Page 6**

Attached is the signed slip for the third party liability on the EDS project along with the premium/VAT/fee calculation. Dubai is still waiting for final confirmation on their VAT calculation but this should be very close. The calculation includes the prepayment discount for payment receipt by underwriters by January 18. We will press Dubai for the invoice so that you can remit timely.

Please reply confirming your agreement to the Marsh New Orleans $25,000 fee and we will proceed with invoicing that piece.

It is important that you review the slip, particularly the limits of liability and the policy's terms, conditions and exclusions, and advise us within 30 days of anything which you believe is not in accordance with the negotiated coverage and terms. In addition, careful attention should be paid to the requirements of the slip with respect to the timely reporting to the insurer of claims, occurrences and/or losses.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc. | 701 Poydras Street, Suite 4125, New Orleans, LA 70139
Phone: 504-571-2211 | Cell: 504-616-8248 | Fax: 504-571-2219
theresa.bonin@marsh.com

---

**********************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
**********************************************************

---

**********************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
**********************************************************

---

**Exhibit No. A-3**
**Page 7**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Exhibit No. A-3**

**Page 8**

**MARSH**

Marsh Saudi Arabia Insurance &
Reinsurance Brokers
Tanami Tower, 3rd Floor
Prince Turki Bin Abdul Aziz Road
P.O. Box : 30554 Al Khobar 31952
Kingdom of Saudi Arabia
Ph : +966 13 896 9655
Fax : Fax +966 13 896 8699
www.me.marsh.com

## Invoice

39%    02000 802 —    185,847.09
61%    DSA 2000 802 —    290,683.91

DYNAMIC INDUSTRIES SAUDI ARABIA
PO BOX 4296
Al Khobar, 319252
Kingdom  of Saudi Arabia.

| | | |
|---|---|---|
| Date | : | 04/07/2017 |
| Invoice # | : | DII/82499 |
| Insurer(s) | : | Metlife AIG ANB Cooperative Insurance Company |
| Insured | : | DYNAMIC INDUSTRIES SAUDI ARABIA |
| Policy Type | : | Offshore Construction Liability |
| Period | : | 12/01/2016 to 11/01/2021 |

Details:
Being Premium for Policy

USD                    476,531.00

| | | |
|---|---|---|
| Total: | USD | 476,531.00 |

**USD Four Hundred Seventy Six Thousand Five Hundred Thirty One only**

NOTE: All premium payments in full to be paid to us via 'Bank Transfers' in the same currency as invoiced. Bank transfer details are provided
below.

Authorised Signatory

| | | |
|---|---|---|
| Account Name | : | Marsh Saudi Arabia Insurance & Reinsurance Brokers |
| Bank Name | : | Saudi British Bank (SABB) |
| Swift Code | : | SABBSARI |
| Bank Address | : | The Saudi British Bank, Head Office,P.O. Box 9084,Riyadh 11413, Kingdom of Saudi Arabia |

| | | |
|---|---|---|
| US $ A/C | : | 003-511177-083 |
| IBAN USD A/C | : | SA3645000000003511177083 |

Exhibit No. A-4
Page 1

Page 1 of 5

*paid 2017* (handwritten)

## samba سامبا
## On Demand Statement

| Page: 1 | Name: DYNAMIC INDUS S.A | |
|---|---|---|
| Date: 27-09-2017 | | |
| Start Date : 01-09-2017 | Account Number : ******6718 | Currency : USD |
| Statement Date : 27-09-2017 | IBAN Account Number : SA***************6718 | |

| Date | Transaction Type | Value Date | Debit | Credit | Balance |
|---|---|---|---|---|---|
| | Opening Balance | | | | 5,179,979.84 |
| 07-09 | SPS SWIFT vendor Payment 8756803<br>Ext Ref GBRBOSS ENERGY CONSULTING<br>@<br>**CHARGES<br>COMMISSION<br>TO:** BOSS ENERGY CONSULTING<br>**REF #** MTT00031<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:29:49 | 07-09 | 55,944.00 | | 5,124,035.84 |
| 07-09 | SPS transfer-Charges 8756803<br>Ext Ref<br>@ 0.2673796<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:29:49 | 07-09 | 26.73 | | 5,124,009.11 |
| 07-09 | SPS SWIFT vendor Payment 8756896<br>Ext Ref USABLANK ROME<br>@<br>**CHARGES<br>COMMISSION<br>TO:** BLANK ROME<br>**REF #** MTT00037<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:39:45 | 07-09 | 17,775.00 | | 5,106,234.11 |
| 07-09 | SPS transfer-Charges 8756896<br>Ext Ref<br>@ 0.2673796<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:39:45 | 07-09 | 26.73 | | 5,106,207.38 |
| 07-09 | SPS SARIE vendor Payment 1050759<br>Ext Ref 1078756801<br>@ 3.7499995<br>**CHARGES<br>TO:** MARSH SAUDI ARABIA INSURANCE<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:49:40 | 07-09 | 476,531.00 | | 4,629,676.38 |
| 07-09 | SPS transfer-Charges 1050759<br>Ext Ref 1078756801<br>@ 0.2673796<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 13:49:40 | 07-09 | 1.86 | | 4,629,674.52 |
| 11-09 | SPS SWIFT vendor Payment 8756804<br>Ext Ref AREAMIN ABBAS<br>@<br>**CHARGES<br>COMMISSION<br>TO:** AMIN ABBAS<br>**REF #** MTT00029<br>**Branch Name :** SAMBA FINANCIAL GROUP-RIYADH<br>**Time** : 22:55:13 | 11-09 | 10,000.00 | | 4,619,674.52 |

This is an interim statement of your account and does not necessarily reflect the balance as of close of business on the day it is produced.The final statement for the month will be sent to you as per our regular mailing schedule.



**Exhibit No. A-4**
**Page 2**

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 19, 2019 8:06 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Dear Mark,

Please find attached the MetLife-AIG-ANB insurance company issued policy.
The policy seems to be in order based on the policy schedule checked by us. Kindly let us know if you find any discrepancy or need any changes to be done.

Also advise at which address to send the original policy document.

Best Regards,
Vivek

**Vivek Parkash** ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

1

**Exhibit No. A-5**
**Page 1**

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Parkash, Vivek
**Sent:** Monday, November 18, 2019 5:32 PM
**To:** 'Mark Mahfouz' <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <mark.sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark,

I have a few minor points which I think are not in line with the reinsurance slips. My target is to send to you tomorrow during my working time to you after I can get clarifications.

Best Regards,
Vivek

**Vivek Parkash** ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Monday, November 18, 2019 5:22 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Thank you for yesterday's update (below).  When will you be done with your review so you can send me the policy?

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Sunday, November 17, 2019 9:03 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B

2

**Exhibit No. A-5**
**Page 2**

<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Dear Mark,

I have received the direct policy copy with full wordings. Reviewing the same before sending to you.

Best Regards,
Vivek

**Vivek Parkash** ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar
31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / و س ط / ش

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, November 15, 2019 6:32 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Mark,

Here is the date for following  -
-Proposal form sent - Sunday Nov 10
-Reply to issue in a week - Monday Nov 11

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 15, 2019, at 6:22 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

3

Below you referred to an email from the insurer's side that "states they will issue in a week".  What is the date of that email from the insurer's side?

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, November 15, 2019 9:18 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Mark,
I meant to reply on this by the email just sent to you.
I will raise it with my colleagues who had meeting with the underwriters based on which that was communicated to you.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

On Nov 15, 2019, at 6:06 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

Vivek,

This timeline is markedly different than the stated 2-3 days from submission of the documents you required of me.  Which documents were submitted seven (7) days ago (on November 8, 2019).

"Within a week" from what date?  November 8?  November 10?

Please advise.
Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, November 15, 2019 9:01 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

No firm date is committed by the insurer - the email response from their side states they will issue in a week. It can be within a week or in a week , that is the timeline we can convey at the moment.

4

**Exhibit No. A-5**
**Page 4**

No doubt from our side the follow up is consistent to close this matter since we have submitted the documents required by them.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 15, 2019, at 5:52 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

Following-up with you - please provide the promised update.

Mark

**From:** Mark Mahfouz
**Sent:** Wednesday, November 13, 2019 3:14 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

I hope you are feeling better.  I do not understand what you mean when you state "But will update you on this positively"…

I understood form your earlier email (on Monday) you would advise me of a date (no later than yesterday) when I would be in possession of the ANB policy.  Please advise today when I will have the policy.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 13, 2019 1:00 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

I have not been well since yesterday as you may have noticed from my auto-response message. But will update you on this positively.

Best Regards,

**Exhibit No. A-5**
**Page 5**

Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 13, 2019, at 8:48 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

Following-up with you - please provide the promised update.

Mark


**From:** Mark Mahfouz
**Sent:** Tuesday, November 12, 2019 3:14 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Please provide the promised update.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Monday, November 11, 2019 2:17 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Mark,  I sent that to Mazahir yesterday. The documents are sent by Mazahir to the insurance company. The date of policy receiving, I will get tomorrow.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 11, 2019, at 10:26 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

6

**Exhibit No. A-5**
**Page 6**

Thanks, Vivek.

What date did you submit the signed letter and .zip file to the insurance company?

When will you advise me on when the policy will be received?

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Monday, November 11, 2019 11:46 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

The email was well received with the attachments. The same submitted to the insurance company. I will inform you on when the policy will be received.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 11, 2019, at 8:43 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

Please acknowledge receipt of my email (of Friday) and its attachments.  Also, can you provide an update on when I will receive the insurance policy and policy wordings from ANB.

Mark

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Friday, November 8, 2019 3:27 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

**Exhibit No. A-5**
**Page 7**

Per your instructions I now attach a signed letter "back-dated with a date of December 2016". Also attached is a .zip file with the documents provided to Marsh in December 2016.

Please confirm your receipt of both the signed letter and /zip file. **And please obtain the policy number and policy wording I have been requesting from you/Marsh for many weeks**.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, November 8, 2019 3:13 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

Marsh recommend that proposal form be signed back-dated with a date of December 2016 or a date in Jan 2017 but prior to 12 Jan 2017. This will factually align with the information submitted by Dynamic to Marsh and by Marsh to the insurer at that time.

If due to unavoidable reasons , a date cannot be put on the proposal form then it can be signed undated. This is an SOS option but not the preferred one.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

On Nov 8, 2019, at 5:19 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

Vivek,

Should the signed form be "back-dated" to December 2016 (when the application was made by Dynamic and all of the attachments were provided to you or should the proposal form contain no date? Please provide explicit instructions on this point from Marsh.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Thursday, November 7, 2019 5:13 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

8

Hi Mark,

The insurer can accept undated proposal form but it has to be signed by Dynamic.

Only assurance we can give you is it does not impact insurance coverage as terms and conditions have already been agreed and the proposal form is mere statement of facts (names , address, dates…) with most items stating 'details as per attached files'.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 11:38 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Vivek,

Please provide an update re: confirmation of approval for you to submit the Form filled out by you / Marsh.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:20 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Sure Mark, word file attached of the same which can be edited.

Best Regards,

9

Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط ن و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 12:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

If you are not going to be the one executing the form you / Marsh KSA prepared (and given our current predicament that we are almost 3 years passed when this coverage was placed), then please kindly send me the form you prepared in a format that can be further modified by the individual you believe should be signing it at this stage as I believe Theresa advised you that individual is no longer employed w Dynamic.

Than you again.
Mark

Get Outlook for iOS

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:03:18 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

The proposal form specifically asks to be signed by the proposer/insured with name and designation in the company. Though insurance company can accept the broker to assist the insured in filling in the proposal form but they never accept it be signed by an insurance broker here. Will get this also confirmed in the morning.

**Exhibit No. A-5**
**Page 10**

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar
31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :   Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:57 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

I look forward to your response in the morning. Since you / Marsh Saudi prepared the proposal form, can it be
signed by you?

Get Outlook for iOS

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:52:05 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

As I mentioned yesterday that according to Mazahir who had the lengthy meeting with ANB-Metlife-AIG , he needed to
give a signed proposal form & the BOR. I will be able to give you final confirmation in the morning ( KSA time) if unsigned
form can be accepted or not.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar
31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com

11

**Exhibit No. A-5**
**Page 11**

www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:43 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

Thank you for providing the completed form so quickly.  It is greatly appreciated on my end. Have you already submitted it to ANB?  If not, when do you intend to do so?  And if you already have, can we expect to receive the policy number and policy language in the next 2-3 days from today's date?
Please confirm.  I am traveling but await your urgent response.

Thank you again —
Mark

Get Outlook for iOS

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:37:55 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

I think our emails crossed. Please check the 5 emails sent in last 10 minutes which contain the**completed Proposal Form with copies of all** of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by Marsh to ANB  & reinsurers (pre January 2017).

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com| Follow Marsh on : Twitter|LinkedIn|Facebook|YouTube|

**Exhibit No. A-5**
**Page 12**

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 10:23 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

To confirm, I have not received anything from you.  More importantly:

**Will you / Marsh be providing a completed Proposal Form (as requested) with copies ofall of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by you/Marsh to ANB (pre January 2017)?**

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:46 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks Mark,

Will send you the full information in multiple emails shortly. All files added were of the size of 10MB plus due to which I did not send all files yesterday.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 6, 2019, at 9:00 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

**Exhibit No. A-5**
**Page 13**

Attached is the signed broker letter of authorization you demanded (below).

Will you be providing a completed Proposal Form (as requested) with copies of**all** of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by you/Marsh to ANB (pre January 2017)?  In other words, not just the limited information entitled "new info zip" you attached to your email to Theresa and I?

Please advise urgently.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:18 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Theresa,

The ANB-Metlife-AIG position on proposal form is inflexible though they did accept to be on cover In Jan 2017 when the cover was bound and incepted.  This, according to them, is the regulatory requirement to have on file to issue any policy by their company. I can do as you suggested and let you know the response but it was already rejected once by them.

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Wednesday, November 06, 2019 1:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

**Exhibit No. A-5**
**Page 14**

Mark is issuing the BOR and we will forward upon receipt.

With respect to the Proposal Form, ANB issued the attached COI confirming that they were on risk as of 12 January 2017 and your email of 26 January 2017, copy attached, also confirmed 100% cover placed.  The client should not need to submit any additional information at this time.

Alternatively, we request that ANB issue the policy upon submission of an unsigned application or one signed by you instead of Dynamic.  In that case, we would request that you complete the application and we note that the zip file is incomplete as it does not include all information submitted including the contract.  The placement was not handled by Mark, but Roberto Rodriguez who is no longer with Dynamic so Mark is not able to attest to the Declaration required in the Proposal Form.

We await your prompt response and the policy.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh | Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 5, 2019 9:46 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected to proceed to issue the policy wordings citing non-submission of regulatory documents. After a lengthy meeting , the following points agreed based on which ANB will issue the policy :

1. BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2. Filled in Proposal Form to be provided
3. VAT of 5%  will be payable on the premium

While Marsh Saudi Arabia  is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted.  I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.

15

**Exhibit No. A-5**
**Page 15**

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks you for the update. We look forward to receiving the policy.


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Nov 4, 2019, at 4:51 AM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:


Hi Theresa and Mark,

The update is overdue from my side and apologies for that as I did not want to simply write that it is under process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with Talal, Chief Marketing Officer who manages relation with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on the policy document issuance.  The file has been reviewed by their reinsurance manager  and as of this week the main direct insurance underwriter has been asked to list out his requirements that will enable him to issue the policy wordings.

16

**Exhibit No. A-5**
**Page 16**

**Timeline:**
Though it is not yet committed by the insurance company but based on the requirements ( to be listed if any) , we are pushing it to be given to us this week and if the requirements are already available with us then we will provide the documents to the underwriter same day or next day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek

Can you please provide an update on the status of this repeated request?

Thank you.
Theresa


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Oct 30, 2019, at 10:42 AM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

<MetLife-AIG.pdf>

**Exhibit No. A-5**
**Page 17**



**MetLife AIG-ANB Cooperative Insurance Co**
P.O Box - 56437, Riyadh - 11554, Saudi Arabia
Tel - +966-5109300 Fax - +966-5109396
Email - info@metlifeaiganb.com
Website - www.metlifeaiganb.com

# Tax Invoice

**Invoice To :**
DYNAMIC INDUSTRIES SAUDI ARABIA LTD CO
KHOBAR  BANDRYAH 4296
4296
0138871500

Marsh Saudi Arabia Insurance and Reinsurance
Brokers(Khobar)
Al Morouj Tower
7th floor Olaya Main Street
North. Riyadh

| | |
|---|---|
| **Invoice #** | : G/DN/2019/1481 |
| **Date** | : 14/11/2019 |
| **Our VAT ID** | : 300944868400003 |
| **Department** | : Branch 1 Khobar |
| **A/c No.** | : 1500300 - 701003 |
| **LOB Code** | : 101501 |
| **Insured** | : DYNAMIC INDUSTRIES SAUDI ARABIA LTD CO |

**Policy / Cert. No.**    : P/11/706/24

**Period From :**  12/01/2017        **Period To :**  11/01/2021
**Risk Cover :**  Construct Primary Casualty-RT

*Please note that we have  DEBITED  your account as follows :*

| Description | Amount In SAR |
|---|---|
| Being Premium (Exclusive of VAT) on Construct Primary Casualty-RT Policy No. P/11/706/24 with 'Your ref. no. CGL cover the Project : Pipe Replacement at Berri Oil Field,' | 1,814,516.00 |
| VAT Calculated at 5 % | 90,725.80 |
| **Total Amount Including VAT :** | 1,905,241.80 |

SAR ONE MILLION NINE HUNDRED FIVE THOUSAND TWO HUNDRED FORTY-ONE AND HALALEH EIGHTY ONLY

Approved By:    Qasim Mughal

Authorized Signatory



**MetLife AIG-ANB Cooperative Insurance Co**
P.O Box - 56437, Riyadh - 11554, Saudi Arabia
Tel - +966-5109300 Fax - +966-5109396
Email - info@metlifeaiganb.com
Website - www.metlifeaiganb.com

# Credit Note

**Invoice To :**
Marsh Saudi Arabia Insurance and Reinsurance
Brokers(Khobar)
Al Morouj Tower
7th floor Olaya Main Street
North. Riyadh

**Invoice #** : B/CN/2019/1604
**Date** : 14/11/2019
**Our VAT ID** : 300944868400003
**Department** : Branch 1 Khobar
**A/c No.** : 2500300 - 701003
**LOB Code** : 101501

**Policy / Cert. No.**   : P/11/706/24

**Period From :** 12/01/2017   **Period To :** 11/01/2021
**Risk Cover :** Construct Primary Casualty-RT

*Please note that we have CREDITED your account as follows :*

| Description | Amount In SAR |
|---|---|
| Being 12 % Commission (Exclusive of VAT) on Construct Primary Casualty-RT Policy P/11/706/24 | 217,741.92 |
| **Total Amount Including VAT :** | 217,741.92 |

SAR TWO HUNDRED SEVENTEEN THOUSAND SEVEN HUNDRED FORTY-ONE AND HALALEH NINETY-TWO ONLY

Approved By:   Qasim Mughal

Authorized Signatory



## "COMPREHENSIVE GENERAL LIABILITY"

**MetLife – AIG – ANB Cooperative Insurance Company**
*Al-Munajem Tower - King Fahed Road - Olaya District*
P.O. Box: 56437, Riyadh 11554
Kingdom of Saudi Arabia
*Tel.: +966 (11) 5109300  Fax: +966 (11) 5109396*
*Website: www.metlifeaiganb.com*
*For more information, please contact us at: info@metlifeiaiganb.com*

| | | |
|---|---|---|
| It is particulary requested that this policy be carefully read and at once returned to the Company should any corrections be necessary. | إسم المنتج<br>Name of the product<br>CGL | المرجو قراءة هذا العقد بكل دقه وإرجاعه حالاً إلى الشركة إذا وجد هناك اصلاحات لازمة وضرورية |
| **Head office** | | المركز الرئيسي<br>العنوان بالتفصيل |

**POLICY No. P/11/706/24**                 رقم   بوليصة تأمين

| | |
|---|---|
| **This Insurance policy complies with Article seventy of the implementing regulations of the law on supervision of Cooperative Insurance Companies, set by the Saudi Arabian Monetary Agency (SAMA) regarding Insurance Surplus distribution Equation** | يخضع عقد التأمين هذا للمادة سبعون من اللائحة التنفيذية لنظام مراقبة شركات التأمين التعاوني والصادرة عن مؤسسة النقد العربي السعودي ، وذلك فيما يخص معادلة توزيع فائض عمليات التأمين |

| | |
|---|---|
| **Name of Insured and Address**<br>Dynamic Industries Saudi Arabia Ltd Co | إسم المؤمن وعنوانه |
| **Producer Name and Address**<br>Marsh Saudi Arabia Insurance and Reinsurance Brokers<br>Khobar, Saudi Arabia | إسم الوسيط وعنوانه |
| **Total Sum Insured: Limit**<br>As per schedule attached | جملة مبلغ التأمين |
| **Territory:**<br>Worldwide Incl. USA & Canada | الحدود الجغرافية للتغطية |
| **Premium:**<br>SR 1,814,516 | رسوم التأمين |
| **Deductible E.E.L.**<br>SR 937,500 | التحمل من كل حادث |
| **Commission**<br>As agreed | |

| | سنة | من شهر | يبدأ هذا التأمين في الساعة الوقت بعد ظهر اليوم |
|---|---|---|---|
| | سنة | من شهر | وينتهي      في الساعة الوقت بعد ظهر اليوم |

**Period of Insurance commencing at 12ᵗʰ day of January 2017 and terminating on the 11ᵗʰ day of January 2021**

| | | |
|---|---|---|
| **Signed this**<br>**Branch / Agency**<br>**Address** | | وقعت في هذا اليوم<br>فرع / وكالة<br>العنوان |

**Exhibit No. A-5**
**Page 20**



**anb** cooperative insurance

*"CGL"*

## POLICY SCHEDULE ATTACHING POLICY NO. P/11/706/24

> *METLIFE – AIG – ANB COOPERATIVE INSURANCE COMPANY*
> *Al-Munajem Tower - King Fahed Road - Olaya District*
> *P.O. Box: 56437, Riyadh 11554*
> *Kingdom of Saudi Arabia*
> *Tel.: +966 (11) 5109300  Fax: +966 (11) 5109396*
> *Website: www.metlifeaiganb.com*
> *For more information, please contact us at: info@metlifeaiganb.com*

| TYPE | Comprehensive General Liability |
|---|---|
| | Occurrence form as per SAMA approved wording |
| INSURED | Principal Insureds: |

Principal Insureds:

1. Aramco Overseas Company BV and/or Dynamic Industries International, Saudi Arabia Oil Company (Saudi Aramco) and/or Dynamic Industries Saudi Arabia

2. Parent and/or subsdiary and/or affiliated and/or associated and/or inter-related companies and/or limited liablity companies and/or general and/or limited partners of the above as they are now or may thereafter be constituted and their directors, officers and employees while acting in their capacities as such.

Other Assureds:

3. Project managers

4. Any othe company, firm, person or party (including contractors and/or sub-contractors and/or manufacturers and/or suppliers) with whome the Insured(s) named in i, ii, iii and iv have entered into written contract(s) directly in connection with the project.

Insured's address:

Aramco Overseas Company BV
Scheveningseweg 62-66
2517KX The Hague
The Netherlands

Dynamic Industries International LLC
10777 Westheimer Rd Suite 975
Houston Texas 77042
USA

*003*

**Exhibit No. A-5**
**Page 21**

| PERIOD | The policy attaches with effect from 12-Jan-2017 to 11-Jan-2021 including 12 months maintenance period 0:01 hours local standard time at the address of the original insured and insures in respect of each part, item or portion of the property insured herein which is at risk of an insured at inception or which becomes at risk of an insured after inception and shall cover continuously thereafter until completion of the last part, item or portion of the property insured herein, and issuance of all provisional acceptance certificate whichever the later, expected not later than 36 months from 12-January-2017 23:59 hours local standard time at the address of the insured but not beyond 11-January-2021 23:59 hours local standard time at the address of the insured.<br><br>Coverage shall attach from the time materials and/or parts come at risk of an insured including work carried out at contractors and/or sub-contractors and/or manufacturer and/or suppliers premises and all transit (on and offshore) and shall continue during all operations until expiry as defined above.<br><br>Legal and/or contractual coverage shall attach from commencement of signing individual contracts.<br><br>Maintenance period – Coverage shall continue during the maintenance period(s) of specific contracts (subject to the terms, conditions and exclusions in the wording), up to a period o 12 months after expiry of the project period.<br><br>Discover period – The discovery period of 12 months (subject to the terms and conditions in the wording) shall commence on expiry of the project period and run concurrently with the maintenance period. |
|---|---|
| INTEREST | Project Name: Pipe replacement at Berri Oil Field, Eastern Region- KSA<br><br>All contract works including design verification (in some package detail design), field surveying (topside and hydrographic), procurement, fabrication, load-out, transportation, demolition, onshore/offshore installation, testing, hook-up, pre-commissioning, submission of project's documentation, records, as-built drawings, final documentation, and close-out following company procedures for hand-over and submittal requirement for all facilities under the scope of work.<br><br>Third party legal liability and/or contractual liability includes legal liability for owned, non-owned and hired motor vehicles for personal injury, death or property damage resulting form each occurrence in excess of statutory liability. Damage to Existing Property DTEP |
| LIMIT OF LIABILITY | • USD 100,000,000 combined single limit any one occurrence in respect of offshore third-party liabilities<br><br>• USD 10,000,00 any one occurrence in respect of onshore third-party liabilities<br><br>Sub-limits:<br>• USD 100,000,000 any one occurrence and in the aggregate for the period for offshore damage to existing property<br><br>• USD 10,000,000 any one occurrence and in the aggregate for the period for onshore damage to existing property |
| DEDUCTIBLE | USD 250,000 each and every occurrence |
| SITUATION | Worldwide including USA and Canada in connection with the project |

| ORIGINAL CONDITIONS | 1. Watercraft exclusion endorsement<br>2. Legal liability for owned, non-owned and hired motor vehicles for personal injury, death or property damage resulting from each occurrence in excess of statutory liability limits or USD 1,000,000 any one occurrence whichever is higher<br>3. Cross liability<br>4. Maintenance period<br>5. Indemnity to other persons<br>6. Contractual liability<br>7. Institute Radioactive Contamination, Chemical, Biological, Bio-Chemical and Electromagnetic Weapons Exclusion clause CL 370<br>8. Institute Cyber Attach exclusion clause CL 380<br>9. Sanction limitation and exclusion clause LMA 3100<br>10. Claims surveyors: Braemer Steege and/or MathewsDaniel and/or CTC Services, Crawford and Company or others which to be agreed. The claims surveyor shall not be the warranty surveyor<br>11. War and terrorism exclusion<br>12. Political risk exclusion |
|---|---|
| CHOICE OF LAW AND JURISDICTION | Saudi Arabia |
| PREMIUM | USD 483,871 (SR 1,814,516) for period |
| PPW | LSW 3001 120/30 amended |
| PROJECT VALUES | PROJECT VALUES: |

**PROJECT VALUES:**

| | In Kingdom Scope Value (SAR) | Out of Kingdom Scope Value (SUSD) |
|---|---|---|
| Mobilization / Demobilization (T&I) | 26,992,881 | |
| Construction Survey and Marker Buoy Installation | 15,866,032 | |
| Hookup and Commissioning Offshore | 73,077,747 | |
| Hookup and Commissioning - Onshore | 26,769,919 | |
| Installation of Pipelines | 241,809,089 | |
| Demolition of Existing Pipelines & Facilities | 95,190,479 | |
| Surveys | 1,614,620 | |
| Subtotal - In Kingdom | 481,321,976 | |
| Mobilization / Demobilization (T&I) | | USD 13,464,354 |
| Engineering | | USD 6,305,546 |
| Material | | USD 90,997,335 |
| Fabrication labor and loadout | | USD 11,460,504 |
| Subtotal - Out of Kingdom | | USD 81,117,732 |

**Exhibit No. A-5**
**Page 23**

| DAMAGE TO EXISTING PROPERTY | DAMAGE TO EXISTING PROPERTY / CONTRACTUAL EXCLUSION<br>It is understood and agreed that h coverage provided shall not apply to any claim or damage to or loss of use of any property which the principal assured:<br><br>1. Owns that is not otherwise provided for in this policy<br>2. Has use of, custody, physical control, access, right of way or an easement to by operation of a contract or agreement, or<br>3. Is liable or claimed to be liable for by operation of any indemnification, hold harmless or similar provision contained within any contract or agreement<br><br>EXISTING PROPERTY / CONTRACTUAL EXCLUSION BUY-BACK<br>Notwithstanding the existing property contractual exclusion above, it shall not apply to any claim or physical loss of and/or physical damage to existing property identified per schedule below:<br><br>Berri Field Assets:<br>• BBRI 95/100<br>• BRRI TP-2<br>• BRRO TP-1<br>• BRRI 58/63<br>• BRRI 52/57<br>• BRRI TP-3<br>• BRRI GOSP-5 |
| EXCLUSIONS | The insurance afforded does not apply to actual or alleged liability:<br><br>1. arising out of operations in intentional violation of any national, international, federal or state statute or law;<br><br>2. caused by any automobile, tractor, trailer, vehicle (other than hand propelled), team, locomotive, freight cars or aircraft. This exclusion shall not apply to any crawler type tractor, ditch or trench digger, power crane, shovel, grader, scraper and similar equipment, not subject to motor vehicle registration;<br><br>3. for Bodily Injury or Property Damage directly or indirectly occasioned by, happening through or in consequence of:<br><br>    a. war (whether declared or not), invasion, acts of foreign enemies, hostilities, civil war, rebellion, revolution, insurrection, military or usurped power or confiscation or nationalisation or requisition or destruction of property by or under the order of any government or public or local authority; or<br><br>    b. the consequence of any act for political or terrorist purposes of any person or persons whether or not agents of a sovereign power and whether or not the loss, damage or expenses resulting therefrom is accidental or intentional;<br><br>4. for indemnification of persons for damage to or loss of their tools, materials or equipment while performing operations for any Assured;<br><br>5. arising out of the use or operation of watercraft, whether owned, time chartered, bareboat chartered or operated by any Assured, or for which any Assured may be responsible other than as declared hereto;<br><br>6. to an Assured's employees, whether the Assured is liable as an employer or in any |

other capacity, including without limiting the generality of the foregoing any liability under any workers' compensation law, unemployment compensation law, disability benefit law, United States Longshoremen's and Harbour Workers' Compensation Act, Jones Act, Death on the High Seas Act, General Maritime Law, Federal Employers' Liability Act, or any similar laws of liabilities, and/or whether by reason of the : relationship of master and servant or employer and employee or not.

7. to the spouse, child, parent, brother, sister, relative, dependent or estate of any employee of an Assured arising out of the bodily and/or personal injury to or illness or death of said employee, whether the Assured may be liable as an employer or in any other capacity whatsoever;

8. arising out of Bodily Injury to any employee of the Assured, including without limiting the generality of the foregoing any such liability for (i) indemnity or contribution whether in tort, contract or otherwise and (ii) any liability of such other parties assumed under contract or agreement;

9. of any employee of any Assured with respect to Bodily Injury to another employee of the Assured sustained in the course of such employment;

10. which any director, officer, partner, principal, employee or stockholder of the Assured may have to any employee of any Assured;

11. for loss of or damage to any well or hole,
    i. which is being drilled or worked over by or on behalf of the Assured, or
    ii. which is in the care, custody or control of the Assured, or
    iii. in connection with which the Assured has provided services, equipment or materials;

12. for any cost or expense incurred in redrilling or restoring any such well or hole or any substitute well or hole;

13. for loss of or damage to any drilling tool, pipe, collar, casing, bit, pump, drilling or well servicing machinery, or any other equipment while it is below the surface of the earth in any well or hole:

    i. which is being drilled or worked over by or on behalf of the Assured, or
    ii. which is in the care, custody or control of the Assured, or
    iii. in connection with which the Assured has provided services, equipment or materials;

14. for costs or expenses incurred in
    i. controlling or bringing under control any wells or holes, or
    ii. extinguishing fire in or from any such wells or holes, or
    iii. drilling relief wells or holes, whether or not the relief wells or holes are successful;

15. for Bodily Injury or Property Damage directly or indirectly caused by or arising out of seepage, pollution or contamination however caused whenever or wherever happening;

    This exclusion shall not apply when the Assured has established all of the following conditions:
    a. the seepage, pollution or contamination was caused by an event;
    b. the event first commenced on an identified specific date during the Policy

Period set out in Item 3 of the Declarations;

c. the event was first discovered by the Assured within 14 days of such commencement;

d. Underwriters received written notification of the event from the Assured within 60 days of the Assured's first discovery of the event; and

e. the event did not result from the Assured's intentional violation of any statute, rule, ordinance or regulation.

f. provided limit of indemnity does not exceed sub-limits mentioned in the aggregate

Even if the above conditions a) to e) are satisfied, this policy does not apply to any actual or alleged liability:

i. to evaluate, monitor, control, remove, nullify or clean up seeping, polluting or contaminating substances to the extent such liability arises solely from any obligations imposed by any statute, rule, ordinance, regulation or imposed by contract;

ii. to abate or investigate any threat of seepage onto or pollution or contamination of the property of a third party;

iii. for seepage, pollution or contamination of property which is or was, at any time, owned, leased, rented or occupied by any Assured, or which is or was at any time in the care, custody or control of any Assured (including the soil, minerals, water or any other substance on, in or under such owned, leased, rented or occupied property or property in such care, custody or control);

iv. arising directly out of the transportation by the Assured of oil (other than fuel or other substances used in furtherance of the Assured's operations) or other similar substances by watercraft; or

v. arising directly or indirectly from seepage, pollution or contamination which is intended from the standpoint of the Assured or any other person or organization acting for or on behalf of the Assured;

16. for or arising out of the handling, processing, treatment, storage, disposal, dumping, monitoring, controlling, removing or cleaning-up of any waste materials or substances, or arising out of such waste materials during transportation;

17. for loss of, damage to, or loss of use of property directly or indirectly resulting from subsidence caused by sub-surface operations of the Assured;

18. for loss of or damage to sub-surface oil, gas, water, or other substance or material, or for the cost or expense of reducing to physical possession above the surface of the earth any oil, gas, water, or other substance or material, or for the cost or expense incurred or rendered necessary to prevent or minimize such loss or damage;

19. for fines, penalties, punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages;

20. arising out of goods or products manufactured, sold, handled or distributed by the Assured or by others trading under his name, including any container thereof;

21. for damage to or loss of or loss of use of:
i. property owned or occupied by or rented or leased to the Assured;
ii. property used by the Assured; or
iii. property in the care, custody or control of the Assured or over which the Assured is for any purpose exercising physical control;

22. for the costs of removal, recovery, repair, alteration or replacement of any product (or any part thereof) which fails to perform the function for which it was manufactured, designed, sold, supplied, installed, repaired or altered by or on behalf of the Assured in the normal course of the Assured's operations;

23. arising from any negligence, error or omission, malpractice or mistake in providing or failing to provide professional services, which is committed or alleged to have been committed by or on behalf of any Assured in the conduct of any of the Assured's business activities. Professional services include but are not limited to the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and supervisory, inspection, engineering, or data processing services;

24. for Bodily Injury or Property Damage directly or indirectly arising out of: asbestos; carpal tunnel; coal dust; polychlorinated biphenyl's; methyl tertiary butyl ether; silica; benzene; lead; talc; dioxin; electromagnetic fields; pharmaceutical or medical drugs/products/substances/devices; or any substance containing such material or any derivative thereof;

25. for Bodily Injury, Property Damage or expense directly or indirectly caused by or contributed to by or arising from:
    i. ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel;
    ii. the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof;
    iii. any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter; or
    iv. radioactive contamination however caused whenever or wherever happening;

26. assumed under a warranty for the fitness or quality of the Assured's products or a warranty that work performed by or on behalf of the Assured will be done in a workmanlike manner;

_____

Authorized Representative
MetLife AIG ANB Cooperative Insurance Company

Dated: 14.11.2019



*"CGL"*

## POLICY WORDING – COMPREHENSIVE GENERAL LIABILITY INSURANCE

*MetLife – AIG – ANB Cooperative Insurance Company*
*Al-Munajem Tower - King Fahed Road - Olaya District*
*P.O. Box: 56437, Riyadh 11554*
*Kingdom of Saudi Arabia*
*Tel.: +966 (11) 5109300 Fax: +966 (11) 5109396*
*Website: www.metlifeaiganb.com*
*For more information, please contact us at: info@metlifeaiganb.com*

Policy No (P/11/706/24)

Whereas, the subscriber, whose name and ID No. are mentioned in the subscription application, has acknowledged that he is committed to pay the subscription charges, either by himself or by his representative, to the subscribers' Fund and; Whereas, (Metlife-AIG-ANB Cooperative Insurance Company), herein after referred to as "the Company", manages the cooperative insurance operations and invests the moneys in the subscribers' Fund for their benefits in accordance with the Law on Supervision of Cooperative Insurance Companies and its implementation regulations which are compliant with the Sharia rules, in return for a percentage of the gross premium value underwritten (as defined in the policy schedule) to be taken from the annual net surplus, and shall be moved to the accounts of the shareholders after distributing 10% of the net surplus directly on the subscribers, or by reducing their premiums for the following year.

Therefore, it has been agreed between (Metlife-AIG-ANB Cooperative Insurance Company), in its capacity as manager of the subscriber's Fund, and the subscriber to accept the latter's subscription application to be covered under the cooperative insurance policy, for items listed in the attached schedule, during its validity period, its renewal period or any subsequent term in which the subscriber has an additional subscription.

The subscriber, hereby, shall be jointly covered along with other subscribers for reducing the risks that affect all, or any of them, on the basis of cooperative insurance, as this policy covers the amounts specified in this policy. This shall be in accordance with the terms, conditions and exceptions set forth in this document or in any additional attachment thereof.

رقم الوثيقة: (          )

فبناء على إقرار المشترك – المذكور اسمه وسجله المدني بطلب الاشتراك – بالتزامه بتسديد رسم الاشتراك – المدفوع من قبله أو من ينوب عنه – لصندوق المشتركين. وبما أن شركة ( متلايف والمجموعة الأمريكية الدولية والبنك العربي الوطني للتأمين التعاوني ) – المعبر عنها فيما بعد الشركة – تقوم وفقاً لأحكام نظام مراقبة شركات التأمين التعاوني ولائحته التنفيذية المتوافقتين مع أحكام الشريعة الاسلامية بإدارة عمليات التأمين التعاوني واستثمار أموال صندوق المشتركين لصالح المشتركين نظير نسبة مئوية من قيمة أقساط التأمين المكتتبة – تحدد بجدول الوثيقة – تستوفى من الفائض الصافي السنوي، وترحل إلى حساب المساهمين وذك بعد توزيع (10%) من الفائض الصافي على المشتركين مباشرة أو بتخفيض أقساطهم للسنة التالية.

فقد تم الاتفاق بين شركة ( متلايف والمجموعة الأمريكية الدولية والبنك العربي الوطني للتأمين التعاوني ) – باعتبارها مديرة لصندوق المشتركين، و المشترك على قبول طلبه للدخول تحت غطاء التأمين التعاوني عن البنود المدرجة في الجدول المرفق بهذه الوثيقة أثناء فترة سريانها أو تجديدها أو أي مدة لاحقة اشترك فيها المشترك باشتراك إضافي.

وبهذا يُعد المشترك مؤمنا تعاونيا مع بقية المشتركين لتقنيت الأخطار التي تقع لهم أو لأحدهم على سبيل التأمين التعاوني ؛ حيث تغطي هذه الوثيقة مبالغ التغطية المحددة في هذه الوثيقة ، وذلك وفقاً للأحكام و الشروط و الاستثناءات الواردة في هذه الوثيقة أو أي ملحق يضاف إليها.



1

On receipt of your policy, we recommend that you read it carefully in conjunction with the attached schedule.  This is to ensure that your policy gives you the protection you need if any details are incorrect, return the schedule immediately.

The schedule specifies the cover you have selected; it is your evidence of insurance and may be required in the event of a claim.  If you decide that you do not wish to accept this policy, return it within 24 hours of receipt and provided no claims have been made, we will refund the full premium less SAR 50 for administrative expenses.

Currency used here in this contract and any related documents is Saudi Riyals (SR).

Please note that, this is the English version of this document and the original Arabic Version is available and is to be seen as the prevailing document, should there be any differences between the English and Arabic versions.

Throughout this policy the words **you** and **your** refer to the Named Insured shown in the schedule, and any other person or organization qualifying as a Named Insured under this policy. The words **we**, **us** and **our** refer to the **Company** providing this insurance.

The word Insured means any person or organization qualifying as such under Section II - Who Is an Insured.

Other words and phrases that appear in bold type have special meaning. Refer to Section V - Definitions.

## SECTION I - COVERAGES

COVERAGE A **BODILY INJURY** AND **PROPERTY DAMAGE** LIABILITY

1.  **Insuring Agreement**

    a.  **We** will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the insured against any **suit** seeking those damages. However, **we** will have no duty to defend the insured against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result. But:

        (1)  The amount **we** will pay for damages is limited as described in Section III - Limits Of Insurance; and

        (2)  **Our** right and duty to defend end when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        (3)  **Our** duty to defend applies only to those countries in the **coverage territory** where legal circumstances permit **us** to defend. In those countries in the **coverage territory** where legal circumstances do not permit **us** to defend, **we** will reimburse **you** for **your** defense costs, subject to **our** prior authorization.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

    b.  This insurance applies to **bodily injury** and **property damage** only if:

        (1)  The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**;

        (2)  The **bodily injury** or **property damage** occurs during the policy period; and

        (3)  Any claim or **suit** is made or brought in the **coverage territory** or the United States of America, its territories and possessions, Puerto Rico or Canada.

    c.  Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the **bodily injury**.

2

**2. Exclusions**

This insurance does not apply to:

a.  Expected or Intended Injury

**Bodily injury** or **property damage** expected or intended from the standpoint of the insured. This exclusion does not apply to **bodily injury** resulting from the use of reasonable force to protect persons or property.

b.  Contractual Liability

**Bodily injury** or **property damage** for which the insured is obligated to pay as damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)  That the insured would have in the absence of the contract or agreement; or

(2)  Assumed in a contract or agreement that is an **insured contract**, provided the **bodily injury** or **property damage** occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an **insured contract**, reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of **bodily injury** or **property damage**, provided:

(a)  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same **insured contract**; and

(b)  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance   applies are alleged.

c.  Liquor Liability

**Bodily injury** or **property damage** for which any insured may be held liable by reason of:

(1)  Causing or contributing to the intoxication of any person;

(2)  The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3)  Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if **you** are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

d.  Workers' Compensation and Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

e.  Employer's Liability

**Bodily injury** to:

(1)  An **employee** of the insured arising out of and in the course of:

(a)  Employment by the insured; or

(b)  Performing duties related to the conduct of the insured's business; or

(2)  The spouse, child, parent, brother or sister of that **employee** as a consequence of Paragraph (1) above.

3.

**Exhibit No. A-5**

**Page 30**

This exclusion applies:

    (a)  Whether the insured may be liable as an employer or in any other capacity; and

    (b)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an **insured contract**.

f.   Pollution

This insurance does not apply to **Bodily Injury** or **Property Damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acid, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, but this exclusion does not apply if such discharge, dispersal, release or escape meets **all** five of the following conditions:

    (1)  the discharge, dispersal, release or escape must be neither expected nor intended by the Insured, and

    (2)  the beginning of the discharge, dispersal, release or escape must take place during the policy period, and

    (3)  the discharge, dispersal , release or escape must be physically evident to the Insured or other parties within hours of the beginning of the discharge, dispersal, release or escape, and

    (4)  the initial Bodily Injury or Property Damage caused by the discharge, dispersal, release or escape must be ensue within 72 hours of the beginning of the discharge, dispersal, release or escape.

    (5)  Notwithstanding anything to the contrary in condition 4, Insured's duties in the event of occurrence, claim or lawsuit, or any other policy conditions, all claims made against the Insured under this coverage must be reported to the company as soon as practicable but not later than 30 days after termination of the policy.

**The term release includes, but is not limited to any of the following: spilling, leaking, pumping, pouring, emitting, emptying, injection, dumping or disposing.**

If the **Insured** and the company should disagree with regard to when a discharge, dispersal, release or escape begins or becomes evident, the burden of proving that all 5 enumerated conditions are met rests with the **Insured**, at the **Insured's** own expense. Until such proof is accepted by the company, the company may, but not obligated to, defend any claim.

g.   Aircraft, **Auto** or Watercraft

**Bodily injury** or **property damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and **loading or unloading.**

This exclusion does not apply to:

    (1)  A watercraft while ashore on premises **you** own or rent;

    (2)  A watercraft **you** do not own that is:

        (a)  Less than 50 feet long; and

        (b)  Not being used to carry persons or property for a charge;

    (3)  Parking an **auto** on, or on the ways next to, premises **you** own or rent, provided the **auto** is not owned by or rented or loaned to **you** or the insured;

    (4)  Liability assumed under any **insured contract** for the ownership, maintenance or use of aircraft or watercraft; or

4

      (5) **Bodily injury** or **property damage** arising out of the operation of any of the equipment listed in Paragraph f.(2) of.(3) of the definition of **mobile equipment**.

  h.  **Mobile equipment**

      **Bodily injury** or **property damage** arising out of:

      (1) The transportation of mobile equipment by an auto owned or operated by or rented or loaned to any insured; or

      (2) The use of **mobile equipment** in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition, or stunting activity.

  i.  War

      **Bodily injury** or **property damage** due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, invasion, act of foreign enemy, civil commotion, factional civil commotion, **terrorism**, military or usurped power, rebellion or revolution.

  j.  Damage to Property

      **Property damage** to:

      (1) Property **you** own, rent, or occupy;

      (2) Premises **you** sell, give away or abandon, if the **property damage** arises out of any part of those premises;

      (3) Property loaned to you;

      (4) Personal property in the care, custody or control of the insured;

      (5) That particular part of real property on which **you** or any contractors or subcontractors working directly or indirectly on **your** behalf are performing operations, if the **property damage** arises out of those operations; or

      (6) That particular part of any property that must be restored, repaired or replaced because **your work** was incorrectly performed on it.

      Paragraphs (1), (3) and (4) of this exclusion do not apply to **property damage** (other than damage by fire) to premises, including the contents of such premises, rented to **you** for a period of seven or fewer consecutive days. A separate limit of insurance applies to Damage to Premises Rented to **You** as described in Section III - Limits of Insurance.

      Paragraph (2) of this exclusion does not apply if the premises are **your work** and were never occupied, rented or held for rental by **you**.

      Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

      Paragraph (6) of this exclusion does not apply to **property damage** included in the **products-completed operations hazard**.

  k.  Damage to **Your product**

      **Property damage** to **your product** arising out of it or any part of it.

  l.  Damage to **Your work**

      **Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard**.

5

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor.

m. Damage to **Impaired Property** or Property Not Physically Injured

   **Property damage** to **impaired property** or property that has not been physically injured, arising out of:

   (1) A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**; or

   (2) A delay or failure by **you** or anyone acting on **your** behalf to perform a contract or agreement in accordance with its terms.

   This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

n. Recall of Products, Work or **Impaired Property**

   Damages claimed for any loss, cost or expense incurred by **you** or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

   (1) **Your product**;

   (2) **Your work**; or

   (3) **Impaired property**;

   if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

   Exclusions c. through n. do not apply to damage by fire to premises while rented to **you** or temporarily occupied by **you** with permission of the owner. A separate limit of insurance applies to this coverage as described in Section III - Limits Of Insurance.

o. Employment Related Practices

   **Bodily injury** arising out of any:

   (1) refusal to employ;

   (2) termination of employment;

   (3) coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions; or

   (4) consequential **bodily injury** as a result of (1) through (3) above.

   This exclusion applies whether the **insured** may be held liable as an employer or in any other capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

p. **Personal and advertising injury**

   **Bodily injury** arising out of **personal and advertising injury**.

q. Asbestos

   **Property damage** or **bodily injury**, arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos products, asbestos fibers or asbestos dust, or to any obligation of the insured to indemnify any party because of damages arising out of such **property damage** or **bodily injury** as a result of manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos products, asbestos fibers or asbestos dust.

6

COVERAGE B **PERSONAL AND ADVERTISING INJURY** LIABILITY

**1. Insuring Agreement**

    a.  **We** will pay those sums that the insured becomes legally obligated to pay as damages because of **personal and advertising injury** to which this insurance applies. **We** will have the right and duty to defend the insured against any **suit** seeking those damages. However, **we** will have no duty to defend the insured against any **suit** seeking damages for **personal and advertising injury** to which this insurance does not apply. **We** may, at **our** discretion, investigate any offense and settle any claim or **suit** that may result. But:

        (1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

        (2)  **Our** right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

    b.  This insurance applies to **personal and advertising injury** caused by an offense arising out of **your** business, but only if the offense was committed in the **coverage territory** during the policy period.

**2. Exclusions**

    This insurance does not apply to:

    a.  **Personal and advertising injury:**

        (1)  Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict **personal and advertising injury;**

        (2)  Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

        (3)  Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

        (4)  Arising out of a criminal act committed by or at the direction of any insured;

        (5)  Arising out of any refusal to employ; termination of employment; coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination, or other employment-related practices, policies, acts or omissions; or consequential **personal injury** as a result of any of the above;

        (6)  For which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement;

        (7)  Arising out of a breach of contract, except an implied contract to use another's advertising idea in **your advertisement;**

        (8)  Arising out of the failure of goods, products or services to conform with any statement of quality or performance made in **your advertisement;**

        (9)  Arising out of the wrong description of the price of goods, products or services stated in **your advertisement;**

        (10)Committed by an insured whose business is advertising, broadcasting, publishing or telecasting. However, this exclusion does not apply to Paragraphs 15.a., b. and c. of **personal and advertising injury** under the Definitions Section;

        (11)Arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time; or

7

(12) Arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos products, asbestos fibers or asbestos dust, or to any obligation of the insured to indemnify any party because of damages arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos products, asbestos fibers or asbestos dust.

b. **Any loss, cost or expense arising out of any:**

(1) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, **pollutants**; or

(2) Claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, **pollutants**.

COVERAGE C **MEDICAL PAYMENTS**

1. **Insuring Agreement**

a. **We** will pay medical expenses as described below for **bodily injury** caused by an accident:

(1) On premises **you** own or rent;

(2) On ways next to premises **you** own or rent; or

(3) Because of **your** operations;

provided that:

(1) The accident takes place in the **coverage territory** and during the policy period;

(2) The expenses are incurred and reported to **us** within one year of the date of the accident; and

(3) The injured person submits to examination, at **our** expense, by physicians of **our** choice as often as **we** reasonably require.

b. **We** will make these payments regardless of fault.   These payments will not exceed the applicable limit of insurance.  **We** will pay reasonable expenses for:

(1) First aid administered at the time of an accident;

(2) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and

(3) Necessary ambulance, hospital, professional nursing and funeral services.

2. **Exclusions**

**We** will not pay expenses for **bodily injury**:

a. To any insured.

b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

c. To a person injured on that part of premises **you** own or rent that the person normally occupies.

d. To a person, whether or not an **employee** of any insured, if benefits for the **bodily injury** are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

8

**Page 35**

    e.  To a person injured while taking part in athletics.

    f.  Included within the **products-completed operations hazard**.

    g.  Excluded under Coverage A.

    h.  Due to war, whether or not declared, or any act or condition incident to war.  War includes civil war, insurrection, invasion, act of foreign enemy, civil commotion, factional civil commotion, **terrorism**, military or usurped power, rebellion or revolution.

**SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**

1.  **We** will pay, with respect to any claim **we** investigate or settle or any **suit** against an insured **we** defend:

    a.  All expenses **we** incur.

    b.  Up to SR 937.5 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the **Bodily Injury** Liability Coverage applies. **We** do not have to furnish these bonds.

    c.  The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance, **We** do not have to furnish these bonds.

    d.  All reasonable expenses incurred by the insured at **our** request to assist **us** in the investigation or defense of the claim or **suit**, including actual loss of earnings up to SR 937.5  a day because of time off from work.

    e.  All costs taxed against the insured in the **suit**.

    f.  Prejudgment interest awarded against the insured on that part of the judgment **we** pay.  If **we** make an offer to pay the applicable limit of insurance, **we** will not pay any prejudgment interest based on that period of time after the offer.

    g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before **we** have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

2.  If **we** defend an insured against a **suit** and an indemnitee of the insured is also named as a party to the **suit**, **we** will defend that indemnitee if all of the following conditions are met:

    a.  The **suit** against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an **insured contract**;

    b.  This insurance applies to such liability assumed by the insured;

    c.  The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same **insured contract**;

    d.  The allegations in the **suit** and the information **we** know about the **occurrence** are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

    e.  The indemnitee and the insured ask **us** to conduct and control the defense of that indemnitee against such **suit** and agree that **we** can assign the same counsel to defend the insured and the indemnitee; and

    f.  The indemnitee:

        (1) Agrees in writing to:

            (a) Cooperate with **us** in the investigation, settlement or defense of the **suit**;

9

    (b) Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the **suit**;

    (c) Notify any other insurer whose coverage is available to the indemnitee; and

    (d) Cooperate with **us** with respect to coordinating other applicable insurance available to the Indemnitee;

and

(2) Provides **us** with written authorization to:

    (a) Obtain records and other information related to the suit; and

    (b) Conduct and control the defense of the indemnitee in such suit.

So long as the above conditions are met, attorneys' fees incurred by **us** in the defense of that indemnitee, necessary litigation expenses incurred by **us** and necessary litigation expenses incurred by the indemnitee at **our** request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph 2.b.(2) of Section I - Coverage A - **Bodily injury** And **Property damage** Liability, such payments will not be deemed to be damages for **bodily injury** and **property damage** and will not reduce the limits of insurance.

**Our** obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

    (a) **We** have used up the applicable limit of insurance in the payment of judgments or settlements; or

    (b) The conditions set forth above, or the terms of the agreement described in Paragraph f. above, are no longer met.

## SECTION II - WHO IS AN INSURED

1. If **you** are designated in the schedule as:

    a. An individual, **you** and **your** spouse are insureds, but only with respect to the conduct of a business of which **you** are the sole owner.

    b. A partnership or joint venture, **you** are an insured. **Your** members, **your** partners, and their spouses are also insureds, but only with respect to the conduct of **your** business.

    c. A limited liability company, **you** are an insured. **Your** members are also insureds, but only with respect to the conduct of **your** business. **Your** managers are insureds, but only with respect to their duties as **your** managers.

    d. An organization other than a partnership, joint venture or limited liability company, **you** are an insured. **Your** **executive officers** and directors are insureds, but only with respect to their duties as **your** officers or directors. **Your** stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

    a. **Your employees**, other than either **your executive officers** (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business. However, none of these **employees** is an insured for:

        (1) **Bodily injury** or **personal and advertising injury**:

            (a) To you, to **your** partners or members (if **you** are a partnership or joint venture), to **your** members (if **you** are a limited liability company), or to a co-**employee** while that co-**employee** is either in the course of his or her employment or while performing duties related to the conduct of **your** business;

10

**Exhibit No. A-5**

**Page 37**

      (b) To the spouse, child, parent, brother or sister of that co-**employee** as a consequence of Paragraph (1) (a) above;

      (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1) (a) or (b) above; or

      (d) Arising out of his or her providing or failing to provide professional health care services.

  (2) **Property damage** to property:

      (a) Owned, occupied or used by,

      (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of **your employees**, any partner or member (if **you** are a partnership or joint venture), or any member (if **you** are a limited liability company).

b.  Any person (other than **your employee**) or any organization while acting as **your** real estate manager.

c.  Any person or organization having proper temporary custody of **your** property if **you** die, but only:

  (1) With respect to liability arising out of the maintenance or use of that property; and

  (2) Until **your** legal representative has been appointed.

d.  **Your** legal representative if **you** die, but only with respect to duties as such.  That representative will have all **your** rights and duties under this Coverage Part.

3.  With respect to **mobile equipment** registered in **your** name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with **your** permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a.  **Bodily injury** to a co-**employee** of the person driving the equipment; or

b.  **Property damage** to property owned by, rented to, in the charge of or occupied by **you** or the employer of any person who is an insured under this provision.

4.  Any organization **you** newly acquire or form, other than a partnership, joint venture or limited liability company, and over which **you** maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization.  However:

a.  Coverage under this provision is afforded only until the 90th day after **you** acquire or form the organization or the end of the policy period, whichever is earlier;

b.  Coverage A does not apply to **bodily injury** or **property damage** that occurred before **you** acquired or formed the organization; and

c.  Coverage B does not apply to **personal and advertising injury** arising out of an offense committed before **you** acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the schedule.

11

**SECTION III - LIMITS OF INSURANCE**

1. The Limits of Insurance shown in the schedule and the rules below fix the most **we** will pay regardless of the number of:

   a. Insureds;

   b. Claims made or **suits** brought; or

   c. Persons or organizations making claims or bringing **suits**.

2. The General Aggregate Limit is the most **we** will pay for the sum of:

   a. Medical expenses under Coverage C;

   b. Damages under Coverage A, except damages because of **bodily injury** or **property damage** included in the **products-completed operations hazard**; and

   c. Damages under Coverage B.

3. The Products-Completed Operations Aggregate Limit is the most **we** will pay under Coverage A for damages because of **bodily injury** and **property damage** included in the **products-completed operations hazard**.

4. Subject to 2. above, the **Personal and Advertising Injury** Limit is the most **we** will pay under Coverage B for the sum of all damages because of all **personal and advertising injury** sustained by any one person or organization.

5. Subject to 2. or 3. above, whichever applies, the Each **Occurrence** Limit is the most **we** will pay for the sum of:

   a. Damages under Coverage A; and

   b. Medical expenses under Coverage C

   because of all **bodily injury** and **property damage** arising out of any one **occurrence**.

6. Subject to 5. above, the Damage To Premises Rented To **You** Limit is the most **we** will pay under Coverage A for damages because of **property damage** to any one premises, while rented to you, or in the case of damage by fire, while rented to **you** or temporarily occupied by **you** with permission of the owner.

7. Subject to 5. above, the Medical Expense Limit is the most **we** will pay under Coverage C for all medical expenses because of **bodily injury** sustained by any one person.

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

1. **Bankruptcy**

   Bankruptcy or insolvency of the insured or of the insured's estate will not relieve **us** of **our** obligations under this Coverage Part.

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. **You** must see to it that **we** are notified as soon as practicable of an **occurrence** or offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the **occurrence** or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

12

(3) The nature and location of any injury or damage arising out of the **occurrence** or offense.

Notice of an **occurrence** or offense is not notice of a claim.

b.   If a claim is received by any insured, **you** must:

(1)   Immediately record the specifics of the claim and the date received; and

(2)   Notify **us** as soon as practicable.

**You** must see to it that **we** receive written notice of the claim as soon as practicable.

c.   **You** and any other involved insured must:

(1)   Immediately send **us** copies of any demands, notices, summonses or legal papers received in connection with the claim or a **suit**;

(2)   Authorize **us** to obtain records and other information;

(3)   Cooperate with **us** in the investigation or settlement of the claim or defense against the **suit**; and

(4)   Assist **us**, upon **our** request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.   No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without **our** consent.

**3.   Legal Action Against Us**

No person or organization has a right under this Coverage Part:

a.   To join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an insured; or

b.   To sue **us** on this Coverage Part unless all of its terms have been fully complied with.

A person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance.  An agreed settlement means a settlement and release of liability signed by **us**, the insured and the claimant or the claimant's legal representative.

**4.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss **we** cover under Coverages A or B of this Coverage Part, **our** obligations are limited as follows:

a.   Primary Insurance

This insurance is primary except when b. below applies.  If this insurance is primary, **our** obligations are not affected unless any of the other insurance is also primary.  Then, **we** will share with all that other insurance by the method described in c. below.

b.   Excess Insurance

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a) That is effective prior to the beginning of the policy period shown in the schedule of this insurance and applies to **bodily injury** or property damage on other than a claims-made basis, if:

13

**Exhibit No. A-5**

**Page 40**

      (i)   No Retroactive Date is shown in the schedule of this insurance; or

      (ii)  The other insurance has a policy period which continues after the Retroactive Date shown in the schedule of this insurance;

   (b)  That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for **your work**;

   (c)  That is Fire insurance for premises rented to **you** or temporarily occupied by **you** with permission of the owner;

   (d)  That is insurance purchased by **you** to cover **your** liability as a tenant for **property damage** to premises rented to **you** or temporarily occupied by **you** with permission of the owner; or

   (e)  If the loss arises out of the maintenance or use of aircraft, **autos** or watercraft to the extent not subject to Exclusion g. of Section I - Coverage A **Bodily injury** And Property Damage Liability.

(2)  Any other primary insurance available to **you** covering liability for damages arising out of the premises or operations for which **you** have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, **we** will have no duty under Coverages A or B to defend **you** against any **suit** if any other insurer has a duty to defend **you** against that **suit**. If no other insurer defends, **we** will undertake to do so, but **we** will be entitled to **your** rights against all those other insurers.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the loss, if any, that exceeds the sum of:

(1)  The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2)  The total of all deductible and self-insured amounts under all that other insurance.

**We** will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the schedule of this Coverage Part.

c.  Method of Sharing

If all of the other insurance permits contribution by equal shares, **we** will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

If **our** policy and any of the other insurance or **your** self-insurance plan in any of the countries shown in the schedule of this Coverage Part cover a loss on the same basis, then **our** policy is excess and will apply as in b. above. If any aggregate limits of **our** policy are exhausted, **you** will reimburse **us** within 30 days of **our** demand for losses or expenses **we** incur under any local policies **we** have issued to **you**.

d.  Program Coordination.

All payments made under any **local underlying policy** will reduce the Limits of Insurance of this policy. **You** agree to reimburse **us** within 30 days of **our** request for any payment **we** make under this policy or under any **local underlying policy** after the applicable aggregate stated in the schedule of this policy is exhausted. The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the schedule, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

14

5. **Premium Audit**

    a.  **We** will compute all premiums for this Coverage Part in accordance with **our** rules and rates.

    b.  Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period **we** will compute the earned premium for that period. Audit premiums are due and payable on notice to the first Named Insured. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, **we** will return the excess to the first Named Insured.

    c.  The first Named Insured must keep records of the information **we** need for premium computation, and send **us** copies at such times as **we** may request.

6. **Representations**

By accepting this policy, **you** agree:

    a.  The statements in the schedule are accurate and complete;

    b.  Those statements are based upon representations **you** made to **us**; and

    c.  **We** have issued this policy in reliance upon **your** representations.

7. **Separation of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

    a.  As if each Named Insured were the only Named Insured; and

    b.  Separately to each insured against whom claim is made or **suit** is brought.

8. **Transfer of Rights of Recovery Against Others to Us**

If the insured has rights to recover all or part of any payment **we** have made under this Coverage Part, those rights are transferred to **us**. The insured must do nothing after loss to impair them. At **our** request, the insured will bring **suit** or transfer those rights to **us** and help **us** enforce them.

9. **When We Do Not Renew**

If **we** decide not to renew this Coverage Part, **we** will mail or deliver to the first Named Insured shown in the schedule written notice of the nonrenewal not less than 30 days before the expiration date.

If notice is mailed, proof of mailing will be sufficient proof of notice.

10. **Cancellation**

    a.  The first Named Insured shown in the schedule may cancel this policy by mailing or delivering to us advance written notice of cancellation.

    b.  **We** may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
        (1)  30 days before the effective date of cancellation if **we** cancel for non-payment of premium; or
        (2)  60 days before the effective date of cancellation if **we** cancel for any other reason.

    The reasons for which the company may cancel are mentioned in Appendix 2 of the policy.

    c.  **We** will mail or deliver our notice to the first Named Insured's last mailing address known to us.

    d.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

15

e.  If this policy is canceled, **we** will send the first Named Insured any premium refund due. If **we** cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata on a short rate basis. If the first Named Insured cancels and the Total Advance Program Premium is indicated as a minimum premium, no refund will be made. The cancellation will be effective even if **we** have not made or offered a refund.

f.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**11. Changes**

This policy contains all the agreements between **you** and **us** concerning the insurance afforded. The first Named Insured shown in the schedule is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by **us** and made a part of this policy.

**12. Examination of Your Books and Records**

**We** may examine and audit **your** books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**13. Inspections and Surveys**

a.  **We** have the right to:

(1)  make inspections and surveys at any time;

(2)  give **you** reports on the conditions **we** find; and

(3)  recommend changes.

b.  We are not obligated to make any inspections, surveys, reports or recommendations, and such actions **we** do make relate only to insurability and the premiums to be charged. **We** do not make safety inspections. **We** do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And, **we** do not warrant that conditions:

(1)  are safe or healthful; or
(2)  comply with laws, regulations, codes or standards.

d.  Paragraphs a. and b. of this condition apply not only to **us**, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

e.  Paragraph b. of this condition does not apply to any inspections, surveys, reports or recommendations **we** may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

**14. Premiums**

The first Named Insured shown in the schedule:

a.  is responsible for the payment of all premiums; and

b.  will be the payee for any return premiums we pay.

**15. Transfer of Your Rights and Duties Under This Policy**

**Your** rights and duties under this policy may not be transferred without **our** written consent except in the case of death of an individual Named Insured.

If **you** die, your rights and duties will be transferred to **your** legal representative, but only while acting within the scope of duties as **your** legal representative. Until **your** legal representative is appointed, anyone having proper temporary custody of **your** property will have **your** right and duties, but only with respect to that property.

16

**Exhibit No. A-5**
**Page 43**

**16. Surplus Distribution & Participation:**

10% of the net surplus arising from insurance operations shall be distributed to the policyholders directly or in the form of reduction in premiums for the next year. The remaining 90% of the net surplus shall be transferred to the shareholders' income statement. The amount, time and manner of and eligibility to such distribution are subject to Article 70 of SAMA's regulation.

**17. Renewal Guidance**

The Insurer will approach you ahead of the policy renewal date to renew this policy. The Renewal terms offered by the insurer will form the basis of the contract for the renewal period and both the insured and the insurer have a choice to either continue or discontinue the policy from the renewal date. As an insured, it is advisable that you arrange for the renewal insurance premium at that time to avoid any break in insurance protection.

**18. Arbitration & Governing Law**

If any difference shall arise as to the amount to be paid under this Policy (liability being otherwise admitted) which cannot be resolved by agreement between the insurer and the policyholder within sixty (60) days from the date of written notice of such dispute shall be referred to arbitration in the Kingdom of Saudi Arabia. This Policy is governed by the laws of the Kingdom of Saudi Arabia. The policy is ultimately subject to the jurisdiction of Saudi Arabian Committees for Resolution of Insurance Disputes and Violations. The making of an award shall be a condition precedent to any right of action against the Company.

**SECTION V - DEFINITIONS**

1. *Advertisement* **means a notice that is broadcast or published to the general public or specific market segments about** *your* **goods, products or services for the purpose of attracting customers or supporters.**

2. **Auto** means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But **auto** does not include **mobile equipment**.

3. **Bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from any of these at any time.

4. **Coverage territory** means anywhere in the world, including International waters or airspace, but excluding:

   a. The United States of America, (including its territories and possessions), Puerto Rico and Canada; and

   b. those countries against which The Office of Foreign Assets Control of the U.S. Department of the Treasury administers and enforces economic and trade sanctions in effect at the time of an **occurrence**.

5. **Employee** includes a **leased worker**. **Employee** does not include a **temporary worker**.

6. **Executive officer** means a person holding any of the officer positions created by **your** charter, constitution, by-laws or any other similar governing document.

7. **Hostile fire** means one which becomes uncontrollable or breaks out from where it was intended to be.

8. **Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

   a. It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. **You** have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

      a. The repair, replacement, adjustment or removal of **your product** or **your work**; or

17

      b.     **Your** fulfilling the terms of the contract or agreement.

9.  **Insured contract** means:

    a.  A contract for a lease of premises.  However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to **you** or temporarily occupied by **you** with permission of the owner is not an **insured contract**;

    b.  A sidetrack agreement;

    c.  Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    d.  An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    e.  An elevator maintenance agreement;

    f.  That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the tort liability of another party to pay for **bodily injury** or **property damage** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

    Paragraph f. does not include that part of any contract or agreement:

    (1)  That indemnifies a railroad for **bodily injury** or **property damage** arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

    (2)  That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        (a)  Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        (b)  Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

    (3)  Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

10.  **Leased worker** means a person leased to **you** by a labor-leasing firm under an agreement between **you** and the labor-leasing firm, to perform duties related to the conduct of **your** business. **Leased worker** does not include a **temporary worker**.

11.  **Loading or unloading** means the handling of property:

    a.  After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or **auto**;

    b.  While it is in or on an aircraft, watercraft or **auto**; or

    c.  While it is being moved from an aircraft, watercraft or **auto** to the place where it is finally delivered;

    but **loading or unloading** does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or **auto**.

12.  **Local underlying policy** means a primary policy effective on or after the inception of this policy which has been issued at **our** direction or coordinated by **us** specifically for this insurance program.

13.  **Mobile equipment** means any of the following types of land vehicles, including any attached machinery or equipment:

18

    a.  Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

    b.  Vehicles maintained for use solely on or next to premises **you** own or rent;

    c.  Vehicles that travel on crawler treads;

    d.  Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

        (1)  Power cranes, shovels, loaders, diggers or drills; or

        (2)  Road construction or resurfacing equipment such as graders, scrapers or rollers;

    e.  Vehicles not described in a, b, c. or d. above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

        (1)  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

        (2)  Cherry pickers and similar devices used to raise or lower workers;

    f.  Vehicles not described in a., b, c. or d. above maintained primarily for purposes other than the transportation of persons or cargo.

    However, self-propelled vehicles with the following types of permanently attached equipment are not **mobile equipment** but will be considered **autos**:

        (1)  Equipment designed primarily for:

            (a)  Snow removal;

            (b)  Road maintenance, but not construction or resurfacing; or

            (c)  Street cleaning;

        (2)  Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

        (3)  Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

14.  **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15.  **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

    a.  False arrest, detention or imprisonment;

    b.  Malicious prosecution;

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication of material that violates a person's right of privacy;

    f.  The use of another's advertising idea in **your advertisement**; or

19

g.  Infringing upon another's copyright, trade dress or slogan in **your advertisement**.

16. **Pollutants** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled,

17. **Products-completed operations hazard**:

   a.  Includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

   (1)  Products that are still in your physical possession; or

   (2)  Work that has not yet been completed or abandoned.  However, your work will be deemed completed at the earliest of the following times:

   (a)  When all of the work called for in **your** contract has been completed.
   (b)  When all of the work to be done at the job site has been completed if **your** contract calls for work at more than one job site.
   (c)  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   (3)  Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   b.  Does not include bodily injury or property damage arising out of:

   (1)  The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the loading or unloading of that vehicle by any insured;

   (2)  The existence of tools, uninstalled equipment or abandoned or unused materials; or

   (3)  Products or operations for which the classification, listed in the policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

18. **Property damage** means:

   a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the **occurrence** that caused it.

19. **Suit** means a civil proceeding in which damages because of **bodily injury**, property damage or **personal and advertising injury** to which this insurance applies are alleged. **Suit** includes:

   a.  An arbitration proceeding in which such damages claimed and to which the insured must submit or does submit with **our** consent; or

   b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with **our** consent.

20. **Temporary worker** means a person who is furnished to you to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

20

**Exhibit No. A-5**
**Page 47**

20. **Terrorism** means the unlawful use of violence against persons or property to further political objectives, and which is intended to intimidate or coerce a government, individuals or persons to modify their behavior or policies, or an act which is verified by the United States Department of State as an act of **terrorism**. **Terrorism** does not include:

   a. Any act of violence directed at a specific individual or individuals which is motivated by personal reasons specific to the parties, i. e., robbery, crime of passion, murder; or

   b. Any act of war or civil war.

21. **Your product** means:

   a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (1) You;

      (2) Others trading under **your** name; or

      (3) A person or organization whose business or assets **you** have acquired; and

   b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   **Your product** includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your product**; and

   b. The providing of or failure to provide warnings or instructions.

   **Your product** does not include vending machines or other property rented to or located for the use of others but not sold.

23. **Your work** means:

   a. Work or operations performed by **you** or on **your** behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

   **Your work** includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **your work**; and

   b. The providing of or failure to provide warnings or instructions.

Should you feel that you have been unfairly treated or wish to complain regarding your policy, the following contact details may be utilized to put forward your grievances:

Customer Service Group
**MetLife - AIG - ANB Cooperative Insurance Company**
Al-Munajem Tower - King Fahad Road - Olaya District
P.O. Box: 56437, Riyadh 11554
Kingdom of Saudi Arabia
Tel.: +966 (11) 5109300
Fax: +966 (11) 5109396
Email: Customerservices@metlifeaiganb.com

21

**Exhibit No. A-5**
**Page 48**

**APPENDIX 1 - SHORT RATE TABLE**

The Short Period Premium Computation / Refund Premium will be computed as below.

(a) Refund Premium is subject to no 'non-recoverable', paid, outstanding claims only.
(b) Short Period Computation as follows, when cancellation up on the client's request:

| Short Period Cancellation | | |
|---|---|---|
| | Covered Period | Refund Premium Rate ( of the charged Premium ) |
| 1 | Up to 7 days | 87.50% |
| 2 | 8 days -30 days | 75.00% |
| 3 | 31 days - 60 days | 62.50% |
| 4 | 61 days - 90 days | 50.00% |
| 5 | 91 days - 120 days | 37.50% |
| 6 | 121 days - 180 days | 25.00% |
| 7 | 181 days - 240 days | 12.50% |
| 8 | 241+ days | 0.00% |

**APPENDIX 2 – REASONS FOR WHICH COMPANY MAY CANCEL**

a) Any non-disclosure, misrepresentation of any material fact by the insured, in respect of this insurance. (A material fact is one which affects the judgment of the Insurer in deciding whether to accept a risk and on what terms. For an existing insurance, it affects their judgment as to whether to continue to insure the risk and on what terms).
b) Any non-observance of the terms of this insurance contract by the insured.
c) Non-payment of premium by the insured on due dates agreed.
d) Any alterations effected by the insured, which adversely changes the profile of the risk insured
e) Fraudulent claims lodged by the insured
f) Non-cooperation of the insured, with Insurers / their representatives / loss adjusters / investigators either in respect of any claim or otherwise.
g) When the Insured is not allowed to operate by any Government authorities, or when the premises where the insured items are kept, are declared unsafe for occupation by the authorities concerned, or when the insured's commercial license has been revoked.
h) Non-implementation of any Loss Minimisation / Risk Improvement suggestions made by the insurers.
However,
   I.   the insurers are not obliged to provide any notice of cancellation or return of premium, in respect of (e) above; and
   II.  in respect of (a) above, the insurers shall be entitled to deduct any expenses incurred by them towards the issuance of this policy, from such refund of premium payable upon cancellation

**Exhibit No. A-5**
**Page 49**

**APPENDIX 3 – OTHER DEFINITIONS / GLOSSARY**

"**Period of insurance**" means the period during which the insurance cover provided by this policy is      in effect as reflected in the Policy Schedule and the policy.

"**Deductible**" means the amount, which is borne by the insured for each and every damage / loss. The company's liability commences after using up the deductible.

"**Endorsement**" means a printed text issued by the company, whether at the commencement of cover or during the policy validity, for amending or adding or deleting coverage accorded under this policy.

**Applicable law:** In the absence of any written agreement to the contrary as mentioned in the policy schedule the law applicable to this contract will be Kingdom of Saudi Arabia law.

**Schedule:** This form part of the policy that details information provided to the Insured and forms the basis of the contract showing the coverage/s and limits selected.

**Jurisdiction and applicable laws:** Any dispute arising out of this policy shall be subject and governed by applicable laws and regulations of the Kingdom of Saudi Arabia, and the Insurance disputes committees stated in article (20) of the Cooperative Insurance Companies Control Law issued by royal decree No. (M/32) dated 02/06/1424H, shall be the only competent bodies to deal with such disputes.

**Territory:** The Territory is the Geographical Limit of coverage accorded by this policy as mentioned in the Policy Schedule. The Territory applicable is Saudi Arabia unless specified differently in the Policy Schedule.

In Witness Whereof, this policy has been signed at Riyadh, Kingdom of Saudi Arabia.

Dated: 14.11.2019

Authorized Representative
MetLife AIG - ANB Cooperative Insurance Company

23



*MetLife – AIG – ANB Cooperative Insurance Company*
*Al-Munajem Tower - King Fahad Road - Olaya District*
*P.O. Box: 56437, Riyadh 11554*
*Kingdom of Saudi Arabia*
*Tel.: +966 (11) 5109300  Fax: +966 (11) 5109396*
*Website: www.metlifeaiganb.com*
*For more information, please contact us at: info@metlifeaiganb.com*

**WATERCRAFT EXCLUSION ENDORSEMENT**
Subject always to the terms and conditions of the policy hereunder, underwriters hereby agree that the watercraft exclusion is deleted subject to watercraft associated with the project maintaining protection and indemnity (P&I) cover up to minimum of hull value. Including specialist operation cover.

This exclusion is subject to a minimum attachment of USD 25,000,000 any one occurrence.

**MOTOR VEHICLES**
Legal liability for owned, non-owned and hired motor vehicles for personal injury, death or property damage resulting from each occurrence in excess of statutory liability limits or USD 1,000,000 any one occurrence whichever is higher

**CROSS LIABILITY**
For the purpose of the indemnity granted by this section of this contract of insurance, claims made by any of the parties described as the insured against any other party so described shall be treated as though the party claiming was not named as the insured in this contract of insurance. Insurers waive all rights of subrogation that they may have, or acquire, against any of the said parties.

The insurers' total liability in respect of the insured parties shall not however exceed for any one occurrence the limit of indemnity stated in the risk details.

**MAINTENANCE PERIOD**
This section continues to insure the legal liability of the insured parties as defined in this section during the maintenance period stated in the risk details, but cover provided hereunder to the principal (unless specifically agreed in writing by the insurers)shall not extend to cover liability arising out of the operation of the project by the principal during the maintenance period.

**INDEMNITY TO OTHER PERSONS**
The liability of the insured (and the individual liability of officers, committees and member in their respective capacities) for canteens, social and sports or welfare organizations, or of first aid, fire or ambulance services provided in connection with the project, shall be indemnifiable hereunder. Such officers, committees and members shall, as though they were the insured, be subject to the terms of the contract of insurance, so far applicable.



Page **1** of **4**

**CONTRACTUAL LIABILITY**
Liability assumed by the insured under contract or agreement and which would not have attached in the absence of such contract or agreement shall be the subject to indemnity under this section only if the conduct and control of any claim so relating is vested in the insurers and subject to the terms of this contract of insurance

**INSTITUTE RADIOACTIVE CONTAMINATION, CHEMICAL, BIOLOGICAL, BIO-CHEMICAL AND ELECTROMAGNETIC WEAPONS EXCLUSION CLAUSE**
This clause shall be paramount and shall override anything contained in this policy inconsistent therewith.
In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from:

1. ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel
2. the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof
3. any weapon or device employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matte
4. the radioactive, toxic, explosive or other hazardous or contaminating properties of any radioactive matter. The exclusion in this sub-clause does not extend to radioactive isotopes, other than nuclear fuel, when such isotopes are being prepared, carried, stored, or used for commercial, agricultural, medical, scientific or other similar peaceful purposes
5. any chemical, biological, bio-chemical, or electromagnetic weapon

CL.370 (10/11/2003)

**INSTITUTE CYBER ATTACH EXCLUSION CLAUSE CL 380**
1.1 Subject only to clause 1.2 below, in no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to by or arising from the use or operation, as a means for inflicting harm, of any computer, computer system, computer software programme, malicious code, computer virus or process or any other electronic system.

1.2 Where this clause is endorsed on policies covering risks of war, civil war, revolution, rebellion, insurrection, or civil strife arising therefrom, or any hostile act by or against a belligerent power, or terrorism or any person acting from a political motive, clause 1.1 shall not operate to exclude losses (which would otherwise be covered) arising from the use of any computer, computer system or computer software programme or any other electronic system in the launch and/or guidance system and/or firing mechanism of any weapon or missile.

**LSW 3001 PREMIUM PAYMENT CLAUSE**
Notwithstanding any provision to the contrary within this contract or any endorsement hereto, in respect of non-payment of premium only the following clause will apply.

The (Re)Insured undertakes that premium will be paid in full to (Re)Insurers within 60 days of binding of this contract (or, in respect of instalment premiums, when due).

If the premium due under this contract has not been so paid to (Re)Insurers by the 60th day from binding of this contract (and, in respect of instalment premiums, by the date they are due) (Re)Insurers shall have the right to cancel this contract by notifying the (Re)Insured via the broker in writing. In the event of cancellation, premium is due to (Re)Insurers on a pro rata basis for the period that (Re)Insurers are on risk but the full contract premium shall be payable to (Re)Insurers in the event of a loss or occurrence prior to the date of termination which gives rise to a valid claim under this contract.

It is agreed that (Re)Insurers shall give not less than 15 days prior notice of cancellation to the (Re)Insured via the broker. If premium due is paid in full to (Re)Insurers before the notice period expires, notice of cancellation shall

Page **2** of **4**

Exhibit No. A-5
Page 52

automatically be revoked. If not, the contract shall automatically terminate at the end of the notice period.
If any provision of this clause is found by any court or administrative body of competent jurisdiction to be invalid or unenforceable, such invalidity or unenforceability will not affect the other provisions of this clause which will remain in full force and effect.

LSW 3001 30/9/08


**SANCTION LIMITATION AND EXCLUSION CLAUSE**
No (re)insurer shall be deemed to provide cover and no (re)insurer shall be liable to pay any claim or provide any benefit hereunder to the extent that the provision of such cover, payment of such claim or provision of such benefit would expose that (re)insurer to any sanction, prohibition or restriction under United Nations resolutions or the trade or economic sanctions, laws or regulations of the European Union, United Kingdom or United States of America.
LMA3100
15 September 2010


**WAIVER OF SUBROGATION**
Underwriter agree to waive right of subrogation against any principal assured(s) and/or other assured(s). the assureds shall not grant any waiver of subrogation to drilling contractors and/or their sub-contractors without obtaining underwriters' agreement to a specific endorsement to this policy prior to the commencement of operations.


**WAR AND TERRORISM EXCLUSION ENDORSEMENT**
Notwithstanding any provision to the contrary within this insurance or any endorsement thereto it is agreed that this insurance excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any of the following regardless of any other cause or event contributing concurrently or in any other sequence to the loss;

(1)      war, invasion, acts of foreign enemies, hostilities or warlike operations (whether war be declared or not), civil war, rebellion, revolution, insurrection, civil commotion assuming the proportions of or amounting to an uprising, military or usurped power; or

(2)      any act of terrorism.

For the purpose of this endorsement an act of terrorism means an act, including but not limited to the use of force or violence and/or the threat thereof, of any person or group(s) of persons, whether acting alone or on behalf of or in connection with any organisation(s) or government(s), committed for political, religious, ideological or similar purposes including the intention to influence any government and/or to put the public, or any section of the public, in fear.

This endorsement also excludes loss, damage, cost or expense of whatsoever nature directly or indirectly caused by, resulting from or in connection with any action taken in controlling, preventing, suppressing or in any way relating to (1) and/or (2) above.

If the Underwriters allege that by reason of this exclusion, any loss, damage, cost or expense is not covered by this insurance the burden of proving the contrary shall be upon the Assured.
In the event any portion of this endorsement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

Page **3** of **4**

**POLITICAL RISK EXCLUSION**

This policy does not insure loss or damage / bodily injury or death caused by or resulting from:

Confiscation, expropriation, nationalization, commandeering, requisition or destruction of or damage to property by order of the Government de jure or de facto or any public, municipal or local authority of the country or area in which the property is situated; seizure or destruction under quarantine or customs regulation.

All other terms, conditions and exclusions of this policy remain unchanged.

Dated: 14.11.2019

_____
Authorized Representative
**MetLife - AIG - ANB Cooperative Insurance Company**

Page **4** of **4**

| | |
|---|---|
| **From:** | Mark Mahfouz <MMahfouz@dynamicind.com> |
| **Sent:** | Wednesday, October 30, 2019 10:42 AM |
| **To:** | Parkash, Vivek |
| **Cc:** | Bonin, Theresa; Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh |
| **Subject:** | RE: Dynamic Industries - Berri Oil field Incident |

Vivek,

Please provide an update on when I can expect to receive the insurance policy no. and a copy of the policy.

A response would be appreciated.

Thank you,
Mark

---

**From:** Mark Mahfouz
**Sent:** Thursday, October 24, 2019 10:18 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Any update you can provide?  We have been requesting the relevant policy no., a copy of the policy, etc. for about five (5) weeks now …

Thank you,
Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Monday, October 21, 2019 9:51 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

I regret the delay and will discuss internally to whom to escalate because the things are not moving at satisfactory speed at current level.

Best Regards,
Vivek

**Exhibit No. A-6**
**Page 1**

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

> On Oct 21, 2019, at 5:48 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:
>
> Hello Vivek,
>
> Would you please provide an update to your email of six (6) days ago (below).  We have now been requesting the relevant policy no., a copy of the policy, etc. for over one (1) month.
>
> Thank you,
> Mark
>
> ---
>
> **From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
> **Sent:** Tuesday, October 15, 2019 7:29 PM
> **To:** Mark Mahfouz <MMahfouz@dynamicind.com>; Bonin, Theresa <Theresa.Bonin@marsh.com>
> **Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
> **Subject:** RE: Dynamic Industries - Berri Oil field Incident
>
> Mark,
>
> I am embarrassed to state that no confirmation on dates are provided yet though I have been following up on it to seek a timeframe if it will be received  in how many days. I will chase again and convey to you during the day.
>
> Best Regards,
> Vivek
>
> Mobile : +973 3991 5541 ; +966 53 946 0654 ;
> vivek.parkash@marsh.com
>
> ---
>
> **From:** Mark Mahfouz <MMahfouz@dynamicind.com>
> **Sent:** Tuesday, October 15, 2019 10:37 PM
> **To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
> **Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
> **Subject:** RE: Dynamic Industries - Berri Oil field Incident
>
> Vivek,
>
> Would you please provide an update to your email of a week ago.
>
> Mark

2

**Exhibit No. A-6**
**Page 2**

**From:** Mark Mahfouz
**Sent:** Friday, October 11, 2019 8:07 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hello Vivek,

Will you please provide an update as to when we will have the policy no., a copy of the policy in hand, etc.?

Thank you,
Mark

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Tuesday, October 8, 2019 5:05 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Thank you for the update Vivek.  Please understand it's not a matter of mistrust but we strive for contract certainty upon binding, which we cannot have without a detailed, written document.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh | Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, October 8, 2019 10:14 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Theresa ,

Though I don't have update from him but I trust him to get it done soon as he is the country placement leader and will ask him to get a date from the underwriter by when they can provide us the policy.

Best Regards,
Vivek

3

**Exhibit No. A-6**
**Page 3**

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, October 07, 2019 7:53 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;
Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Mark Mahfouz
<MMahfouz@dynamicind.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek, please provide the promised update.

Thanks.
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh| Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Friday, October 4, 2019 3:05 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Thanks, Vivek.  Please provide an update on Sunday or Monday (after you have communicated with
Mazahir Ali).

Best,
Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, October 4, 2019 3:02 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark,

I am depending on my colleague Mazahir Ali who heads placement for Marsh Saudi Arabia. He had
discussions with Metlife-ANB-AIG underwriter and I will seek update from him on Sunday on the timing
for the policy and if they have sent any draft to him.

**Exhibit No. A-6**
**Page 4**

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Friday, October 04, 2019 4:11 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Please provide an update on policy status (per my request below).

Have a nice weekend,
Mark

---

**From:** Mark Mahfouz
**Sent:** Tuesday, October 1, 2019 2:11 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hello Vivek –

Can you provide an update on the status of the requested local policy (with policy #) issued with DIC/DIL clauses to follow the Chubb reinsurance policy wordings from MetLife – AIG – ANB Cooperative Insurance Company.

Thank you,
Mark

---

**From:** Mark Mahfouz
**Sent:** Wednesday, September 25, 2019 2:00 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hello Vivek,

Thank you for your email.  I look forward to receiving the local policy issued with DIC/DIL clauses to follow the Chubb reinsurance policy wordings from MetLife – AIG – ANB Cooperative Insurance Company from you as soon as possible.

**Exhibit No. A-6**
**Page 5**

Regarding your question below, I have no additional information at this time to report.  As soon as I have additional information regarding the alleged damage to the Saudi Aramco cable, I will advise you/Marsh of same.

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, September 25, 2019 9:18 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark,

After our last week's emails , I had internal review to get the local policy issued with DIC/DIL clauses to follow the Chubb reinsurance policy wordings. Our placement team leader whose team placed the policy with Metlife-ANB-AIG is coordinating for this policy wording which I will share with you with their policy no.. Currently they have not assigned any policy no.

Meanwhile have you analyzed further in respect of the loss and whether we should get a loss adjuster appointed from Chubb. Await your advices.

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Tuesday, September 24, 2019 4:25 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hello Vivek,

Were you able to obtain the MetLife – AIG – ANB Cooperative Insurance Company policy number today?

Please advise.

Thanks,
Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, September 20, 2019 10:50 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

6

**Exhibit No. A-6**
**Page 6**

Theresa,

The standard policy wording with MetLife-ANB-AIG is normal third party liability wording for onshore risks which is not the exact form as issued by Chubb here.

The certificate of insurance issuance represents for 100%. It is acceptable by Saudi Aramco as evidence of local insurance.

The policy no. can be obtained next week. There is national holiday on Sunday and Monday, I will check it from insurer on Tue.


Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

On Sep 20, 2019, at 6:39 PM, Bonin, Theresa <Theresa.Bonin@marsh.com> wrote:

> Why was the **MetLife AIG ANB Cooperative Insurance Company** policy not issued?  The reinsurance policies do not provide 100% - only 87.5%.  The certificate shows policy number "TBA".  It seems important to us to have the actual policy and a policy number.
>
> **From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
> **Sent:** Friday, September 20, 2019 10:19 AM
> **To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
> **Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
> **Subject:** RE: Dynamic Industries - Berri Oil field Incident
>
> Theresa,
>
> The policy wordings is from page 36 to 60 of the Chubb signed slip cum wordings documents attached. Regarding the local policy wording, it was not issued but we had arranged a certificate of insurance as per second attachment.
>
> For interpretation of the policy wording  , please refer to the Chubb document as Chubb is the leader to decide about any claim under the policy.
>
> Please let us know if there is anything further we can do to assist on this claim.
>
> Best Regards,
> Vivek
>
> Mobile : +973 3991 5541 ; +966 53 946 0654 ;
> vivek.parkash@marsh.com

**Exhibit No. A-6**
**Page 7**

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Friday, September 20, 2019 2:45 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek

Thank you for your reply. Please send us the local policy today!  The client wants to review the policy before making claim.

T

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone: 504-571-2211 | Cell: 504-616-8248| Fax: 504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone

On Sep 19, 2019, at 7:59 PM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:

> Hi Mark,
>
> We will notify lead reinsurer Chubb Dubai for a potential insurance claim.
>
> 1) At the same time we request you to issue a letter to COOEC to hold them responsible for the potential claim and ask them to notify their insurers / subcontractors insurers- and preserve your rights of recovery should DISA
> be held responsible for this.
>
> 2) Please do not accept / admit any liability without approval from lead reinsurer i.e. Chubb Dubai.
>
> 3)  Please forward to us (for sending to Chubb) any letter , email etc you receive from Saudi Aramco holding DISA responsible for this incident.
>
> The above is what we can do as of now.
> When you get  more details please share with us.
>
> Best Regards,
> Vivek
>
> m: +97339915541 ; +966539460654
> email: vivek.parkash@marsh.com
> Sent from my iPhone
>
> On Sep 19, 2019, at 10:48 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

8

**Exhibit No. A-6**
**Page 8**

Hello Vivek,

Per Theresa's email below, below is all we know at this time:

Dynamic Industries Saudi Arabia Limited ("DISA") was notified by Saudi Aramco that physical damage was caused to a Saudi Aramco underwater "power cable" between BRRI TP-1 and BRRI TP-2 in the Saudi Aramco owned Berri offshore field (in the Kingdom of Saudi Arabia).  At this time, I do not have any further details regarding the cable type/location/identification/extent of damage which has already resulted/may result, etc.  While I understand that Saudi Aramco is still investigating the cause of the incident and has not issued its final determination, a DISA representative was verbally told that the damage may have been caused by the BE 806 (a vessel owned by China Ocean Engineering Shanghai Co. ("COOES") perming demolition work in the area of the cable).  COOES (and the BE 806) was at all relevant times working as a direct Sub-Subcontractor of DISA's main Subcontractor - Offshore Oil Engineering Co., Ltd. Saudi Arabia Branch ("COOEC").

I am attempting to gather additional information on the damaged cable and will advise you of same as I know more.  In the interim, please let me know if you require anything else at this time.

Regards,
Mark

**Mark Mahfouz | General Counsel**
Dynamic Energy Services International LLC
400 Poydras Street, Suite 1800
New Orleans, LA 70130
Direct: +1-504-684-2247 |Fax: +1-504-595-1044
Mobile: +1-504-451-7292
|Email: mmahfouz@dynesi.com

**CONFIDENTIALITY:** This e-mail and attachments may contain information which is confidential and proprietary to/for Dynamic Energy Services International LLC and or one of its subsidiary companies and may be subject to legal privileges or restrictions.  Disclosure or improper use of any such information without the written permission from Dynamic Energy Services International LLC or its subsidiary organization is strictly prohibited.  If you received this e-mail in error, please notify the sender via return e-mail and delete this e-mail from your system. Thank You.

9

**Exhibit No. A-6**
**Page 9**

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Thursday, September 19, 2019 2:18 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Mark
Mahfouz <MMahfouz@dynamicind.com>
**Subject:** Dynamic Industries - Berri Oil field Incident
**Importance:** High


Vivek,

Dynamic has an incident to report under the Third Party
Liability policy covering the Berri Oil field, involving
damage to an ARAMCO underwater cable.  Mark does
not have complete details at this time but is gathering
them and will send shortly.

In reviewing our files and emails we cannot locate a
copy of the **MetLife AIG ANB Cooperative Insurance
Company** policy, although we do have copies of the
reinsurance totaling 87.5%.  Please send us a copy of
that policy urgently and advise procedure for reporting
this incident.  We note that your email of January 17,
2017 advised that "In terms of claims, the local insurer
will follow lead reinsurer's decision."

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh | Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-
2219
theresa.bonin@marsh.com

---

*****************************************************************
******
This e-mail, including any attachments that accompany
it, may contain
information that is confidential or privileged. This e-mail
is
intended solely for the use of the individual(s) to whom it
was intended to be
addressed. If you have received this e-mail and are not
an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it
are prohibited.
If you have received this email in error, please

**Exhibit No. A-6**
**Page 10**

immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with
any of its attachments
from your computer or device.
*****************************************************************
******

---

*****************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
*****************************************************************

**Exhibit No. A-6**
**Page 11**

| | |
|---|---|
| **From:** | Parkash, Vivek <Vivek.Parkash@marsh.com> |
| **Sent:** | Wednesday, November 6, 2019 12:18 AM |
| **To:** | Bonin, Theresa |
| **Cc:** | Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh; Mark Mahfouz |
| **Subject:** | RE: Dynamic Industries - Berri Oil field Incident |

Hi Theresa,

The ANB-Metlife-AIG position on proposal form is inflexible though they did accept to be on cover In Jan 2017 when the cover was bound and incepted.  This, according to them, is the regulatory requirement to have on file to issue any policy by their company. I can do as you suggested and let you know the response but it was already rejected once by them.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Wednesday, November 06, 2019 1:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Mark is issuing the BOR and we will forward upon receipt.

With respect to the Proposal Form, ANB issued the attached COI confirming that they were on risk as of 12 January 2017 and your email of 26 January 2017, copy attached, also confirmed 100% cover placed.  The client should not need to submit any additional information at this time.

<div align="center">1</div>

<div align="right">

**Exhibit No. A-7**

**Page 1**

</div>

Alternatively, we request that ANB issue the policy upon submission of an unsigned application or one signed by you instead of Dynamic. In that case, we would request that you complete the application and we note that the zip file is incomplete as it does not include all information submitted including the contract. The placement was not handled by Mark, but Roberto Rodriguez who is no longer with Dynamic so Mark is not able to attest to the Declaration required in the Proposal Form.

We await your prompt response and the policy.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh| Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 5, 2019 9:46 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected to proceed to issue the policy wordings citing non-submission of regulatory documents. After a lengthy meeting , the following points agreed based on which ANB will issue the policy :

1. BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2. Filled in Proposal Form to be provided
3. VAT of 5%  will be payable on the premium

While Marsh Saudi Arabia  is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted.  I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |

Exhibit No. A-7
Page 2

Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / و س ط / ش

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident


Thanks you for the update. We look forward to receiving the policy.


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Nov 4, 2019, at 4:51 AM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:


Hi Theresa and Mark,

The update is overdue from my side and apologies for that as I did not want to simply write that it is under process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with Talal, Chief Marketing Officer who manages relation with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on the policy document issuance.  The file has been reviewed by their reinsurance manager  and as of this week the main direct insurance underwriter has been asked to list out his requirements that will enable him to issue the policy wordings.

**Timeline:**
Though it is not yet committed by the insurance company but based on the requirements ( to be listed if any) , we are pushing it to be given to us this week and if the requirements are already available with us

3

**Exhibit No. A-7**
**Page 3**

then we will provide the documents to the underwriter same day or next day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek

Can you please provide an update on the status of this repeated request?

Thank you.
Theresa


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Oct 30, 2019, at 10:42 AM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

**Exhibit No. A-7**
**Page 4**

**Balart, Etienne**

| | |
|---|---|
| **From:** | Parkash, Vivek <Vivek.Parkash@marsh.com> |
| **Sent:** | Tuesday, November 5, 2019 9:46 AM |
| **To:** | Bonin, Theresa; Mark Mahfouz |
| **Cc:** | Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh |
| **Subject:** | RE: Dynamic Industries - Berri Oil field Incident |
| **Attachments:** | Proposal Form - COMPREHENSIVE GENERAL LIABILITY (Construction).pdf; BOR format.doc; new info.zip; Client acceptance of placement.pdf |

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected to proceed to issue the policy wordings citing non-submission of regulatory documents. After a lengthy meeting , the following points agreed based on which ANB will issue the policy :

1. BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2. Filled in Proposal Form to be provided
3. VAT of 5% will be payable on the premium

While Marsh Saudi Arabia is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted. I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.


Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579

1

**Exhibit No. A-8**
**Page 1**

7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks you for the update. We look forward to receiving the policy.


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Nov 4, 2019, at 4:51 AM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:


Hi Theresa and Mark,

The update is overdue from my side and apologies for that as I did not want to simply write that it is under process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with Talal, Chief Marketing Officer who manages relation with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on the policy document issuance.  The file has been reviewed by their reinsurance manager  and as of this week the main direct insurance underwriter has been asked to list out his requirements that will enable him to issue the policy wordings.

**Timeline:**
Though it is not yet committed by the insurance company but based on the requirements ( to be listed if any) , we are pushing it to be given to us this week and if the requirements are already available with us then we will provide the documents to the underwriter same day or next day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>

2

**Exhibit No. A-8**
**Page 2**

**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek

Can you please provide an update on the status of this repeated request?

Thank you.
Theresa


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Oct 30, 2019, at 10:42 AM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

**Exhibit No. A-8**
**Page 3**

 

anb cooperative insurance

*"CGL"*

## PROPOSAL FORM – COMPREHENSIVE GENERAL LIABILITY
### (For Construction/Erection/Builders Risks)

---

**MetLife – AIG – ANB Cooperative Insurance Company**

*Al-Ebdaa Tower - King Fahed Road - Olaya District*

*Riyadh 11554*

*Kingdom of Saudi Arabia*

*Tel.: +966 (11) 5109300 Fax: +966 (11) 5109396*

*Website:* www.metlifeaiganb.com

*For more information, please contact us at: info@metlifeaiganb.com*

---

| | | | |
|---|---|---|---|
| Insured Name | | | |
| Commercial Registration ( CR ) # | | | |
| Full Address with P.O. Box and Pin Code | | | |
| Main Contractor / Sub-contractor | | | |
| Principal | | | |
| Status of the Contract | In Tender Stage / Already Awarded | | |
| Contract Title | | | |
| DETAILED SCOPE OF THE CONTRACT (Attach Contract copy if required) | | | |
| Details of Tie-in-Works | | | |
| Year Established | | | |
| Location(s) of the Site | | | |
| Details of Principal's Existing Properties | East:<br>West:<br>North:<br>South: | | |
| Details and Proximity to Surrounding Properties | East:<br>West:<br>North:<br>South: | | |
| Risk Details (Provide information on whichever is applicable) | Total Area of Construction | | |
| | No. of Storey/Floors | | |
| | Height of the Building | | |
| | Depth of Excavation | | |
| | No. of Plants and Equipment | | |
| | Geo-seismic Survey Report | To be attached | |
| | Risk Survey Report | To be attached | |
| | Details of Underground Facilities / Usage of Explosives | To be provided | |
| | Detailed Bar Chart | To be provided | |
| | Offshore works if any | To be provided | |

**Exhibit No. A-8**

**Page 4**

| Testing & Commissioning details (period & supervision, method: Hot or Cold) | |
|---|---|
| Estimated Contract Value | |
| Contract Period | From:                              To: |
| Cover | Public Liability. |
| Wording / Form | Occurrence Form |
| Trigger | Occurrence |
| Territory | |
| Jurisdiction | |
| Limit of Liability | |
| Excess / Deductible | |
| Claims Experience | Since Established:<br>Since Last 5 years: |
| Current/Previous Insurance Details Including whether the insured has been declined for insurance in the past | |
| Attachments , Please attach copy of:<br>• Contractors' All Risks (CAR) and/or Erections All Risks (EAR) Application Form & Section I coverage details<br>• Contractual requirements | |
| Other Information, Comments | |

**DECLARATION (In respect of all above sections)**

*I/ We declare that to the best of my knowledge and belief, the above statements are true and complete and will form part of the contract between me/ us and the Insurance Company.*

Signature: _____          Position in your company: _____

Date: _____

**Section to be filled by Broker/Agent/BDM:**

| Broker/Agent/BDM | |
|---|---|
| Conditions/Extensions | To be specified. |
| Exclusions | To be specified. |
| Suggested Premium | |
| Commission | |

**Exhibit No. A-8**

**Page 5**

To whom it may concern

إلى من يهمه الأمر

Subject: Broker's Letter Authorization

الموضوع: خطاب بتفويض وساطة تأمين و إعادة تأمين

This is to confirm that, as of **01-01-2017**, **Dynamic Industries Saudi Arabia Ltd** has exclusively nominated, MARSH Saudi Arabia Insurance & Reinsurance Brokers Saudi Arabia Riyadh, CR. No. 1010247579 as our Insurance Broker, to negotiate on our behalf with any Insurance Company, Reinsurance Company and/or their Agent concerning our insurance **policy for the Aramco/Dynamic Industries Project – Pipeline crossing in the BRRI field**

بهذا نؤكد أنه اعتبارا من تاريخ _____ ، أن قد اعتمدت شركة مارش السعودية للوساطة في التأمين وإعادة التأمين المحدودة التي يقع مقرها في مدينة الرياض والمسجلة بالسجل التجاري رقم 1010247579 لتكون وسيط التأمين لنا، لإجراءات المفاوضات باسمنا ونيابة عنا مع أي شركة تأمين أو شركة إعادة تأمين أو وكيلهم بخصوص برنامج إدارة التأمين والمخاطر الخاص بنا.

This letter authorized you to furnish MARSH with all information they may request at it pertains to our Insurance contracts, rates, rating schedules, surveys, and all requirements in connection with Insurance and Risk Management Programs to which the letter applies.

بموجب هذا الخطاب نفوضكم بتزويد "مارش " بكافة ما يطلبونه من معلومات تتعلق بعقودنا للتأمين والأسعار وجدول التسعير والمعاينات وكل المتطلبات التي تتعلق ببرامج إدارة التأمين والمخاطر التي يسري عليها هذا الخطاب.

This appointment of MARSH rescinds all previous appointments and the authority contained herein shall remain in full force until cancelled in writing.

يلغي هذا التفويض كافة التفاويض السابقة، وتسري الصلاحيات الممنوحة بموجبه إلى أن يتم إلغائه كتابة.

Date            : **01-01-2017**

التاريخ                    :

Name            :
Position        :

الاسم                     :
الوظيفة                   :

Signature       :

التوقيع                   :

**Exhibit No. A-8**
**Page 6**



Saudi Aramco 2616-ENG (03/99)

# SAUDI ARABIAN OIL COMPANY

9.5   Pipeline Crossings and Unsupported Span Correction

9.5.1   Pipeline crossing clearances shall be as defined in the Contract Drawings.  In the event of unanticipated settlement of pipeline crossing supports, a minimum clearance of 6 inches shall be achieved.  The bridging of existing pipelines or cables shall be accomplished as per the Scope of Work and Contract Drawings.  The bridging will normally be accomplished using precast reinforced concrete blocks or grout bags, or a combination of both as approved by SAUDI ARAMCO.

(*)   9.5.2   Use of temporary sleepers by CONTRACTOR to support the new pipeline during lay over an existing pipeline or cable is generally acceptable to SAUDI ARAMCO.   CONTRACTOR shall supply procedures and calculations detailing the following to SAUDI ARAMCO for review and approval:

- Height, length, width, and cross-sectional shape of proposed sleepers.

- Quantity and locations (with respect to the new pipeline) of sleepers proposed for each crossing.

- Sleeper removal procedures including any required pipe lifting.

- Pipe stress calculations (for any required pipe lifting).

Upon installation of permanent pipeline crossing supports and prior to flooding for tie-in and hydrotesting, temporary sleepers shall be removed by CONTRACTOR.

9.5.3   The installation of both pipeline crossing supports and the pipeline itself shall be monitored by divers.  The divers shall take comprehensive video of the overall operation.

9.5.4   Any height discrepancy between the pipeline and the crossing supports shall be rectified by inserting grout bags.  Permanent pipeline crossing supports shall be installed at all locations along the pipeline (except for spool pieces) prior to pipeline flooding for tie-in purposes.  All permanent pipeline crossing supports shall be installed (including spool pieces) prior to hydrotesting.

| PROCEDURE FOR | | DWG.TYPE | PLANT NO. | INDEX | DRAWING NO. | SHT.NO. | REV.NO. |
|---|---|---|---|---|---|---|---|
| FABRICATION AND INSTALLATION OF | | DOC | * | A | DE-119954 | 26 | 13 |
| SUBMARINE PIPELINES | | | | | | | |
| ARABIAN GULF | SAUDI ARABIA | | JOB #: * | | | | |

P:\14 Document Control\RDY\Electronic Files\Construction Procedures \DE-119954.doc

EDSD/2616-0399.doc

**Exhibit No. A-8**
**Page 8**



# SAUDI ARABIAN OIL COMPANY

9.5.5 Maximum allowable spans for the pipeline shall be as defined in the Contract Drawings. Pipeline supports to correct unsupported span lengths to within allowable dimensions shall be installed by CONTRACTOR at SAUDI ARAMCO's direction based on the results of CONTRACTOR's post pipelay survey. Span correction support bridging will normally be accomplished using precast reinforced concrete blocks or grout bags, or a combination of both as approved by SAUDI ARAMCO for use as pipeline crossing supports.

9.5.6 Grout shall consist of Type V sulfate-resistant portland cement in accordance with the Contract Drawings and SAES-Q-001. Neat or neat dry cement may be used at CONTRACTOR's discretion.

9.5.7 Grout bags shall be ULO pillow bags with a double flap inlet, or equivalent. A sample of CONTRACTOR's proposed bags shall be submitted to SAUDI ARAMCO for review and approval.

## 9.6 Abandonment and Recovery

9.6.1 When, in the opinion of SAUDI ARAMCO, the sea state is such that there is a risk of damage to the pipeline being laid, then pipelay operations shall be suspended and the pipeline placed on the seabed until conditions improve.

9.6.2 When it becomes necessary to place the pipeline on the seabed, an abandonment head shall be welded to the open end of the pipeline and a holdback cable attached to the head in order to maintain tension during the abandonment operation. The end of the buckle detector cable shall be secured to the inside of the head. A spar buoy or three marker buoys of a different color than that used for pipelines in that particular vicinity shall be attached by a suitable line to the head so that its location can be easily identified during recovery. The maximum stress in the pipeline shall not exceed 80 percent of SMYS during the abandonment and subsequent recovery operation.

## 9.7 Anchor Patterns

9.7.1 CONTRACTOR shall provide precise anchor patterns when the pipelay barge is within 1,200 meters of an existing structure, and for any anchor position falling within 150 meters of an existing cable or pipeline.

| PROCEDURE FOR FABRICATION AND INSTALLATION OF SUBMARINE PIPELINES ARABIAN GULF | DWG.TYPE DOC | PLANT NO. * | INDEX A | DRAWING NO. DE-119954 | SHT.NO. 27 | REV.NO. 13 |
|---|---|---|---|---|---|---|

SAUDI ARABIA   JOB #: *

**Exhibit No. A-8**
**Page 9**

**Brickman, Jennifer**

| | |
|---|---|
| **From:** | Laborde, James F |
| **Sent:** | Thursday, December 22, 2016 11:23 PM |
| **To:** | Beach, William; Parkash, Vivek; Bonin, Theresa; Bhatnagar, Gaurav; Wakeley, Adam |
| **Subject:** | Fwd: Aramco / Dynamic Industries Project - Pipeline Crossing |
| **Attachments:** | DE-119954_Rev 13 - Section 9.5 Pipeline Crossings and Unsupported Span Correction.pdf; ATT00001.htm; R150229002V0F1 - BRRI 95_100 to  BRRI TP3.pdf; ATT00002.htm; R114516001V0F2 - Crossing BRRI 52_57 to BRRI TP-3.pdf; ATT00003.htm; R114517001V0F1 - BRRI 52_57 to BRRI TP-3.pdf; ATT00004.htm; R161420001V0F2 - BRRI TP2 to BRRI TP1.pdf; ATT00005.htm; R167065001V1AF1 - BRRI TP-1 to BRRI GOSP-5.pdf; ATT00006.htm; R123269001V0F2 - BRRI 58_63 to BRRI TP-1.pdf; ATT00007.htm; R150229001V0F2 - BRRI 95_100 to BRRITP3.pdf; ATT00008.htm |

Team, see below. Thanks

Bo


James F. Laborde
Managing Director & Head of Office
Marsh USA Inc.
701 Poydras Street, Suite 4125
(504) 571-2221 (o); (504) 813-7651 (c)
James.F.Laborde@marsh.com

Begin forwarded message:

> **From:** "Roberto Rodriguez" <RRodriguez@dynesi.com>
> **To:** "Laborde, James F" <James.F.Laborde@marsh.com>
> **Cc:** "Mark Mahfouz" <MMahfouz@dynesi.com>, "Vince Rapp" <vrapp@dynamicind.com>, "Donnie Sinitiere" <dsinitiere@dynamicind.com>
> **Subject: Fwd: Aramco / Dynamic Industries Project - Pipeline Crossing**
>
> Bo
> Here are the responses to the technical questions asked. Please forward to Vivek.
> Thanks Roberto.
>
>
> Begin forwarded message:
>
>> **From:** "Donnie Sinitiere" <dsinitiere@dynamicind.com>
>> **To:** "Roberto Rodriguez" <RRodriguez@dynesi.com>
>> **Cc:** "Mark Mahfouz" <MMahfouz@dynesi.com>, "Vince Rapp" <vrapp@dynamicind.com>
>> **Subject: FW: Aramco / Dynamic Industries Project - Pipeline Crossing**
>>
>> Roberto,

Please find the attached installation drawings and the Aramco procedure we will be following for this work. Please note prior to beginning the work Aramco must approve the installation work plan and all final installation routes and methodology for installation.  Job Safety Analysis (JSA) for each step of the installation is developed reviewed and approved by all parties involved in the work including Saudi Aramco and their proponents.

I can confirm no physical work has occurred.
I can confirm NKORL

Should you require additional information please let us know.

Thanks

**From:** Ben Walcher
**Sent:** Thursday, December 22, 2016 2:27 PM
**To:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Subject:** RE: Aramco / Dynamic Industries Project

Donnie,

Please see attached and below regards to the pipeline crossing.   The crossings will be reviewed and finalized based on the pre-lay survey.

**Aramco Documentation:**

**Reference Section 9.5 of** DE-119954_Rev 13 Procedure for Fabrication and Installation of Submarine Pipelines Attached.

7.4.2.3 Mark the location of existing pipelines and other structures in critical areas and identify any pipeline crossings with double marker buoys. CONTRACTOR shall ensure that pipeline crossing supports, subsea headers, and the like are installed within the tolerance stated in the Scope of Work and/or Contract Drawings – From DE-119954_Rev 13 Procedure for Fabrication and Installation of Submarine Pipelines

**From Dynamics Detailed work plan :**

8.16. Subsea Crossing Supports / Sleeper Installation
The crossing supports will be pre-installed by the pipelay vessel before commencing pipelay activities.
The pipelines will be laid later on over the pre-installed crossing supports respectively during pipelaying
operation.
Existing pipelines will be crossed by constructing a ramp over the existing Facilities such as existing
pipelines and cables. The crossing can be constructed by either grout bags or concrete mattresses or a
combination of both. The crossings will be constructed as per the CRPO and Project specifications and
requirements. Pipeline sleepers at subsea pipeline crossings will be identified during the Detail Design

**Exhibit No. A-8**
**Page 11**

and reflect in the IFC drawings. Where the Pipelines cross the existing cables, the cables will be
physically identified before the cables are crossed and the crossings are constructed.
Before installing the supports, CONTRACTOR will execute a Pre-Installation survey to identify the
expected as-laid position of the crossed pipeline. The relevant supports location need to be revised
accordingly if observation is different from the Design.

**Benjamin Walcher**
**Subsea Engineer**
**Dynamic Industries, Inc.**
**Houston Office: 281-779-8066**



---

**From:** Donnie Sinitiere
**Sent:** Thursday, December 22, 2016 9:37 AM
**To:** Ben Walcher <BWalcher@dynamicind.com>
**Subject:** FW: Aramco / Dynamic Industries Project

Ben,
This is what Albert sent me. The question is - **Details of ==all crossings== – this is
particularly relevant for the 36inch pipe which will be trenched subsea**

Is there only one crossing? Please add any text that would support the drawings for an
underwriter to understand. And also any verbiage and/or reference to Aramco
procedures or our own procedures or COOEC procedures.
Thanks

---

**From:** Alberto Micaller
**Sent:** Thursday, December 22, 2016 6:47 AM
**To:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Cc:** Ben Walcher <BWalcher@dynamicind.com>; Ian Jack <IJack@dynamicind.com>
**Subject:** RE: Aramco / Dynamic Industries Project

Donnie,

Attached is the relevant drawing showing the details of the crossing associated with the
36-inch pipe to be trenched subsea.

I hope this satisfies the requirement.

Regards,

Albert

3

**From:** Donnie Sinitiere
**Sent:** Thursday, December 22, 2016 2:35 PM
**To:** Ben Walcher <BWalcher@dynamicind.com>; Alberto Micaller
<AMicaller@dynamicind.com>; Ian Jack <IJack@dynamicind.com>
**Subject:** FW: Aramco / Dynamic Industries Project

Gents,
I need to answer the below questions for our insurance underwriters. I would like you to
provide the details for bullets #1 and #2. I can handle the other two.
Thanks

---

**From:** Roberto Rodriguez
**Sent:** Thursday, December 22, 2016 3:28 AM
**To:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Cc:** Vince Rapp <vrapp@dynamicind.com>; Mark Mahfouz <MMahfouz@dynesi.com>
**Subject:** Re: Aramco / Dynamic Industries Project

Donnie
I need answers to the following questions:

**On the liabilities side, the underwriters raised the following queries:**
-    **Details of all crossings – this is particularly relevant for the
36inch pipe which will be trenched subsea**
-    **Details of safety measures and precautions which will be taken
by the Insured to prevent loss or damage**
-    **Confirmation no physical work has started**
-    **Confirmation of NKORL. (No Known or Reported Losses)**

I'm reading this on my iPad so the thread was not clear if you included a
response.
Thanks. Roberto.

Sent from my iPad

On Dec 22, 2016, at 12:49 AM, Donnie Sinitiere <dsinitiere@dynamicind.com>
wrote:

**On the liabilities side, the underwriters raised the following queries:**

-    **Details of all crossings – this is particularly relevant for the 36inch
pipe which will be trenched subsea**

-    **Details of safety measures and precautions which will be taken by the
Insured to prevent loss or damage**

-    **Confirmation no physical work has started**

-    **Confirmation of NKORL. (No Known or Reported Losses)**

4

**Exhibit No. A-8**
**Page 13**

Saudi Aramco 2616-ENG (03/99)

# SAUDI ARABIAN OIL COMPANY

9.5 Pipeline Crossings and Unsupported Span Correction

9.5.1 Pipeline crossing clearances shall be as defined in the Contract Drawings.  In the event of unanticipated settlement of pipeline crossing supports, a minimum clearance of 6 inches shall be achieved.  The bridging of existing pipelines or cables shall be accomplished as per the Scope of Work and Contract Drawings.  The bridging will normally be accomplished using precast reinforced concrete blocks or grout bags, or a combination of both as approved by SAUDI ARAMCO.

(*)  9.5.2 Use of temporary sleepers by CONTRACTOR to support the new pipeline during lay over an existing pipeline or cable is generally acceptable to SAUDI ARAMCO.  CONTRACTOR shall supply procedures and calculations detailing the following to SAUDI ARAMCO for review and approval:

- Height, length, width, and cross-sectional shape of proposed sleepers.

- Quantity and locations (with respect to the new pipeline) of sleepers proposed for each crossing.

- Sleeper removal procedures including any required pipe lifting.

- Pipe stress calculations (for any required pipe lifting).

Upon installation of permanent pipeline crossing supports and prior to flooding for tie-in and hydrotesting, temporary sleepers shall be removed by CONTRACTOR.

9.5.3 The installation of both pipeline crossing supports and the pipeline itself shall be monitored by divers.  The divers shall take comprehensive video of the overall operation.

9.5.4 Any height discrepancy between the pipeline and the crossing supports shall be rectified by inserting grout bags.  Permanent pipeline crossing supports shall be installed at all locations along the pipeline (except for spool pieces) prior to pipeline flooding for tie-in purposes.  All permanent pipeline crossing supports shall be installed (including spool pieces) prior to hydrotesting.

| PROCEDURE FOR | DWG.TYPE | PLANT NO. | INDEX | DRAWING NO. | SHT.NO. | REV.NO. |
|---|---|---|---|---|---|---|
| FABRICATION AND INSTALLATION OF | DOC | * | A | DE-119954 | 26 | 13 |
| SUBMARINE PIPELINES | | | | | | |
| ARABIAN GULF    SAUDI ARABIA | | JOB #: * | | | | |

P:\14 Document Control\RDY\Electronic Files\Construction Procedures \DE-119954.doc

EDSD/2616-0399.doc

**Exhibit No. A-8**
**Page 14**

Saudi Aramco 2616-ENG (03/99)

## SAUDI ARABIAN OIL COMPANY

9.5.5   Maximum allowable spans for the pipeline shall be as defined in the Contract Drawings.  Pipeline supports to correct unsupported span lengths to within allowable dimensions shall be installed by CONTRACTOR at SAUDI ARAMCO's direction based on the results of CONTRACTOR's post pipelay survey.  Span correction support bridging will normally be accomplished using precast reinforced concrete blocks or grout bags, or a combination of both as approved by SAUDI ARAMCO for use as pipeline crossing supports.

9.5.6   Grout shall consist of Type V sulfate-resistant portland cement in accordance with the Contract Drawings and SAES-Q-001.  Neat or neat dry cement may be used at CONTRACTOR's discretion.

9.5.7   Grout bags shall be ULO pillow bags with a double flap inlet, or equivalent.  A sample of CONTRACTOR's proposed bags shall be submitted to SAUDI ARAMCO for review and approval.

9.6   Abandonment and Recovery

9.6.1   When, in the opinion of SAUDI ARAMCO, the sea state is such that there is a risk of damage to the pipeline being laid, then pipelay operations shall be suspended and the pipeline placed on the seabed until conditions improve.

9.6.2   When it becomes necessary to place the pipeline on the seabed, an abandonment head shall be welded to the open end of the pipeline and a holdback cable attached to the head in order to maintain tension during the abandonment operation.  The end of the buckle detector cable shall be secured to the inside of the head.  A spar buoy or three marker buoys of a different color than that used for pipelines in that particular vicinity shall be attached by a suitable line to the head so that its location can be easily identified during recovery.  The maximum stress in the pipeline shall not exceed 80 percent of SMYS during the abandonment and subsequent recovery operation.

9.7   Anchor Patterns

9.7.1   CONTRACTOR shall provide precise anchor patterns when the pipelay barge is within 1,200 meters of an existing structure, and for any anchor position falling within 150 meters of an existing cable or pipeline.

| PROCEDURE FOR | | DWG.TYPE | PLANT NO. | INDEX | DRAWING NO. | SHT.NO. | REV.NO. |
|---|---|---|---|---|---|---|---|
| FABRICATION AND INSTALLATION OF | | DOC | * | A | DE-119954 | 27 | 13 |
| SUBMARINE PIPELINES | | | | | | | |
| ARABIAN GULF | SAUDI ARABIA | | JOB #:  * | | | | |



Exhibit No. A-8
Page 16



Exhibit No. A-8
Page 17



Exhibit No. A-8
Page 18



Exhibit No. A-8
Page 19



Exhibit No. A-8
Page 20



Exhibit No. A-8
Page 21



Exhibit No. A-8
Page 22



Exhibit No. A-8
Page 23



Exhibit No. A-8
Page 24



**NOTES:**

1. THERE IS NO SURVEY OR GEOTECH DATA AVAILABLE FOR PIPELINES AT THE MOMENT OF REV.0I. UPDATE THE DESIGN WITH SURVEY AND GEOTECH ONCE IT IS AVAILABLE.

2. PIPE SUPPORTS POSITIONED BY THE CONTRACTOR WITH FIELD MEASUREMENTS.

3. PRE-INSTALLATION CROSSING SURVEY UNDERTAKEN TO CONFIRM PIPELINE COORDINATES AND VERIFY THAT THE AREA IS FREE FROM OBSTRUCTIONS.

4. COORDINATES ARE IN UNIVERSAL TRANSVERSE MERCATOR (UTM)PROJECTION ZONE 39 INTERNATIONAL SPHEROID.

5. THE MAXIMUM ALLOWABLE SPAN TO BE CALCULATED BASED ON SURVEY AND GEOTECH.THE MAX SPAN SHALL NOT BE EXCEEDED.ADDITIONAL GROUT BAGS INSTALLED AS NEEDED.

6. ELEVATED FLANGES LOCATED NO FURTHER THAN 5 METERS FROM A PIPE SUPPORT.

7. CROSSING ANGLE THAT DOES NOT EXCEED 30° FROM THE PERPENDICULAR.

8. AT LEAST 305mm CLEARANCE TO ANY PIPE.

9. THE TYPE OF SUPPORT DEPENDS ON THE TERRAIN AND SIZE OF THE PIPELINE OR CABLE TO BE CROSSED.

**REVISION NOTE:**

1. REVISED AS BID CLARIFICATION ID 465.

## REFERENCE DRAWINGS

| | |
|---|---|
| DRAWING CONTROL J.D.NO.10-00909-2057 | RD-123239 |
| PIPELINE CROSSING DESIGN REPORT | RE-123250 |
| SHALLOW WATER MARKERS FOR SUBMARINE PIPELINE | AC-856693 |

**TYPICAL PLAN**
NTS

**TYPICAL ELEVATION**
NTS

**CROSSINGS ALONG PIPELINE ROUTE**

| STATION | DESCRIPTION |
|---|---|
| 0+034.00 | 10 IN.TE/L.TO BRRI T.P.1 |
| 0+415.00 | 10 IN.TE/L.TO BRRI T.P.1 |
| 0+466.00 | EXISTING POWER CABLE |
| 0+935.00 | 20" ABANDONED PIPELINE |
| 2+387.00 | POWER CABLE FROM BRRI T.P.1 |

**SUPPORTS ARRANGEMENT TABLE**

| SUPPORT NO. | 2W × 1M CONC.BLOCKS | | CEMENT BAGS | |
|---|---|---|---|---|
| | 6" | 12" | 5' × 2' GROUT BAG | 6' × 3' CAPPING BAG |
| 1 | 1 EA | | 1 EA NEAT CEMENT | 1 EA |
| 2 | - | 1 EA | 1 EA NEAT CEMENT | 1 EA |
| 3 | 1 EA | | 1 EA NEAT CEMENT | 1 EA |
| 4 | - | 1 EA | 1 EA NEAT CEMENT | 1 EA |
| 5 | - | 2 EA | 1 EA NEAT CEMENT | 1 EA |
| 6 | 1 EA | 2 EA | 1 EA NEAT CEMENT | 1 EA |

**DETAIL 1**

**DETAIL 2**

SUPPORT NO.2
NOTE 9

THIS DRAWING IS THE SOLE PROPERTY OF SAUDI ARAMCO, NO REPRODUCTION IN FULL OR IN PARTS, SHALL BE OBTAINED FROM THIS DRAWING WITHOUT THE WRITTEN CONSENT OF SAUDI ARAMCO. THE INFORMATION CONTAINED HEREIN ARE THE SOLE PROPERTY OF SAUDI ARAMCO.

**SAUDI ARABIAN OIL COMPANY**

PIPELINE CROSSING TYPICAL
12" FLOW LINE
BRRI 58/63 TO BRRI T.P.1
ABU ALI                    SAUDI ARABIA

JOB ORDER NUMBER
10-00909-2057

**Exhibit No. A-8
Page 25**



NOTES:

1. THERE IS NO SURVEY OR GEOTECH DATA AVAILABLE FOR PIPELINES AT THE MOMENT OF REV01, UPDATE THE DESIGN WITH SURVEY AND GEOTECH ONCE IT IS AVAILABLE.

2. PIPE SUPPORTS POSITIONED BY THE CONTRACTOR WITH FIELD MEASUREMENTS.

3. PRE-INSTALLATION CROSSING SURVEY UNDERTAKEN TO CONFIRM PIPELINE COORDINATES AND VERIFY THAT THE AREA IS FREE FROM OBSTRUCTIONS.

4. COORDINATES ARE IN UNIVERSAL TRANSVERSE MERCATOR (UTM) PROJECTION ZONE 39 INTER-NATIONAL SPHEROID.

5. THE MAXIMUM ALLOWABLE SPAN TO BE CALCULATED BASED ON SURVEY AND GEOTECH, THE MAX SPAN SHALL NOT BE EXCEEDED, ADDITIONAL GROUT BAGS INSTALLED AS NEEDED.

6. ELEVATED FLANGES LOCATED NO FURTHER THAN 5 METERS FROM A PIPE SUPPORT.

7. CROSSING ANGLE THAT DOES NOT EXCEED 30° FROM THE PERPENDICULAR.

8. AT LEAST 305mm CLEARANCE TO ANY PIPE.

9. THE TYPE OF SUPPORT DEPENDS ON THE TERRAIN AND SIZE OF THE PIPELINE OR CABLE TO BE CROSSED.

REVISION #2 NOTE
REVISED AS BID CLARIFICATION # 461 AND #119

| REFERENCE DRAWINGS | |
|---|---|
| DRAWING CONTROL JULNO.10-00909-2057 | RD-150175 |
| PIPELINE CROSSING DESIGN REPORT | RE-150261 |
| SHALLOW WATER MARKERS FOR SUBMARINE PIPELINE | AC-036693 |

TYPICAL
PLAN
NTS

TYPICAL
ELEVATION
NTS

SAUDI ARABIAN OIL COMPANY

PIPELINE CROSSING TYPICAL
12" FLOW LINE
BRRI 95/100 TO BRRI TP-3
ABU ALI                SAUDI ARABIA

CROSSINGS ALONG PIPELINE ROUTE

| STATION | DESCRIPTION |
|---|---|
| 5+063.00 | 8 IN. T.E.L. |
| 5+065.00 | 12 IN. F.L. |

SUPPORTS ARRANGEMENT TABLE

| SUPPORT NO. | 2M x 1M CONC. BLOCK'S | | CEMENT BAGS | | |
|---|---|---|---|---|---|
| | 6" | 12" | 3' x 2' GROUT BAG | 6' x 3' CAPPING BAG | |
| 1 | 1 EA | - | 1 EA NEAT CEMENT | | 1 EA |
| 2 | - | 1 EA | 1 EA NEAT CEMENT | | 1 EA |
| 3 | 1 EA | - | 1 EA NEAT CEMENT | | 1 EA |
| 4 | - | 1 EA | 1 EA NEAT CEMENT | | 1 EA |
| 5 | - | 2 EA | 1 EA NEAT CEMENT | | 1 EA |
| 6 | 1 EA | 2 EA | 1 EA NEAT CEMENT | | 1 EA |

DETAIL 1

DETAIL 2

Exhibit No. A-8
Page 26



Exhibit No. A-8
Page 27



NOTES:
1. THERE IS NO SURVEY OR GEOTECH DATA AVAILABLE FOR PIPELINES AT THE MOMENT OF REV01, UPDATE THE DESIGN WITH SURVEY AND GEOTECH ONCE IT IS AVAILABLE.
2. PIPE SUPPORTS POSITIONED BY THE CONTRACTOR WITH FIELD MEASUREMENTS.
3. PRE-INSTALLATION CROSSING SURVEY UNDERTAKEN TO CONFIRM PIPELINE COORDINATES AND VERIFY THAT THE AREA IS FREE FROM OBSTRUCTIONS.
4. COORDINATES ARE IN UNIVERSAL TRANSVERSE MERCATOR (UTM) PROJECTION ZONE 39 INTER-NATIONAL SPHEROID.
5. THE MAXIMUM ALLOWABLE SPAN TO BE CALCULATED BASED ON SURVEY AND GEOTECH, THE MAX SPAN SHALL NOT BE EXCEEDED, ADDITIONAL GROUT BAGS INSTALLED AS NEEDED.
6. ELEVATED FLANGES LOCATED NO FURTHER THAN 5 METERS FROM A PIPE SUPPORT.
7. CROSSING ANGLE THAT DOES NOT EXCEED 30° FROM THE PERPENDICULAR.
8. AT LEAST 305mm CLEARANCE TO ANY PIPE.
9. THE TYPE OF SUPPORT DEPENDS ON THE TERRAIN AND SIZE OF THE PIPELINE OR CABLE TO BE CROSSED.

REVISION NOTE:
1. REVISED, THE NOTE REFERENCE BIDDER CLARIFICATION 024&1

REFERENCE DRAWINGS

| DRAWING CONTROL JJL.NO.10-00909-2057 | RD-161408 |
| PIPELINE CROSSING DESIGN REPORT | RE-161419 |
| SHALLOW WATER MARKERS FOR SUBMARINE PIPELINE | AC-036655 |

SAUDI ARABIAN OIL COMPANY
PIPELINE CROSSING TYPICAL
24" FLOW LINE
BRRI TP-2 TO BRRI TP-1
ABU ALI                SAUDI ARABIA

**Exhibit No. A-8**
**Page 28**



Exhibit No. A-8
Page 29

**Brickman, Jennifer**

| | |
|---|---|
| **From:** | Roberto Rodriguez <RRodriguez@dynesi.com> |
| **Sent:** | Wednesday, December 21, 2016 9:57 AM |
| **To:** | Neely Saunier; Jeananne Frazier |
| **Cc:** | Mark Mahfouz; Frankie Harris; Lynette Clement |
| **Subject:** | RE: Saudi Aramco LTA (IK and OOK) - Insurance Requirements |

Neely
The project for Aramco is called CRPO 3648. It's for the replacement of 5 offshore pipelines in the BRRI field in Saudi. The fabrication will occur in the UAE and will then be transported and installed in Saudi. Our PMT team will be a combination of Expats and TCN's. Some of these will be provided through employment contractors like we have used in the past. We will need to cover workers comp on all direct hires. The class code for our PMT personnel should be listed as onshore supervisory. Our payroll is estimated at $2.5 million spread over the 18 month project duration. We expect the payroll to be evenly spread between In Kingdom and Out of Kingdom work. The allocation may change but the total estimate of payroll should be appropriate. Please let me know if you need any additional information. Thanks Roberto

*Roberto Rodriguez*
*EVP & Chief Financial Officer*
*Dynamic Energy Services International LLC*
*504.680.6734 office*
*504.231.6923 cell*



**From:** Neely Saunier [mailto:neely.saunier@lh-co.com]
**Sent:** Monday, December 19, 2016 4:22 PM
**To:** Jeananne Frazier
**Cc:** Mark Mahfouz ; Roberto Rodriguez ; Frankie Harris
**Subject:** RE: Saudi Aramco LTA (IK and OOK) - Insurance Requirements
**Importance:** High

Your current Zurich foreign WC policy covers US Nationals & Third Country Nationals on a guaranteed cost basis in Saudi & UAE. Please provide the estimated payrolls broken down by class code so we can adjust the policy accordingly.

This policy also provides Excess employer's liability for local nationals, excess of $1M or as statutorily required whichever is greater.

Zurich has advised that WC/EL is not compulsory in Saudi and UAE, but can provide the local admitted coverage if desired. They are normally two separate policies. Zurich would require location national's estimated payrolls split between land admin., land labor and offshore. If you wish for us to obtain pricing on the local admitted policies, please provide me this information.

**Exhibit No. A-8**
**Page 30**

**Best Regards,**

**Neely H. Saunier, CPIA, CISR**
Senior Account Executive | Insurance & Risk Advisors
**AssuredPartners**
Landry Harris & Co.

Direct 337-266-2336 |Main 337-266-2150 | Fax 337-266-2151
neely.saunier@lh-co.com | http://www.landryharris.com/

This e-mail and any attachments from Landry Harris & Co. may contain confidential information. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this email or any attachment is prohibited. If you have received this email in error, please notify us immediately by returning it to the sender and deleting this copy from your system. Thank you for your cooperation.

---

**From:** Jeananne Frazier [mailto:JFrazier@dynesi.com]
**Sent:** Friday, December 16, 2016 1:05 PM
**To:** Neely Saunier <neely.saunier@lh-co.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>; Roberto Rodriguez <RRodriguez@dynesi.com>
**Subject:** RE: Saudi Aramco LTA (IK and OOK) - Insurance Requirements

Neely:

Per Mark and Roberto's request, please see below responses in red and attached.

Thank you,

Jeananne Frazier

---

**From:** Neely Saunier [mailto:neely.saunier@lh-co.com]
**Sent:** Monday, December 12, 2016 8:33 AM
**To:** Jeananne Frazier <JFrazier@dynesi.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>
**Subject:** RE: Saudi Aramco LTA (IK and OOK) - Insurance Requirements
**Importance:** High

Good morning,
I received the following email this morning from our underwriter. Can you provide the information below?

We would require the following basic initial information:

- Detailed Scope of work on the project: See attached
- Contract Value and its breakdown: See attached
- Details of third party surroundings: Please provide further clarification on what information you are looking for here.
- Project period including any maintenance period. Does the inured require an annual policy or a one shot period? What do you advise? We anticipate procuring a project policy of a 20 month duration.
- Will your work include offshore operations? Any use of vessels (non-owned or owned)? We need the details regarding the offshore part: See attached. T&I contractor is COOEC. They will provide their own vessels. DYN is responsible for hook-up under the project and will hire vessel companies directly. All marine operators will be responsible for the marine coverage spelled out in the contract.

**Exhibit No. A-8**
**Page 31**

- Is Employer's Liability required? If yes, we will need the estimated annual wages and breakdown of employees by nationality and class code: <span style="color:red">Worker's comp is required under the policy, so we want to make sure our offshore coverage does cover our employees working in SA and the UAE. Will it be honored in that county. The individuals working on the project will include a Project Management Team of 34 ex-pats/third party nationals. We want to confirm those that are our employees will be covered by our worker's comp program.</span>

Awaiting your feedback to proceed immediately.


**Best Regards,**

**Neely H. Saunier, CPIA, CISR**
Senior Account Executive | Insurance & Risk Advisors
**AssuredPartners**
Landry Harris & Co.

Direct 337-266-2336 |Main 337-266-2150 | Fax 337-266-2151
neely.saunier@lh-co.com | http://www.landryharris.com/

This e-mail and any attachments from Landry Harris & Co. may contain confidential information. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this email or any attachment is prohibited. If you have received this email in error, please notify us immediately by returning it to the sender and deleting this copy from your system. Thank you for your cooperation.

---

**From:** Jeananne Frazier [mailto:JFrazier@dynesi.com]
**Sent:** Thursday, December 08, 2016 12:14 PM
**To:** Neely Saunier <neely.saunier@lh-co.com>
**Cc:** Mark Mahfouz <MMahfouz@dynesi.com>
**Subject:** FW: Saudi Aramco LTA (IK and OOK) - Insurance Requirements

Neely:

Per Mark's request below, please find both OOK and IK insurance sections attached. These are the executed versions (but the initials got cut off).

Thank you,

Jeananne

---

**From:** Mark Mahfouz
**Sent:** Thursday, December 08, 2016 9:35 AM
**To:** Jeananne Frazier <JFrazier@dynesi.com>
**Cc:** Neely Saunier <neely.saunier@lh-co.com>
**Subject:** Saudi Aramco LTA (IK and OOK) - Insurance Requirements

Jeananne,

    Please send to Neely (copied on here) the entire insurance section from both Saudi Aramco LTAs (both the IK and OOK) – executed versions – just the insurance sections.

Neely,

3

**Exhibit No. A-8**
**Page 32**

Will call you later today or tomorrow to discuss the need for purchasing the required insurances contained therein.

Thanks,
Mark

4



January 20, 2017

Theresa Bonin
Marsh USA, Inc
701 Poydras Street, Suite 4125
New Orleans, LA 70139

Re:     Insurance Placement – Aramco/Dynamic Industries Project – Pipeline Crossing

Dear Theresa:

As of January 12, 2017 and as of today, there have been no known or reported losses arising out of this project.

In addition, we can confirm that the reinsurance / insurance markets are acceptable so that you can assign 100% of the insurance subscription.

Thank you for pulling this together.

Sincerely,

Roberto Rodriguez
EVP and Chief Financial Officer

**Exhibit No. A-8**
**Page 34**

| | |
|---|---|
| **From:** | Mark Mahfouz <MMahfouz@dynamicind.com> |
| **Sent:** | Wednesday, November 6, 2019 11:59 AM |
| **To:** | Parkash, Vivek; Bonin, Theresa |
| **Cc:** | Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh |
| **Subject:** | RE: Dynamic Industries - Berri Oil field Incident |
| **Attachments:** | MetLife-AIG.pdf |

Vivek,

Attached is the signed broker letter of authorization you demanded (below).

Will you be providing a completed Proposal Form (as requested) with copies of **all** of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by you/Marsh to ANB (pre January 2017)?  In other words, not just the limited information entitled "new info zip" you attached to your email to Theresa and I?

Please advise urgently.

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:18 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Theresa,

The ANB-Metlife-AIG position on proposal form is inflexible though they did accept to be on cover In Jan 2017 when the cover was bound and incepted.  This, according to them, is the regulatory requirement to have on file to issue any policy by their company. I can do as you suggested and let you know the response but it was already rejected once by them.

Best Regards,
Vivek

**Vivek Parkash** | ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

1

**Exhibit No. A-9**
**Page 1**

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Wednesday, November 06, 2019 1:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Mark is issuing the BOR and we will forward upon receipt.

With respect to the Proposal Form, ANB issued the attached COI confirming that they were on risk as of 12 January 2017 and your email of 26 January 2017, copy attached, also confirmed 100% cover placed.  The client should not need to submit any additional information at this time.

Alternatively, we request that ANB issue the policy upon submission of an unsigned application or one signed by you instead of Dynamic.  In that case, we would request that you complete the application and we note that the zip file is incomplete as it does not include all information submitted including the contract.  The placement was not handled by Mark, but Roberto Rodriguez who is no longer with Dynamic so Mark is not able to attest to the Declaration required in the Proposal Form.

We await your prompt response and the policy.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh| Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 5, 2019 9:46 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected to proceed to issue the policy citing non-submission of regulatory documents. After a lengthy meeting , the following points agreed based on which ANB will issue the policy :

1.  BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2.  Filled in Proposal Form to be provided
3.  VAT of 5%  will be payable on the premium

2

While Marsh Saudi Arabia is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted. I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط / س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks you for the update. We look forward to receiving the policy.

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone

3

**Exhibit No. A-9**
**Page 3**

On Nov 4, 2019, at 4:51 AM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:

Hi Theresa and Mark,

The update is overdue from my side and apologies for that as I did not want to simply write that it is under process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with Talal, Chief Marketing Officer who manages relation with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on the policy document issuance.  The file has been reviewed by their reinsurance manager  and as of this week the main direct insurance underwriter has been asked to list out his requirements that will enable him to issue the policy wordings.

**Timeline:**
Though it is not yet committed by the insurance company but based on the requirements ( to be listed if any) , we are pushing it to be given to us this week and if the requirements are already available with us then we will provide the documents to the underwriter same day or next day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek

Can you please provide an update on the status of this repeated request?

Thank you.
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone

**Exhibit No. A-9**
**Page 4**

On Oct 30, 2019, at 10:42 AM, Mark Mahfouz <MMahfouz@dynamicind.com>
wrote:

**Exhibit No. A-9**
**Page 5**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

... a DYNESI™ Company

January 1, 2017

**MetLife - AIG – ANB Cooperative Insurance Company**
Al-Ebdaa Tower – King Fahed Road – Olaya District
P.O. Box 56437
Riyadh  11554
Kingdom of Saudi Arabia
Tel.:  +966 (11) 5109300
Fax:  +966 (11) 5109396

<p align="center">RE:  Broker's Letter of Authorization</p>

To Whom It May Concern:

This is to confirm that, effective as of January 1, 2017, **Dynamic Industries Saudi Arabia Limited** ("DISA") has exclusively appointed MARSH Saudi Arabia Insurance & Reinsurance Brokers Saudi Arabia Riyadh, CR. No. 1010247579 ("MARSH"), to act as our insurance representative and/or broker of record and to communicate on our behalf with any insurance company, reinsurance company and/or their agent concerning DISA's commercial insurance program and/or insurance policy(ies) in connection with the Saudi Arabian Oil Company, Contract Release Purchase Order, for the DISA Project – BI-909-5 Pipelines Replace in the BRRI field.

This letter also authorizes you to furnish MARSH with all information MARSH may request from you as it pertains to our insurance contracts, rates, rating schedules, surveys, reserves, retention, policies, certificates, or other data MARSH may request, and all requirements in connection with insurance and risk management programs to which this letter applies.

This appointment of MARSH rescinds all previous appointments of DISA and the authority contained herein shall remain in full force until cancelled in writing by the undersigned.

Thank you for your courtesy and cooperation.

Sincerely,

Dynamic Industries Saudi Arabia Limited
(A Limited Liability Company)

Donald Wade Sinitiere
General Manager

---

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-9**
**Page 6**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠٠١٠٠٠،٠٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

cc.   Marsh USA, Inc.
701 Poydras Street, Suite 4125
New Orleans, LA  70139

Attention:  Theresa Bonin, Managing Director

---

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر، ٣١٩٥٢، المملكة العربية السعودية
مكتب: ٨٨٢ ١٢٤٣ (١٣) ٩٦٦+
فاكس: ٨٨٢ ١٢٤٧ (١٣) ٩٦٦+

**Exhibit No. A-9**
**Page 7**

| | |
|---|---|
| **From:** | Parkash, Vivek <Vivek.Parkash@marsh.com> |
| **Sent:** | Friday, November 8, 2019 3:13 PM |
| **To:** | Mark Mahfouz |
| **Cc:** | Bonin, Theresa; Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh |
| **Subject:** | Re: Dynamic Industries - Berri Oil field Incident |
| **Attachments:** | image001.png; image003.png |

Hi Mark,

Marsh recommend that proposal form be signed back-dated with a date of December 2016 or a date in Jan 2017 but prior to 12 Jan 2017. This will factually align with the information submitted by Dynamic to Marsh and by Marsh to the insurer at that time.

If due to unavoidable reasons , a date cannot be put on the proposal form then it can be signed undated. This is an SOS option but not the preferred one.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 8, 2019, at 5:19 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

Vivek,

Should the signed form be "back-dated" to December 2016 (when the application was made by Dynamic and all of the attachments were provided to you or should the proposal form contain no date?  Please provide explicit instructions on this point from Marsh.

Mark


**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Thursday, November 7, 2019 5:13 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark,

1

**Exhibit No. A-10**
**Page 1**

The insurer can accept undated proposal form but it has to be signed by Dynamic.

Only assurance we can give you is it does not impact insurance coverage as terms and conditions have already been agreed and the proposal form is mere statement of facts (names , address, dates…) with most items stating 'details as per attached files'.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554,
Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 11:38 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Vivek,

Please provide an update re: confirmation of approval for you to submit the Form filled out by you /
Marsh.

Mark

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:20 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Sure Mark, word file attached of the same which can be edited.

Best Regards,
Vivek

**Exhibit No. A-10**
**Page 2**

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554,
Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 12:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

If you are not going to be the one executing the form you / Marsh KSA prepared (and given our
current predicament that we are almost 3 years passed when this coverage was placed), then
please kindly send me the form you prepared in a format that can be further modified by the
individual you believe should be signing it at this stage as I believe Theresa advised you that
individual is no longer employed w Dynamic.

Than you again.
Mark

Get Outlook for iOS

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:03:18 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

The proposal form specifically asks to be signed by the proposer/insured with name and designation in
the company. Though insurance company can accept the broker to assist the insured in filling in the
proposal form but they never accept it be signed by an insurance broker here. Will get this also
confirmed in the morning.

**Exhibit No. A-10**
**Page 3**

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554,
Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:57 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

I look forward to your response in the morning. Since you / Marsh Saudi prepared the proposal
form, can it be signed by you?

Get Outlook for iOS

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:52:05 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

As I mentioned yesterday that according to Mazahir who had the lengthy meeting with ANB-Metlife-AIG
, he needed to give a signed proposal form & the BOR. I will be able to give you final confirmation in the
morning ( KSA time) if unsigned form can be accepted or not.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554,
Al-Khobar 31952, Saudi Arabia

4

(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:43 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

Thank you for providing the completed form so quickly.  It is greatly appreciated on my end.
Have you already submitted it to ANB?  If not, when do you intend to do so?  And if you already
have, can we expect to receive the policy number and policy language in the next 2-3 days from
today's date?
Please confirm.  I am traveling but await your urgent response.

Thank you again —
Mark

Get Outlook for iOS

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:37:55 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

I think our emails crossed. Please check the 5 emails sent in last 10 minutes which
contain the **completed Proposal Form with copies of** all **of the information and
documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017)
and submitted by Marsh to ANB  & reinsurers (pre January 2017).**

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice |

5

**Exhibit No. A-10**
**Page 5**

Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com| Follow Marsh on : Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 10:23 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

To confirm, I have not received anything from you.  More importantly:

> Will you / Marsh be providing a completed Proposal Form (as requested) with copies of_all_ of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by you/Marsh to ANB (pre January 2017)?

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:46 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks Mark,

Will send you the full information in multiple emails shortly. All files added were of the size of 10MB plus due to which I did not send all files yesterday.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

6

**Exhibit No. A-10**
**Page 6**

On Nov 6, 2019, at 9:00 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:


Vivek,

Attached is the signed broker letter of authorization you demanded (below).

Will you be providing a completed Proposal Form (as requested) with copies of **all** of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by you/Marsh to ANB (pre January 2017)?  In other words, not just the limited information entitled "new info zip" you attached to your email to Theresa and I?

Please advise urgently.

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:18 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Theresa,

The ANB-Metlife-AIG position on proposal form is inflexible though they did accept to be on cover In Jan 2017 when the cover was bound and incepted.  This, according to them, is the regulatory requirement to have on file to issue any policy by their company. I can do as you suggested and let you know the response but it was already rejected once by them.

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice | Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

7

**Exhibit No. A-10**
**Page 7**

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Wednesday, November 06, 2019 1:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>; Mark
Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Mark is issuing the BOR and we will forward upon receipt.

With respect to the Proposal Form, ANB issued the attached COI confirming that they
were on risk as of 12 January 2017 and your email of 26 January 2017, copy attached,
also confirmed 100% cover placed.  The client should not need to submit any additional
information at this time.

Alternatively, we request that ANB issue the policy upon submission of an unsigned
application or one signed by you instead of Dynamic.  In that case, we would request
that you complete the application and we note that the zip file is incomplete as it does
not include all information submitted including the contract.  The placement was not
handled by Mark, but Roberto Rodriguez who is no longer with Dynamic so Mark is not
able to attest to the Declaration required in the Proposal Form.

We await your prompt response and the policy.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh| Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 5, 2019 9:46 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Mark Mahfouz
<MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected
to proceed to issue the policy wordings citing non-submission of regulatory documents.
After a lengthy meeting , the following points agreed based on which ANB will issue the
policy :

**Exhibit No. A-10**
**Page 8**

1. BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2. Filled in Proposal Form to be provided
3. VAT of 5%  will be payable on the premium

While Marsh Saudi Arabia  is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted.  I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.


Best Regards,
Vivek

**Vivek Parkash**|ACII **-**Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice | Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks you for the update. We look forward to receiving the policy.


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139

9

**Exhibit No. A-10**
**Page 9**

Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Nov 4, 2019, at 4:51 AM, Parkash, Vivek
<Vivek.Parkash@marsh.com> wrote:


Hi Theresa and Mark,

The update is overdue from my side and apologies for that as I did not
want to simply write that it is under process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with Talal, Chief
Marketing Officer who manages relation with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on the policy
document issuance.  The file has been reviewed by their reinsurance
manager  and as of this week the main direct insurance underwriter has
been asked to list out his requirements that will enable him to issue the
policy wordings.

**Timeline:**
Though it is not yet committed by the insurance company but based on
the requirements ( to be listed if any) , we are pushing it to be given to
us this week and if the requirements are already available with us then
we will provide the documents to the underwriter same day or next
day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>; Laborde, James F
<James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>;
Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh
<Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident


Vivek

Can you please provide an update on the status of this repeated
request?

10

**Exhibit No. A-10**

**Page 10**

Thank you.
Theresa


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


       On Oct 30, 2019, at 10:42 AM, Mark Mahfouz
       <MMahfouz@dynamicind.com> wrote:

<MetLife-AIG.pdf>

11

| | |
|---|---|
| **From:** | Parkash, Vivek <Vivek.Parkash@marsh.com> |
| **Sent:** | Monday, November 11, 2019 11:46 AM |
| **To:** | Mark Mahfouz |
| **Cc:** | Bonin, Theresa; Laborde, James F; Wulff, Angela B; Davies, Tim; Sneesby, Mark; Dutia, Harsh |
| **Subject:** | Re: Dynamic Industries - Berri Oil field Incident |

Hi Mark,

The email was well received with the attachments. The same submitted to the insurance company. I will inform you on when the policy will be received.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On Nov 11, 2019, at 8:43 PM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

Vivek,

Please acknowledge receipt of my email (of Friday) and its attachments.  Also, can you provide an update on when I will receive the insurance policy and policy wordings from ANB.

Mark

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Friday, November 8, 2019 3:27 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Per your instructions I now attach a signed letter "back-dated with a date of December 2016".  Also attached is a .zip file with the documents provided to Marsh in December 2016.

Please confirm your receipt of both the signed letter and /zip file.  **And please obtain the policy number and policy wording I have been requesting from you/Marsh for many weeks**.

**Exhibit No. A-11**
**Page 1**

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Friday, November 8, 2019 3:13 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Hi Mark,

Marsh recommend that proposal form be signed back-dated with a date of December 2016 or a
date in Jan 2017 but prior to 12 Jan 2017. This will factually align with the information
submitted by Dynamic to Marsh and by Marsh to the insurer at that time.

If due to unavoidable reasons , a date cannot be put on the proposal form then it can be signed
undated. This is an SOS option but not the preferred one.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

> On Nov 8, 2019, at 5:19 PM, Mark Mahfouz <MMahfouz@dynamicind.com>
> wrote:
>
>
> Vivek,
>
> Should the signed form be "back-dated" to December 2016 (when the application was
> made by Dynamic and all of the attachments were provided to you or should the
> proposal form contain no date?  Please provide explicit instructions on this point from
> Marsh.
>
> Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Thursday, November 7, 2019 5:13 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F
<James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;
Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark,

**Exhibit No. A-11**
**Page 2**

The insurer can accept undated proposal form but it has to be signed by Dynamic.

Only assurance we can give you is it does not impact insurance coverage as terms and conditions have already been agreed and the proposal form is mere statement of facts (names , address, dates…) with most items stating 'details as per attached files'.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 11:38 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Vivek,

Please provide an update re: confirmation of approval for you to submit the Form filled out by you / Marsh.

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:20 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

3

Sure Mark, word file attached of the same which can be edited.

Best Regards,
Vivek

**Vivek Parkash** | ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) :  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |


**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / و س ط .

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, November 07, 2019 12:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

If you are not going to be the one executing the form you / Marsh KSA prepared (and given our current predicament that we are almost 3 years passed when this coverage was placed), then please kindly send me the form you prepared in a format that can be further modified by the individual you believe should be signing it at this stage as I believe Theresa advised you that individual is no longer employed w Dynamic.

Than you again.
Mark

Get Outlook for iOS

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 3:03:18 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;

4

**Exhibit No. A-11**
**Page 4**

Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

The proposal form specifically asks to be signed by the proposer/insured with name and
designation in the company. Though insurance company can accept the broker to assist
the insured in filling in the proposal form but they never accept it signed by an
insurance broker here. Will get this also confirmed in the morning.

Best Regards,
Vivek

**Vivek Parkash** | ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice
|
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd.
PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e)
:  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:57 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F
<James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;
Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

I look forward to your response in the morning. Since you / Marsh Saudi prepared
the proposal form, can it be signed by you?

Get Outlook for iOS

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:52:05 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F
<James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;
Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;

5

**Exhibit No. A-11**
**Page 5**

Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

As I mentioned yesterday that according to Mazahir who had the lengthy meeting with ANB-Metlife-AIG , he needed to give a signed proposal form & the BOR. I will be able to give you final confirmation in the morning ( KSA time) if unsigned form can be accepted or not.

Best Regards,
Vivek

**Vivek Parkash** | ACII **-** Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd.
PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e)
:  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image003.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No. 18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) : 1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 11:43 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Vivek,

Thank you for providing the completed form so quickly.  It is greatly appreciated on my end. Have you already submitted it to ANB?  If not, when do you intend to do so?  And if you already have, can we expect to receive the policy number and policy language in the next 2-3 days from today's date?
Please confirm.  I am traveling but await your urgent response.

Thank you again —
Mark

Get Outlook for iOS

**Exhibit No. A-11**
**Page 6**

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 2:37:55 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Mark,

I think our emails crossed. Please check the 5 emails sent in last 10 minutes which contain the**completed Proposal Form with copies of**all **of the information and documentation previously submitted by Dynamic to Marsh (in 2016 and January 2017) and submitted by Marsh to ANB & reinsurers (pre January 2017).**

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP | RMP Practice | Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com| Follow Marsh on : Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC** 

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, November 06, 2019 10:23 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

To confirm, I have not received anything from you.  More importantly:

**Will you / Marsh be providing a completed Proposal Form (as requested) with copies of**all **of the information and documentation previously submitted by Dynamic to Marsh (in**

**Exhibit No. A-11**
**Page 7**

2016 and January 2017) and submitted by you/Marsh to ANB
(pre January 2017)?

Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:46 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Laborde, James F
<James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>;
Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>;
Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks Mark,

Will send you the full information in multiple emails shortly. All files added were
of the size of 10MB plus due to which I did not send all files yesterday.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

> On Nov 6, 2019, at 9:00 PM, Mark Mahfouz
> <MMahfouz@dynamicind.com> wrote:
>
> Vivek,
>
> Attached is the signed broker letter of authorization you demanded
> (below).
>
> Will you be providing a completed Proposal Form (as requested) with
> copies of**all** of the information and documentation previously submitted
> by Dynamic to Marsh (in 2016 and January 2017) and submitted by
> you/Marsh to ANB (pre January 2017)?  In other words, not just the
> limited information entitled "new info zip" you attached to your email
> to Theresa and I?
>
> Please advise urgently.
>
> Mark

---

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Wednesday, November 6, 2019 12:18 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B

8

**Exhibit No. A-11**
**Page 8**

<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>;
Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh
<Harsh.S.Dutia@marsh.com>; Mark Mahfouz
<MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Theresa,

The ANB-Metlife-AIG position on proposal form is inflexible though they
did accept to be on cover In Jan 2017 when the cover was bound and
incepted.  This, according to them, is the regulatory requirement to
have on file to issue any policy by their company. I can do as you
suggested and let you know the response but it was already rejected
once by them.

Best Regards,
Vivek

**Vivek Parkash**|ACII -Chartered Insurance Broker| Sr Client Manager – VP |
RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki
bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e)
:  vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on
:  Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary
Authority(SAMA)
SAMA License No.18/20085 / ش / ط س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh
11583, KSA

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Wednesday, November 06, 2019 1:14 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>;
Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh
<Harsh.S.Dutia@marsh.com>; Mark Mahfouz
<MMahfouz@dynamicind.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Vivek,

Mark is issuing the BOR and we will forward upon receipt.

With respect to the Proposal Form, ANB issued the attached COI
confirming that they were on risk as of 12 January 2017 and your email

9

**Exhibit No. A-11**
**Page 9**

of 26 January 2017, copy attached, also confirmed 100% cover placed.  The client should not need to submit any additional information at this time.

Alternatively, we request that ANB issue the policy upon submission of an unsigned application or one signed by you instead of Dynamic.  In that case, we would request that you complete the application and we note that the zip file is incomplete as it does not include all information submitted including the contract.  The placement was not handled by Mark, but Roberto Rodriguez who is no longer with Dynamic so Mark is not able to attest to the Declaration required in the Proposal Form.

We await your prompt response and the policy.

Best regards,
Theresa

Theresa K. Bonin, CPCU, Managing Director
Marsh| Wortham
701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248 | Fax:  504-571-2219
theresa.bonin@marsh.com

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, November 5, 2019 9:46 AM
**To:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** RE: Dynamic Industries - Berri Oil field Incident

Hi Mark, Theresa

Today there was a contentious meeting in Riyadh with the ANB as they initially rejected to proceed to issue the policy wordings citing non-submission of regulatory documents. After a lengthy meeting , the following points agreed based on which ANB will issue the policy :

1.  BOR to be provided on client's (Dynamic Industries Saudi Arabia Ltd ) letterhead
2.  Filled in Proposal Form to be provided
3.  VAT of 5%  will be payable on the premium

While Marsh Saudi Arabia  is taking care of the VAT point, we request your help on #1 and #2. My deep apologies to request these two documents at this stage as this should have been obtained at the initial stage and irrespective of any insurer is stringent about it or not.

**Exhibit No. A-11**
**Page 10**

The BOR format is attached and you may use the English version. It has to be dated prior to policy inception date. I have suggested a date in the draft accordingly.

Proposal form is for basic information and you may mention = "detailed info attached"- it can be signed undated and we have discussed it will be accepted.  I have attached a zip folder which contains the underwriting information we had received for this project.

It is not ideal situation but we are at final stage of resolution of this matter if the above two documents can be provided, we can get the policy wordings from ANB in two or three days.

Best Regards,
Vivek

**Vivek Parkash**|ACII **-**Chartered Insurance Broker| **S**r Client Manager – VP | RMP Practice |
Marsh KSA | Eastern Province | 3rd Floor, Tanami Tower | Prince Turki bin Abdulziz Rd. PO Box 30554, Al-Khobar 31952, Saudi Arabia
(t):+966 13 8969655 (m):+973 3991 5541 ; +966 53 946 0654 ; (e) : vivek.parkash@marsh.com
www.marsh.com | Follow Marsh on
: Twitter|LinkedIn|Facebook|YouTube|

**Marsh Saudi Arabia Insurance and Reinsurance Brokers LLC**
<image001.png>

Regulated and supervised by The Saudi Arabian Monetary Authority(SAMA)
SAMA License No.18/20085 / ش / ط .س و

Head Office: Riyadh, Commercial registration number (CR) :1010247579
7th Floor Morouj Tower, Olaya Street (North), P.O.Box 53303 Riyadh 11583, KSA

---

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 4:34 PM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Mark Mahfouz <MMahfouz@dynamicind.com>; Laborde, James F <James.F.Laborde@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies, Tim <Tim.Davies@marsh.com>; Sneesby, Mark <Mark.Sneesby@marsh.com>; Dutia, Harsh <Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

Thanks you for the update. We look forward to receiving the policy.

Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139

**Exhibit No. A-11**
**Page 11**

Phone:  504-571-2211 | Cell:  504-616-8248| Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone

On Nov 4, 2019, at 4:51 AM, Parkash, Vivek
<Vivek.Parkash@marsh.com> wrote:

Hi Theresa and Mark,

The update is overdue from my side and apologies for
that as I did not want to simply write that it is under
process.

**Key  executives involved :**
Along with Mazahir , the matter has been shared with
Talal, Chief Marketing Officer who manages relation
with the insurance companies.

**Meeting/discussions :**
There have been discussions with the ANB Metlife on
the policy document issuance.  The file has been
reviewed by their reinsurance manager  and as of this
week the main direct insurance underwriter has been
asked to list out his requirements that will enable him
to issue the policy wordings.

**Timeline:**
Though it is not yet committed by the insurance
company but based on the requirements ( to be listed if
any) , we are pushing it to be given to us this week and
if the requirements are already available with us then
we will provide the documents to the underwriter same
day or next day  to get the policy wordings issued

Best Regards,
Vivek

Mobile : +973 3991 5541 ; +966 53 946 0654 ;
vivek.parkash@marsh.com

**From:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Sent:** Monday, November 04, 2019 1:40 PM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Parkash, Vivek <Vivek.Parkash@marsh.com>;
Laborde, James F <James.F.Laborde@marsh.com>;
Wulff, Angela B <Angela.B.Wulff@marsh.com>; Davies,
Tim <Tim.Davies@marsh.com>; Sneesby, Mark
<Mark.Sneesby@marsh.com>; Dutia, Harsh
<Harsh.S.Dutia@marsh.com>
**Subject:** Re: Dynamic Industries - Berri Oil field Incident

**Exhibit No. A-11**
**Page 12**

Vivek

Can you please provide an update on the status of this repeated request?

Thank you.
Theresa


Theresa K. Bonin, CPCU, Managing Director
Marsh USA Inc.| 701 Poydras Street, Suite 4125, New Orleans, LA  70139
Phone:  504-571-2211 | Cell:  504-616-8248|
Fax:  504-571-2219
theresa.bonin@marsh.com<mailto:theresa.bonin@marsh.com>
Sent from my iPhone


On Oct 30, 2019, at 10:42 AM, Mark Mahfouz <MMahfouz@dynamicind.com> wrote:

<MetLife-AIG.pdf>

13

**Exhibit No. A-11**
**Page 13**

**From:** Mark Mahfouz
**Sent:** Wednesday, July 1, 2020 9:59 AM
**To:** Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>; Nick.Hide@ae.sedgwick.com; Sasiroopan@walaa.com
**Cc:** Donnie Sinitiere (dsinitiere@dynamicind.com) <dsinitiere@dynamicind.com>; Robert Jandera
<RJandera@dynamicind.com>; Pravin Pohane <PPohane@dynamicind.com>
**Subject:** DISA Formal Cable Damage Claim

Manzoor and Nick,

As discussed during this morning's telephone conversation re: DISA's formally submitted claim for the Saudi Aramco
cable damage, attached is a copy of the COOEC provided insurance information which I understand Mr. Sinitiere has
already produced to you.  In any event, I am providing it again now at your request.

Please conform your safe receipt.

Regards,
Mark

**Mark Mahfouz | General Counsel**
Dynamic Energy Services International LLC
400 Poydras Street, Suite 1800
New Orleans, LA 70130
Direct: +1-504-684-2247 |Fax: +1-504-595-1044
Mobile: +1-504-451-7292 |Email: mmahfouz@dynesi.com

**CONFIDENTIALITY:** This e-mail and attachments may contain information which is confidential and proprietary to/for Dynamic Energy
Services International LLC and or one of its subsidiary companies and may be subject to legal privileges or restrictions.  Disclosure or
improper use of any such information without the written permission from Dynamic Energy Services International LLC or its subsidiary
organization is strictly prohibited.  If you received this e-mail in error, please notify the sender via return e-mail and delete this e-mail
from your system. Thank You.

**Exhibit No. A-12**
**Page 1**

**From:** Imad Elias <i.elias@emco.org>
**Sent:** Monday, September 28, 2020 2:40 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>; Sasi Roopan <Sasiroopan@walaa.com>; Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>; Hide, Nick <Nick.Hide@ae.sedgwick.com>; Alturki, Basmah <Basmah.Alturki@sa.sedgwick.com>; Daniela Elias <d.elias@emco.org>; Soti Demetriou <s.demetriou@emco.org>
**Subject:** RE: [EXTERNAL] DISA Claim Discussion

Dear Mark,

We have completed our review of the documentation provided to us with respect to the alleged incident that took place on 25/06/2019 at BRRI Field and are now in a position to revert to you with Insurers' position as set out below.

**Factual Liability**

Although we have received and reviewed the dive video files, we are not in a position to comment on the factual liability of Dynamic Industries Saudi Arabia Ltd ("**DISA**") towards Saudi Arabian Oil Company ("**Saudi Aramco**") and, correspondingly, the factual liability of Offshore Oil Engineering Co. Ltd., Saudi Arabia Branch ("**COOEC**") towards DISA. Such task requires consideration and assessment by a technical expert who will need to review the additional material relied on by Saudi Aramco and the ground survey reports conducted by Saudi Aramco and by DISA on which COOEC has sought to rely in its attempt to decline liability.

**Insurance Coverage**

With reference to the insurance coverage, while it is clear that the incident occurred within the territorial limits and the policy period, the coverage provided by Metlife, subject to the policy being engaged is, according to both the DISA Subcontract with COOEC and the terms of the Metlife Insurance Policy, on an excess basis while the primary cover shall be with the Insurers issuing the liability policy arranged by COOEC, in this instance Alinma Tokio Marine Company (ATMC).

1

**Exhibit No. A-13**
**Page 1**

As you know, the usual practice in offshore contracts is that both the Contractor and the Subcontractor in a project are obligated to have policies in place naming each other as additional insureds in the said policies, the intent being that the Subcontractor's insurances shall act as the primary insurance and the Contractor's insurances shall be the excess policy. Indeed, the same obligation exists in the Subcontract between DISA and COOEC (the "**Subcontract**"). In Paragraph 17 of Schedule A of the Subcontract, COOEC is obligated to carry and maintain a number of insurances, including Comprehensive General Liability. From the documentation received, we note that COOEC did take out such insurance with Alinma Tokio Marine (the "**Alinma Tokio Policy**") whilst DISA obtained comprehensive general liability cover from MetLife (the "**MetLife Policy**").

In particular, Paragraph 1.6. – "SUBCONTRACTOR's Insurance" of Schedule H of the Subcontract provides the following:

> *"Further to the provisions of Paragraph 17 of Schedule "A" , and notwithstanding anything to the contrary stated therein or elsewhere in Schedule "A", the following shall apply:*
>
> *1.6.1.  SUBCONTRACTOR agrees that its indemnity obligation herein will be supported by insurance with at least the minimum amounts provided in Paragraph 17 of Schedule "A", **which insurance will be primary to any other insurance provided by or available to anyone or more members of the Contractor Group**; and all such policies of insurance shall be endorsed to provide waivers of subrogation against all members of the Contractor Group and Company Group […].*
>
> *[…]*
>
> *1.6.3.  ALL INSURANCE POLICIES AND COVERAGES LISTED IN PARAGRAPH 17 OF SCHEDULE "A" WILL EXTEND TO AND PROTECT THE CONTRACTOR GROUP TO THE FULL EXTENT AND AMOUNT OF SUCH COVERAGE, INCLUDING EXCESS OR UMBRELLA INSURANCE AND, TO THE EXTENT OF SUBCONTRACTOR'S INDEMNITY OBLIGATIONS UNDER THIS SUBCONTRACT; **AND WILL BE PRIMARY TO, AND RECEIVE NO CONTRIBUTION FROM ANY OTHER INSURER OR SELF-INSURANCE PROGRAMS MAINTAINED BY OR ON BEHALF OF OR BENEFITING ANY MEMBER OF THE CONTRACTOR GROUP OR COMPANY GROUP** […]'*

In addition, Section IV(4)(c.) – "Method of Sharing" of the MetLife Policy provides, *inter alia*, the following:

> *"[…] If our policy and any of the other insurance or your self-insurance plan in any of the countries shown in the schedule of this Coverage Part covers a loss on the same basis, **then our policy is excess** and will apply as in b. above. If any aggregate limits of our policy are exhausted, you will reimburse us within 30 days of our demand for losses or expenses we incur under any local policies we have issued to you."*

Therefore, in the present context, it is clear that the Alinma Tokio Policy is the primary policy whilst the MetLife policy will operate as the excess policy, subject to coverage thereunder being engaged, and any recovery for this incident (noting the estimated quantum of the claim) should be sought from Alinma Tokio Marine pursuant to the Policy issued by them at the request of COOEC in compliance with their obligations under the Subcontract as aforesaid.

In this respect, we note from the email communication of Mr. Manzoor Andrabi dated 8th September 2020 that you were recommended to lodge a notification of claim with Alinma Tokio Marine in relation to this incident, considering that DISA is named as an Assured in the Alinma Tokio Policy. We trust that COOEC and / or DISA will have proceeded to notify Alinma Tokio Marine in relation to this claim pursuant to the terms of the Subcontract.

We trust the Insurers' position as set out above is noted but we stand by for any clarification that might be required.

Kind regards,

**Imad Elias**
Solicitor (England & Wales)
Managing Director



**Solicitors - Advocates - Legal Consultants**

2

**I. Elias & Co LLC**

Platinum Crest
18 Loizou Askani Street
Limassol CY-3110
Cyprus

| | |
|---|---|
| Telephone | : +357 25 800 777 |
| Facsimile | : +357 25 800 778 |
| Email | : law@eliaslawllc.com |
| Website | : www.eliaslawllc.com |

I.Elias & Co LLC is a firm of solicitors and advocates registered in Cyprus as a Lawyers Limited Company. The firm is authorised and regulated by the Cyprus Bar Association under registration number 567. The firm is also registered with the Solicitors Regulation Authority of England and Wales under registration number 621214. The VAT registration number of the company is CY10338226Q. The business of I. Elias & Co LLC is governed by our Standard Terms & Conditions and our Privacy Policy.

This e-mail and its attachments are confidential to the intended recipient(s). If the reader is not the intended recipient or agent responsible for delivery to the intended recipient any unauthorised storage, use, disclosure, copying, distribution or dissemination of this e-mail or any part thereof is strictly prohibited. If you receive this e-mail in error please email it back to us at the above email address and delete and destroy this e-mail and any attachments and any copies thereof from your system. Although any attachments to this e-mail have been checked for viruses the sender cannot accept liability in respect of any virus which has not been detected. It is the responsibility of the receiver to check that this e-mail is virus free.

 Please consider the environment before printing this email

---

**From:** Mark Mahfouz [mailto:MMahfouz@dynamicind.com]
**Sent:** 24 September 2020 20:13
**To:** Andrabi, Manzoor
**Cc:** Donnie Sinitiere; Sasi Roopan; Imad Elias; Hide, Nick; Alturki, Basmah
**Subject:** RE: [EXTERNAL] DISA Claim Discussion

Dear Manzoor,

Will you kindly provide the update DISA has been repeatedly requesting since July 1, 2020.

Thank you,
Mark

---

**From:** Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>
**Sent:** Tuesday, September 8, 2020 9:52 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>; Sasi Roopan <Sasiroopan@walaa.com>; Imad Elias <i.elias@emco.org>; Hide, Nick <Nick.Hide@ae.sedgwick.com>; Alturki, Basmah <Basmah.Alturki@sa.sedgwick.com>
**Subject:** RE: [EXTERNAL] DISA Claim Discussion

Dear Mark,

Further to our conference call this afternoon and in accordance with Counsel's request we kindly ask you to forward the following documents for our review:

1.    The "Bourbon Evolution 806" Cover Note with Gard re CGLCL Cover which was attached as item 8 of the attachments to COOEC's letter of 9th December 2019 to DISA (copy attached for your ease of reference).

2.    The deck dive log book, official dive logs, dive video files and RMM daily reports referred to in Saudi Aramco's letters dated 24th March 2020 and 7th April 2020 to DISA (copies attached for your ease of reference).

Finally, as discussed during our call, if COOEC have not lodged a claim with ATMC yet, DISA should be filing a notification of claim with Alinma Tokio Marine with respect to the incident, seeing that DISA is named as an Assured in their CGL Policy.

We will await Counsel's final deliberation on the matter and we will be reverting to you in due course.

In the meantime, for the sake of good order, Underwriters' reservation of rights is maintained.

Best regards,

**Exhibit No. A-13**
**Page 3**



**Manzoor Andrabi**
BEng MBA ASCE IFCE SLA-IRDA FIIISLA
**Principal MCL Adjuster**

**Cunningham Lindsey Saudi Arabia Ltd.**
(Soon to be Sedgwick Saudi Arabia Ltd.)
Second Floor, La Promenade Center
6309, Dhahran Road, Al-Aqrabia District
**Al-Khobar** 34446-3488, Kingdom of Saudi Arabia

Mobile: +966 (0) 56 984 22 11
Landline:+966 (13) 896 9611;  Fax: +966 (13) 896 8802
Email: Manzoor.Andrabi@sa.sedgwick.com
**www.cunninghamlindsey.com**





Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice https://www.sedgwick.com/global-privacy-policy. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

*Please consider the environment before printing this e-mail*
*c+e:200*

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Tuesday, September 8, 2020 4:03 PM
**To:** Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>
**Subject:** RE: [EXTERNAL] DISA Claim Discussion

Having trouble connecting.

---

**From:** Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>
**Sent:** Tuesday, September 8, 2020 8:02 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Subject:** RE: [EXTERNAL] DISA Claim Discussion

**Exhibit No. A-13**
**Page 4**

We are waiting.

-----Original Appointment-----
**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Tuesday, September 8, 2020 3:23 PM
**To:** Andrabi, Manzoor
**Subject:** Accepted: [EXTERNAL] DISA Claim Discussion
**When:** Tuesday, September 8, 2020 4:00 PM-5:00 PM (UTC+03:00) Kuwait, Riyadh.
**Where:** WebEx

5

**Exhibit No. A-13**
**Page 5**

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Thursday, January 7, 2021 1:10 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** [EXTERNAL] Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

<div style="background-color: yellow; color: red; text-align: center; font-weight: bold;">
Caution: This email came from outside the company.
Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe
</div>

Dear,

Its Mr. Sasi Roopan

Sasiroopan@walaa.com


Regards,

Sent from my iPhone


On 6 Jan 2021, at 8:30 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

**Exhibit No. A-14**
**Page 1**

Okay, what is the name and e-mail address of the person you spoke to at Walaa, so we know who to send that e-mail to?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:  philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 11:19 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Hi philip,

1- yes, Metlife Adjuster ( Cunngham).
2- a/b.Yes, they have an idea now but they want to make it official to discuss it with all parties involved. The email can be sent directly to Walaa/Metlife or their legal counsel or their Loss Adjuster who will raise the same to Walaa/Metlife at the end.

   C- I believe by Insured or their legal counsel. They can copy us in the email as well and we shall follow up and discuss it further with Walaa/Metlife, if requires.

Regards,

Sent from my iPhone


On 6 Jan 2021, at 5:20 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:


Zainab  /  Nizar:

Thank you for this update below.  Some questions.

1. Zainab's message below mentions that Nizar has "…discussed the subject claim verbally with the Loss Adjuster who their stand remains the same in regard to the liability and their interpretation to the Insured's policy…"   Because of what is in the third paragraph of the message, I assume this refers to the **Metlife** (Walaa) adjuster and NOT the **ATM** adjuster.  Is that accurate?

2. Zainab's message also mentions that Walaa's claim manager (which I assume now has oversight over Metlife claim matters such as this) has "…agreed that they will thoroughly study this matter and see if there is any possibility to pay the claim," but then the message also

2

said "Now, Insured/Marsh have to sent an official email with this
request to Insurers OR their appointed legal counsel to get this
matter reviewed by them."   So….

    a.  Does this mean that DISA (or Marsh on DISA's behalf)
should send an e-mail request to someone at Walaa to make
this request, and that they will not begin to the study the
matter as they had promised until the email is received?"

    b.  If so, to whom should that e-mail be sent, and what is the e-
mail address?

    c.  Under  the circumstances, do you think that e-mail should be
sent by Nizar, or would it be better if it were sent by Mark
Mahfouz (of DISA) or by DISA's legal counsel?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:    214-616-0529
e-mail:  philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 6:27 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B
<Angela.B.Wulff@marsh.com>; Radhwan, Hussein
<Hussein.Radhwan@marsh.com>; Zibian, Nizar
<Nizar.Zibian@marsh.com>; Heaume, Etienne
<Etienne.Heaume@marsh.com>; Mattar, Mohammed
<Mohammed.Mattar@marsh.com>; Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>; Mark Mahfouz
<MMahfouz@dynamicind.com>; Parkash, Vivek
<Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Dear Philip,

Sorry for not replying to you earlier as most of the team was out of
office for holidays.

This is to inform you that Nizar have discussed the subject claim
verbally with the Loss Adjuster who their stand remains the same
in regard to the liability and their interpretation to the Insured's
policy. The loss adjuster have inquired as well if ARAMCO have
informed the contractor/subcontractor of their layout before start
operating on the pipelines. As We understand thats the
subcontractor advised that their operation is far from the damage.
The loss adjuster does not seem to receive any response regarding
this item as well.

3

**Exhibit No. A-14**
**Page 3**

For Walaa, we have just got hold of their claims manager as he was out of office for the holidays. Unfortunately we have not received any positive response in regard of Insured's request to pay the claim and recover from ATM as the Policy is in Excess Policy and not a normal recovery claim. Nevertheless, after many discussions, he agreed that they will thoroughly study this matter and see if there is any possibility to pay the claim.

Now, Insured/Marsh have to sent an official email with this request to Insurers OR their appointed legal counsel to get this matter reviewed by them.

Hope the above will assist in anyway and please let me know if you have any question or you need any further assistance.

Thanks and Regards,


Sent from my iPhone


> On 5 Jan 2021, at 10:17 PM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:
>
> Hi Zainab and Nizar,
>
> Request you to please respond to Phil.
>
> Best Regards,
> Vivek
>
> m: +97339915541 ; +966539460654
> email: vivek.parkash@marsh.com
> Sent from my iPhone
>
>
> > On 5 Jan 2021, at 9:59 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:
> >
> > Vivek:
> >
> > See below.  Have you been able to connect with your Metlife contacts there in KSA ?  Have you gotten any substantive feedback from them?

4

**From:** Educate, Philip
**Sent:** Tuesday, December 29, 2020 9:15 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>
**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Vivek:

Your message below included this passage:  "Though there is merit in Dynamic's argument that main coverage be considered in Metlife / Walaa policy…"   But that is not Dynamic's ("DISA's") argument.  They acknowledge that the Alinma Tokio Marine ("ATM") policy is supposed to be primary but they argue that because ATM appears to be refusing to cover the loss**, that Metlife should step in (or "drop down" so to speak) and provide the coverage and then seek reimbursement from ATM on behalf of themselves (Metlife) and DISA.

In any event, when you've connected with your Metlife contacts there in KSA, please let me know what you hear.  Thank you for you assistance on this.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com

5

_____
_____

**From:** Parkash, Vivek
<Vivek.Parkash@marsh.com>
**Sent:** Tuesday, December 22, 2020
12:31 AM
**To:** Educate, Philip
<Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa
<Theresa.Bonin@marsh.com>; Wulff,
Angela B
<Angela.B.Wulff@marsh.com>;
Radhwan, Hussein
<Hussein.Radhwan@marsh.com>;
AlSadah, Zainab
<Zainab.AlSadah@marsh.com>; Zibian,
Nizar <Nizar.Zibian@marsh.com>;
Heaume, Etienne
<Etienne.Heaume@marsh.com>;
Mattar, Mohammed
<Mohammed.Mattar@marsh.com>;
Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>
**Subject:** RE: Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.;


Hi Phil,

Zainab and Nizar are working on this
and will update you on their progress
with Metlife / Walaa contacts.

Regarding the various documents you
shared, my view is that the current
situation is linked by Metlife / Walaa
with the  ART policy.
Though there is merit in Dynamic's
argument that main coverage be
considered in Metlife / Walaa policy
which would have been the case if
there was no  ART policy.
The legal experts engaged by insurers
have introduced primary policy and
excess policy concept as is evident in
the key correspondences shared and I
believe this is the big hurdle that needs
to be overcome now.

Best Regards,

6

Vivek

**Vivek Parkash** ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
**Marsh (Bahrain) Company SPC** |
Unitag House, 1ˢ Floor,150 Govt Avenue, P O Box 3237, Manama, Bahrain |
(t):+973 1720 4288 (m):+973 3991 5541 (e) :
vivek.parkash@marsh.com  Connect with me on LinkedIn
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |


<< OLE Object: Picture (Device Independent Bitmap) >>


_____

**From:** Educate, Philip <Philip.Educate@marsh.com>
**Sent:** Tuesday, December 22, 2020 12:34 AM
**To:** Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;


Vivek and Nizar:

Have you had a chance to review the additional documents I sent over, and/or

7

a chance to speak with the contact you
mentioned you had at Metlife / Walaa ?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only
my cell # below
cell:     214-616-0529
e-mail:   philip.educate@marsh.com

_____
_____
**From:** Educate, Philip
**Sent:** Monday, December 14, 2020 9:42
AM
**To:** Radhwan, Hussein
<Hussein.Radhwan@marsh.com>;
Parkash, Vivek
<Vivek.Parkash@marsh.com>; AlSadah,
Zainab <Zainab.AlSadah@marsh.com>;
Zibian, Nizar
<Nizar.Zibian@marsh.com>; Heaume,
Etienne
<Etienne.Heaume@marsh.com>;
Mattar, Mohammed
<Mohammed.Mattar@marsh.com>;
Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>
**Cc:** Thresa Bonin
(theresa.bonin@marsh.com)
<theresa.bonin@marsh.com>; Wulff,
Angela B <Angela.B.Wulff@marsh.com>
**Subject:** FW: Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.

Vivek and Nizar and others:

Thank you for your time today
discussing this DISA matter.  I will
calendar ahead to next week to inquire
about your communications with
Metlife.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only
my cell # below
cell:     214-616-0529
e-mail:   philip.educate@marsh.com

8

**Exhibit No. A-14**
**Page 8**

_____
_____

**From:** Educate, Philip
**Sent:** Monday, December 07, 2020
11:53 AM
**To:** AlSadah, Zainab
<Zainab.AlSadah@marsh.com>
**Cc:** Thresa Bonin
(theresa.bonin@marsh.com)
<theresa.bonin@marsh.com>
**Subject:** Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.


To:   Zainab Al Sadah:

I understand you are the Claim
Manager for Marsh Saudi
Arabia.   I'm a Claim Advocate in our
Dallas, Texas office and am
assisting local colleagues in
resolving a coverage problem that
Dynamic Industries Saudi Arabia
Ltd. ("***DISA***") is having with a claim
in Saudi Arabia.  Though I think you
may already be aware of the basic
facts of the case, I've described
them here, below:

**Circumstances**:   Dynamic
Industries Saudi Arabia Ltd. ("***DISA***")
executed a contract with SAO to
serve as Prime Contractor on SAO's
Pipelines Replacement Project in the
Berri Oilfield in Saudi
Arabia.  Among the portions of this
project was to an underwater
cable.   For that portion of the
project, DISA executed a sub-
contract with Offshore Oil
Engineering Co. Ltd. ("***OOEC***") to
serve as a critical subcontractor.   It
was later  discovered that OOEC
had caused $5,000,000 to
$10,000,000 damage to that
underwater cable.  OOEC's carrier -
Alinma Tokio Marine ("***ATM***") denied
coverage to DISA despite their
policy having included an "Additional
Insured" endorsement granting A.I.
status to DISA.  Despite this
(alleged) non-coverage, DISA's own
insurer, Metlife, is insisting that
9

**Exhibit No. A-14**
**Page 9**

ATM's policy affords primary coverage for DISA and that, as such, the "Other Insurance" provisions in DISA's own policy apply that Metlife coverage ONLY on an excess basis.  Because both policies' $10,000,000 limits exceed the roughly $7,000,000 value of the loss, Metlife's "excess-only" position is, effectively, a declination of coverage.

Coverage litigation would quickly resolve this "tug-of-war" between ATM and Metlife, but DISA doesn't have enough time to initiate and resolve coverage litigation because in the meantime, their customer, SAO, is putting much pressure on them to resolve the claim.  So… we want to appeal to someone high up in Metlife's claim operations in the Saudi Arabian region, to persuade them to handle this claim for DISA and then seek reimbursement from ATM after the fact.  Thus, we seek your help in identifying the best person in Metlife's Saudi Arabian region to whom to direct this appeal.  **Whom might you suggest?**

Just in case you might want to see them, I've attached the individual pieces of correspondence between DISA and Metlife's coverage attorney, on this coverage matter.
<< File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-09-28 - Disclaimer re Primacy.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-10-16 - rebuttal.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-16 - reply to rebuttal.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-21 - second rebuttal.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-12-03 - reply to second rebuttal.pdf >>

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201

10

**Exhibit No. A-14**
**Page 10**

desk:   until further notice, please use only
my cell # below
cell:      214-616-0529
e-mail:  philip.educate@marsh.com

---

**************************************************************************

This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
**************************************************************************

**Exhibit No. A-14**

**Page 11**

**From:** Educate, Philip <Philip.Educate@marsh.com>
**Sent:** Friday, January 8, 2021 9:45 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Subject:** [EXTERNAL] 20NEWO366814 Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

> **Caution: This email came from outside the company.**
> **Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe**

Mark:

confirming our conversation today... you'll be conferring internally with counsel about how best to proceed with the formal request (for re-review) that the Walaa / Metlife claim manager has requested in order to re-open this analysis.  As seen below, our KSA colleagues have learned that they want the reuqest sent to:  Mr. Sasi Roopan  at  Sasiroopan@walaa.com.

As we discussed, I think its best for that request to come from DISA or DISA's counsel, but I'm happy to take care of it as well if you should so decide.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:  philip.educate@marsh.com

> **From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
> **Sent:** Thursday, January 07, 2021 1:10 AM
> **To:** Educate, Philip <Philip.Educate@marsh.com>
> **Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan,

1

**Exhibit No. A-15**
**Page 1**

Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Dear,

==Its Mr. Sasi Roopan==

==Sasiroopan@walaa.com==

Regards,

Sent from my iPhone

On 6 Jan 2021, at 8:30 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

Okay, what is the name and e-mail address of the person you spoke to at Walaa, so we know who to send that e-mail to?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:     until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:   philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 11:19 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Hi philip,

1- yes, Metlife Adjuster ( Cunngham).
2- a/b.Yes, they have an idea now but they want to make it official to discuss it with all parties involved. The email can be sent directly to Walaa/Metlife or their legal counsel or their Loss Adjuster who will raise the same to Walaa/Metlife at the end.

**Exhibit No. A-15**
**Page 2**

C- I believe by Insured or their legal counsel. They can copy us in the email as well and we shall follow up and discuss it further with Walaa/Metlife, if requires.

Regards,

Sent from my iPhone

> On 6 Jan 2021, at 5:20 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

Zainab / Nizar:

Thank you for this update below. Some questions.

1. Zainab's message below mentions that Nizar has "…discussed the subject claim verbally with the Loss Adjuster who their stand remains the same in regard to the liability and their interpretation to the Insured's policy…" Because of what is in the third paragraph of the message, I assume this refers to the **Metlife** (Walaa) adjuster and NOT the **ATM** adjuster. Is that accurate?

2. Zainab's message also mentions that Walaa's claim manager (which I assume now has oversight over Metlife claim matters such as this) has "…agreed that they will thoroughly study this matter and see if there is any possibility to pay the claim," but then the message also said "Now, Insured/Marsh have to sent an official email with this request to Insurers OR their appointed legal counsel to get this matter reviewed by them." So….
   a. Does this mean that DISA (or Marsh on DISA's behalf) should send an e-mail request to someone at Walaa to make this request, and that they will not begin to the study the matter as they had promised until the email is received?"
   b. If so, to whom should that e-mail be sent, and what is the e-mail address?
   c. Under the circumstances, do you think that e-mail should be sent by Nizar, or would it be better if it were sent by Mark Mahfouz (of DISA) or by DISA's legal counsel?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX 75201
desk:   until further notice, please use only my cell # below
cell:   214-616-0529
e-mail:   philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 6:27 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela

**Exhibit No. A-15**
**Page 3**

B <[Angela.B.Wulff@marsh.com](mailto:Angela.B.Wulff@marsh.com)>; Radhwan, Hussein
<[Hussein.Radhwan@marsh.com](mailto:Hussein.Radhwan@marsh.com)>; Zibian, Nizar
<[Nizar.Zibian@marsh.com](mailto:Nizar.Zibian@marsh.com)>; Heaume, Etienne
<[Etienne.Heaume@marsh.com](mailto:Etienne.Heaume@marsh.com)>; Mattar, Mohammed
<[Mohammed.Mattar@marsh.com](mailto:Mohammed.Mattar@marsh.com)>; Olaiwat, Hassan
<[Hassan.Olaiwat@marsh.com](mailto:Hassan.Olaiwat@marsh.com)>; Mark Mahfouz
<[MMahfouz@dynamicind.com](mailto:MMahfouz@dynamicind.com)>; Parkash, Vivek
<[Vivek.Parkash@marsh.com](mailto:Vivek.Parkash@marsh.com)>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia
Ltd.;

Dear Philip,

Sorry for not replying to you earlier as most of the team
was out of office for holidays.

This is to inform you that Nizar have discussed the subject
claim verbally with the Loss Adjuster who their stand
remains the same in regard to the liability and their
interpretation to the Insured's policy. The loss adjuster
have inquired as well if ARAMCO have informed the
contractor/subcontractor of their layout before start
operating on the pipelines. As We understand thats the
subcontractor advised that their operation is far from the
damage. The loss adjuster does not seem to receive any
response regarding this item as well.

For Walaa, we have just got hold of their claims manager
as he was out of office for the holidays. Unfortunately we
have not received any positive response in regard of
Insured's request to pay the claim and recover from ATM
as the Policy is in Excess Policy and not a normal recovery
claim. Nevertheless, after many discussions, he agreed that
they will thoroughly study this matter and see if there is
any possibility to pay the claim.

Now, Insured/Marsh have to sent an official email with this
request to Insurers OR their appointed legal counsel to get
this matter reviewed by them.

Hope the above will assist in anyway and please let me
know if you have any question or you need any further
assistance.

Thanks and Regards,

Sent from my iPhone

**Exhibit No. A-15**
**Page 4**

On 5 Jan 2021, at 10:17 PM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:

Hi Zainab and Nizar,

Request you to please respond to Phil.

Best Regards,
Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone

On 5 Jan 2021, at 9:59 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

Vivek:

See below.  Have you been able to connect with your Metlife contacts there in KSA ?  Have you gotten any substantive feedback from them?

**From:** Educate, Philip
**Sent:** Tuesday, December 29, 2020 9:15 AM
**To:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>
**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Vivek:

5

**Exhibit No. A-15**
**Page 5**

Your message below included this passage:  "Though there is merit in Dynamic's argument that main coverage be considered in Metlife / Walaa policy…"   But that is not Dynamic's ("DISA's") argument.  They acknowledge that the Alinma Tokio Marine ("ATM") policy is supposed to be primary but they argue that because ATM appears to be refusing to cover the loss**, that Metlife should step in (or "drop down" so to speak) and provide the coverage and then seek reimbursement from ATM on behalf of themselves (Metlife) and DISA.

In any event, when you've connected with your Metlife contacts there in KSA, please let me know what you hear.  Thank you for you assistance on this.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com

_____
_____

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, December 22, 2020 12:31 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>

6

**Exhibit No. A-15**
**Page 6**

**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Hi Phil,

Zainab and Nizar are working on this and will update you on their progress with Metlife / Walaa contacts.

Regarding the various documents you shared, my view is that the current situation is linked by Metlife / Walaa with the  ART policy.
Though there is merit in Dynamic's argument that main coverage be considered in Metlife / Walaa policy which would have been the case if there was no  ART policy.
The legal experts engaged by insurers have introduced primary policy and excess policy concept as is evident in the key correspondences shared and I believe this is the big hurdle that needs to be overcome now.

Best Regards,
Vivek


**Vivek Parkash** ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice |
**Marsh (Bahrain) Company SPC** |
Unitag House, 1ˢᵗ Floor,150 Govt Avenue, P O Box 3237, Manama, Bahrain |
(t):+973 1720 4288 (m):+973 3991 5541 (e) :
vivek.parkash@marsh.com  Connect with me on LinkedIn
www.marsh.com | Follow Marsh on : Twitter | LinkedIn | Facebook | YouTube |


<< OLE Object: Picture (Device Independent Bitmap) >>

_____
_____

**From:** Educate, Philip

7

**Exhibit No. A-15**
**Page 7**

<Philip.Educate@marsh.com>
**Sent:** Tuesday, December 22, 2020
12:34 AM
**To:** Radhwan, Hussein
<Hussein.Radhwan@marsh.com>;
Parkash, Vivek
<Vivek.Parkash@marsh.com>; AlSadah,
Zainab <Zainab.AlSadah@marsh.com>;
Zibian, Nizar
<Nizar.Zibian@marsh.com>; Heaume,
Etienne
<Etienne.Heaume@marsh.com>;
Mattar, Mohammed
<Mohammed.Mattar@marsh.com>;
Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>
**Cc:** Bonin, Theresa
<Theresa.Bonin@marsh.com>; Wulff,
Angela B <Angela.B.Wulff@marsh.com>
**Subject:** RE: Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.;


Vivek and Nizar:

Have you had a chance to review the
additional documents I sent over, and/or
a chance to speak with the contact you
mentioned you had at Metlife / Walaa ?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only
my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com


_____
_____
**From:** Educate, Philip
**Sent:** Monday, December 14, 2020 9:42
AM
**To:** Radhwan, Hussein
<Hussein.Radhwan@marsh.com>;
Parkash, Vivek
<Vivek.Parkash@marsh.com>; AlSadah,
Zainab <Zainab.AlSadah@marsh.com>;
Zibian, Nizar
<Nizar.Zibian@marsh.com>; Heaume,
Etienne
<Etienne.Heaume@marsh.com>;

Mattar, Mohammed
<Mohammed.Mattar@marsh.com>;
Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>
**Cc:** Thresa Bonin
(theresa.bonin@marsh.com)
<theresa.bonin@marsh.com>; Wulff,
Angela B <Angela.B.Wulff@marsh.com>
**Subject:** FW: Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.

Vivek and Nizar and others:

Thank you for your time today
discussing this DISA matter.  I will
calendar ahead to next week to inquire
about your communications with
Metlife.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only
my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com

_____
_____
**From:** Educate, Philip
**Sent:** Monday, December 07, 2020
11:53 AM
**To:** AlSadah, Zainab
<Zainab.AlSadah@marsh.com>
**Cc:** Thresa Bonin
(theresa.bonin@marsh.com)
<theresa.bonin@marsh.com>
**Subject:** Saudi Aramco v. Dynamic
Industries Saudi Arabia Ltd.

To:   Zainab Al Sadah:

I understand you are the Claim
Manager for Marsh Saudi
Arabia.   I'm a Claim Advocate in our
Dallas, Texas office and am
assisting local colleagues in
resolving a coverage problem that
Dynamic Industries Saudi Arabia
Ltd. ("**DISA**") is having with a claim
in Saudi Arabia.  Though I think you

9

**Exhibit No. A-15**
**Page 9**

may already be aware of the basic facts of the case, I've described them here, below:

**Circumstances**:   Dynamic Industries Saudi Arabia Ltd. ("***DISA***") executed a contract with SAO to serve as Prime Contractor on SAO's Pipelines Replacement Project in the Berri Oilfield in Saudi Arabia.  Among the portions of this project was to an underwater cable.   For that portion of the project, DISA executed a sub-contract with Offshore Oil Engineering Co. Ltd. ("***OOEC***") to serve as a critical subcontractor.   It was later  discovered that OOEC had caused $5,000,000 to $10,000,000 damage to that underwater cable.  OOEC's carrier - Alinma Tokio Marine ("***ATM***") denied coverage to DISA despite their policy having included an "Additional Insured" endorsement granting A.I. status to DISA.  Despite this (alleged) non-coverage, DISA's own insurer, Metlife, is insisting that ATM's policy affords primary coverage for DISA and that, as such, the "Other Insurance" provisions in DISA's own policy apply that Metlife coverage ONLY on an excess basis.  Because both policies' $10,000,000 limits exceed the roughly $7,000,000 value of the loss, Metlife's "excess-only" position is, effectively, a declination of coverage.

Coverage litigation would quickly resolve this "tug-of-war" between ATM and Metlife, but DISA doesn't have enough time to initiate and resolve coverage litigation because in the meantime, their customer, SAO, is putting much pressure on them to resolve the claim.   So… we want to appeal to someone high up in Metlife's claim operations in the Saudi Arabian region, to persuade them to handle this claim for DISA and then seek reimbursement from ATM after the fact.  Thus, we seek your help in identifying the best

10

**Exhibit No. A-15**
**Page 10**

person in Metlife's Saudi Arabian region to whom to direct this appeal. **Whom might you suggest?**

Just in case you might want to see them, I've attached the individual pieces of correspondence between DISA and Metlife's coverage attorney, on this coverage matter. << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-09-28 - Disclaimer re Primacy.pdf >> << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-10-16 - rebuttal.pdf >> << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-16 - reply to rebuttal.pdf >> << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-21 - second rebuttal.pdf >> << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-12-03 - reply to second rebuttal.pdf >>

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:   until further notice, please use only my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com

---

*********************************************************************
This e-mail, including any attachments that accompany it, may contain information that is confidential or privileged. This e-mail is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail and are not an intended recipient, any disclosure, distribution, copying or other use or retention of this email or information contained within it are prohibited. If you have received this email in error, please immediately reply to the sender via e-mail and also permanently delete all copies of the original message together with any of its attachments from your computer or device.
*********************************************************************

**Exhibit No. A-15**
**Page 11**

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Thursday, January 21, 2021 12:18 PM
**To:** Educate, Philip <Philip.Educate@marsh.com>; Bonin, Theresa <Theresa.Bonin@marsh.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Subject:** [EXTERNAL] FW: MetLife / Walaa Insurance Policy No. P/11/706/24

Hi Phil,

I am forwarding the response I received today from Mr. Roopan at Walaa (see below).  I have to say I am quite disappointed as it seems like the exact scenario I had feared has come to pass.  You will recall that we discussed before sending the exact "scope" of this request and its targeted audience.  We were told that it should be directed strictly to Mr. Roopan and a "reconsideration" was going to occur.  From his response, it seems like we are simply going to receive the same response form their external legal counsel.  Perhaps I am missing some of the behind the scenes discussions.  Can you provide some comment/advice?

Thanks,
Mark

**From:** Sasi Roopan <Sasiroopan@walaa.com>
**Sent:** Thursday, January 21, 2021 1:28 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>; Andrabi, Manzoor <Manzoor.Andrabi@sa.sedgwick.com>; Imad Elias <i.elias@emco.org>; Mohammed Hussain Ibrahem <m.hussain@walaa.com>; Samuel Ezekiel <ezekiel@walaa.com>; Wasif F. Minhas <wminhas@walaa.com>; Syed Siddiq Mehdi <Syed.Siddiq@walaa.com>; Hide, Nick <Nick.Hide@ae.sedgwick.com>
**Subject:** [EXTERNAL] RE: MetLife / Walaa Insurance Policy No. P/11/706/24

**Caution: This email came from outside the company.**
**Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe**

Dear Mr. Mahfouz,

Many thanks for your advice dated 14th January 2021.

I respectfully disagree with the points you had mentioned therein,  however,  have forwarded your advice to our legal counsel Imad Elias & Co.  and loss adjusters Cunningham for their review and response.

1

**Exhibit No. A-16**
**Page 1**

Thanking you for your understanding and cooperation

Best regards,

**Sasi Roopan**
Senior General Claims Manager

Email    : sasiroopan@walaa.com
Office   : +966 13 8299 570
Mobile  : +966 56 915 5033

**Walaa Cooperative Insurance Company**
4513, Adh Dhahran Al Khubar Al Janubiyah
Unit No: 8, Al-Khobar 34621-8615
Kingdom of Saudi Arabia

**800 1199 222**
**92 000 1742**

**Moody's** Ratings – **A3**
**S&P Global** Ratings – gc**AA+**

Certified in
**ISO 9001:2015, ISO 27001:2013**
**ISO 22301:2012 & ISO 45001:2018**
Licensed & Supervised by
**Saudi Central Bank**
License #: TMN/16/20087



**walaainsurance**



A Saudi Joint Stock Company
Fully Paid Capital SAR 646m
Unified #: 7001526578

**walaa.com**

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Wednesday, January 20, 2021 5:15 PM
**To:** Sasi Roopan <Sasiroopan@walaa.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Subject:** RE: MetLife / Walaa Insurance Policy No. P/11/706/24

Greetings Mr. Roopan,

Would you please confirm by return response for me that you received my email to you of January 14, 2020 (below) and are reviewing and analyzing same.

Awaiting confirmation from you.

Regards,
Mark

---

**From:** Mark Mahfouz
**Sent:** Monday, January 18, 2021 3:20 PM
**To:** 'Sasi Roopan' <Sasiroopan@walaa.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Subject:** RE: MetLife / Walaa Insurance Policy No. P/11/706/24

Dear Mr. Roopan,

Would you please kindly confirm receipt of my email to you of January 14, 2020.

Thank you,

**Exhibit No. A-16**
**Page 2**

Mark

---

**From:** Mark Mahfouz
**Sent:** Thursday, January 14, 2021 4:38 PM
**To:** 'Sasi Roopan' <Sasiroopan@walaa.com>
**Cc:** Donnie Sinitiere <dsinitiere@dynamicind.com>
**Subject:** MetLife / Walaa Insurance Policy No. P/11/706/24

Dear Mr. Sasi Roopan,

By way of introduction, I am the General Counsel of Dynamic Energy Services International LLC, and am writing this email to you in furtherance of the pending insurance claim filed by Dynamic Industries Saudi Arabia, Ltd. ("DISA"), and Dynamic Industries International, L.L.C. ("DII") under Policy No. P/11/706/24 (the "Policy"), issued by MetLife and Walaa. I understand, by way of communications initiated by DISA and DII's insurance broker, Marsh, that you have agreed to further evaluate coverage for this claim and I was directed (by Marsh) to send this email communication directly to you by email at this email address.

First and foremost, I think an understanding of the purpose for which DISA and DII procured the Policy is important. Using the services of Dynamic's local broker (Marsh) here in Louisiana, DISA and DII sought to procure a policy of insurance to protect the companies for the liabilities assumed in the long term services contracts that the companies were going to execute for work for the Saudi Arabian Oil Company (and its subsidiary in the Netherlands) ("Saudi Aramco") in the Kingdom of Saudi Arabia (and outside of the Kingdom). This was an intensive, laborious process. So, you can imagine DISA and DII's frustration when they have sought coverage for the very risks to be insured, and were told that the coverage is secondary because another insurer should be covering, especially after paying hefty premiums (including an increase in premiums due to the subject incident) for such coverage for multiple years. The frank truth is that DISA and DII feel that they have paid and maintained a healthy insurance premium, but the bargained for risk is not being covered. This has put DISA, and Dynamic Industries, Inc. as guarantor of the DISA contract to Saudi Aramco, in a very difficult position, and has caused issues (and continues to cause issues) with DISA's client, Saudi Aramco.

DISA has previously set forth the factual basis for coverage, and I do not think it bears repeating here. The circumstances of the loss are not contested. The main stumbling block to resolution appears to be the disagreement over whether the Policy provides primary coverage for DISA/DII or is excess to other available insurance. Hopefully, this issue can be resolved because regardless of what subrogation rights may exist, the plain fact is that DISA/DII have no other available insurance. The insurer of DISA's major Subcontractor (COOEC) has, despite repeated demands by DISA's GM, simply denied coverage. Their position declining coverage under, presumably, the contractual liability exclusion in their policy, is attached for your reference. Thus, DISA and DII have no "other insurance" to cover this claim, and the "Methods of Sharing" portion of the Policy are not applicable.

While DISA/DII are confident that the above will guide your decision, DISA/DII do continue to take issue with the previous conclusion that the Policy's "other insurance" provisions result in no coverage to DISA/DII. This seems to ignore the basic bargain that was struck and the reason why DISA/DII purchased the Policy in the first instance. As stressed in Mr. Sinitiere's October 16, 2020 request for coverage (attached for your ease of reference), whether, after covering the claim, MetLife and Walaa have subrogation rights against other responsible parties is not DISA/DII's concern. DISA/DII purchased, and expect, first party coverage, and are more than happy to assist in the recovery of any payments by way of subrogation. But this should not alter the contractual obligations undertaken in the Policy, which is one of primary liability, not excess.

I am happy to make myself available to answer any questions you may have. I am sending this directly to you alone at the request of Marsh. If you would like for me to send it to others as well please advise. Many thanks for your prompt attention to this matter.

**Exhibit No. A-16**
**Page 3**

Kind regards,
Mark


**Mark Mahfouz | General Counsel**
Dynamic Energy Services International LLC
400 Poydras Street, Suite 1800
New Orleans, LA 70130
Direct: +1-504-684-2247 |Fax: +1-504-595-1044
Mobile: +1-504-451-7292 |Email: mmahfouz@dynesi.com

**CONFIDENTIALITY:** This e-mail and attachments may contain information which is confidential and proprietary to/for Dynamic Energy Services International LLC and or one of its subsidiary companies and may be subject to legal privileges or restrictions.  Disclosure or improper use of any such information without the written permission from Dynamic Energy Services International LLC or its subsidiary organization is strictly prohibited.  If you received this e-mail in error, please notify the sender via return e-mail and delete this e-mail from your system. Thank You.

Disclaimer: The information in this email and in any files transmitted with it, is intended only for the addressee and may contain confidential and/or privileged material. Access to this email by anyone else is unauthorized. If you receive this in error, please contact the sender immediately and delete the material from any computer. If you are not the intended recipient, any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on it, is strictly prohibited. Statement and opinions expressed in this e-mail are those of the sender, and do not necessarily reflect those of Walaa Cooperative Insurance Company. Walaa Cooperative Insurance Company, Listed Insurance Company, Supervised & Licensed by Saudi Arabian Monetary Authority as per license No. TMN/16/20087

**Exhibit No. A-16**
**Page 4**

**Brickman, Jennifer**

| | |
|---|---|
| **From:** | Educate, Philip <Philip.Educate@marsh.com> |
| **Sent:** | Tuesday, January 12, 2021 2:15 PM |
| **To:** | Mark Mahfouz |
| **Cc:** | Bonin, Theresa |
| **Subject:** | [EXTERNAL] 20NEWO366814   Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd. |

**Caution: This email came from outside the company.**
**Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe**

Mark:

My understanding about what is different "this time around" so to speak, is that our Saudi colleagues have advised that the Walaa manager of the Metlife adjuster had previously just gone along with the adjuster's conclusion/ position, but now has affirmatively pledged his cooperation (in re-reviewing) upon receipt of a formal request from DISA.  In other words, its my understanding that although he had been in the loop in the past, he was sort ot just passively rubber stamping it.

So at this point - and especially if he can be provided with a clear/definitive "denial of coverage" letter/email from ATM  - I do regard this is a fresh look - and an "escalated" fresh look in the sense  that the manager will be engaged in a way he was not before.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:     214-616-0529
e-mail:  philip.educate@marsh.com

---

**From:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Sent:** Tuesday, January 12, 2021 2:06 PM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Subject:** RE: 20NEWO366814 Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Phil,

As I started to prepare a "formal request (for re-review) that the Walaa / Metlife claim manager has requested in order to re-open this analysis", I discovered that the intended Walaa recipient (Mr. Sasi Roopan) has been an active recipient of all communications from legal counsel (Imad Elias) purporting to act for the underwriters (presumably Walaa and MetLife).  While the email chain suggesting this course of action from Zainab AlSadah was difficult to follow, I was under the impression that somebody "new" was getting involved.  When you and I spoke on Friday, you indicated someone "higher up" would be taking a "fresh look" at DISA's claim.  However, it now appears to be simply a continued discussion amongst the same persons who have already made decisions and/or are not going to seriously evaluate the coverage (see attached for the latest – you will note Mr. Roopan is in copy).

You were going to appeal to someone high up in Walaa / Metlife's claim operations in the Saudi Arabian region, to persuade them to handle this claim for DISA and then seek reimbursement from ATM after the fact.  Am I missing something?  Perhaps there is something in the broker parlance about a "reconsideration," but I am concerned that we are just spinning our wheels in finding someone who, in Zainab's words, would "thoroughly

1

**Exhibit No. A-16**
**Page 5**

study this matter and see if there is any possibility to pay the claim." Your insight and guidance is appreciated. I would prefer to avoid assembling all of these arguments, correspondence, etc., only to get the same response from the same individuals involved.

Regards,
Mark

---

**From:** Educate, Philip <Philip.Educate@marsh.com>
**Sent:** Friday, January 8, 2021 9:45 AM
**To:** Mark Mahfouz <MMahfouz@dynamicind.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>
**Subject:** [EXTERNAL] 20NEWO366814 Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

> **Caution: This email came from outside the company.**
> Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe

Mark:

confirming our conversation today… you'll be conferring internally with counsel about how best to proceed with the formal request (for re-review) that the Walaa / Metlife claim manager has requested in order to re-open this analysis. As seen below, our KSA colleagues have learned that they want the reuqest sent to: Mr. Sasi Roopan at Sasiroopan@walaa.com.

As we discussed, I think its best for that request to come from DISA or DISA's counsel, but I'm happy to take care of it as well if you should so decide.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX 75201
desk:    until further notice, please use only my cell # below
cell:    214-616-0529
e-mail: philip.educate@marsh.com

---

> **From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
> **Sent:** Thursday, January 07, 2021 1:10 AM
> **To:** Educate, Philip <Philip.Educate@marsh.com>
> **Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
> **Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;
>
> Dear,
>
> Its Mr. Sasi Roopan
>
> Sasiroopan@walaa.com
>
> Regards,

**Exhibit No. A-16**
**Page 6**

Sent from my iPhone

On 6 Jan 2021, at 8:30 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

Okay, what is the name and e-mail address of the person you spoke to at Walaa, so we know who to send that e-mail to?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:   until further notice, please use only my cell # below
cell:    214-616-0529
e-mail:  philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 11:19 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Hi philip,

1- yes, Metlife Adjuster ( Cunngham).
2- a/b.Yes, they have an idea now but they want to make it official to discuss it with all parties involved. The email can be sent directly to Walaa/Metlife or their legal counsel or their Loss Adjuster who will raise the same to Walaa/Metlife at the end.
   C- I believe by Insured or their legal counsel. They can copy us in the email as well and we shall follow up and discuss it further with Walaa/Metlife, if requires.

Regards,

Sent from my iPhone

On 6 Jan 2021, at 5:20 PM, Educate, Philip <Philip.Educate@marsh.com> wrote:

Zainab  /  Nizar:

Thank you for this update below.  Some questions.

3

**Exhibit No. A-16**
**Page 7**

1. Zainab's message below mentions that Nizar has "…discussed the subject claim verbally with the Loss Adjuster who their stand remains the same in regard to the liability and their interpretation to the Insured's policy…"   Because of what is in the third paragraph of the message, I assume this refers to the **Metlife** (Walaa) adjuster and NOT the **ATM** adjuster.  Is that accurate?

2. Zainab's message also mentions that Walaa's claim manager (which I assume now has oversight over Metlife claim matters such as this) has "…agreed that they will thoroughly study this matter and see if there is any possibility to pay the claim," but then the message also said "Now, Insured/Marsh have to sent an official email with this request to Insurers OR their appointed legal counsel to get this matter reviewed by them."   So….
   a. Does this mean that DISA (or Marsh on DISA's behalf) should send an e-mail request to someone at Walaa to make this request, and that they will not begin to the study the matter as they had promised until the email is received?"
   b. If so, to whom should that e-mail be sent, and what is the e-mail address?
   c. Under  the circumstances, do you think that e-mail should be sent by Nizar, or would it be better if it were sent by Mark Mahfouz (of DISA) or by DISA's legal counsel?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:   until further notice, please use only my cell # below
cell:    214-616-0529
e-mail:  philip.educate@marsh.com

---

**From:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Sent:** Wednesday, January 06, 2021 6:27 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>; Mark Mahfouz <MMahfouz@dynamicind.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>
**Subject:** Re: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Dear Philip,

4

Sorry for not replying to you earlier as most of the team was out of office for holidays.

This is to inform you that Nizar have discussed the subject claim verbally with the Loss Adjuster who their stand remains the same in regard to the liability and their interpretation to the Insured's policy. The loss adjuster have inquired as well if ARAMCO have informed the contractor/subcontractor of their layout before start operating on the pipelines. As We understand thats the subcontractor advised that their operation is far from the damage. The loss adjuster does not seem to receive any response regarding this item as well.

For Walaa, we have just got hold of their claims manager as he was out of office for the holidays. Unfortunately we have not received any positive response in regard of Insured's request to pay the claim and recover from ATM as the Policy is in Excess Policy and not a normal recovery claim. Nevertheless, after many discussions, he agreed that they will thoroughly study this matter and see if there is any possibility to pay the claim.

Now, Insured/Marsh have to sent an official email with this request to Insurers OR their appointed legal counsel to get this matter reviewed by them.

Hope the above will assist in anyway and please let me know if you have any question or you need any further assistance.

Thanks and Regards,


Sent from my iPhone

> On 5 Jan 2021, at 10:17 PM, Parkash, Vivek <Vivek.Parkash@marsh.com> wrote:
>
>  Hi Zainab and Nizar,
>
> Request you to please respond to Phil.
>
> Best Regards,

5

Vivek

m: +97339915541 ; +966539460654
email: vivek.parkash@marsh.com
Sent from my iPhone


On 5 Jan 2021, at 9:59 PM,
Educate, Philip
<Philip.Educate@marsh.com
> wrote:


Vivek:

See below.  Have you been able
to connect with your Metlife
contacts there in KSA ?  Have
you gotten any substantive
feedback from them?


**From:** Educate, Philip
**Sent:** Tuesday, December 29,
2020 9:15 AM
**To:** Parkash, Vivek
<Vivek.Parkash@marsh.com>
**Cc:** Bonin, Theresa
<Theresa.Bonin@marsh.com>;
Wulff, Angela B
<Angela.B.Wulff@marsh.com>;
Radhwan, Hussein
<Hussein.Radhwan@marsh.co
m>; AlSadah, Zainab
<Zainab.AlSadah@marsh.com>;
Zibian, Nizar
<Nizar.Zibian@marsh.com>;
Heaume, Etienne
<Etienne.Heaume@marsh.com
>; Mattar, Mohammed
<Mohammed.Mattar@marsh.c
om>; Olaiwat, Hassan
<Hassan.Olaiwat@marsh.com>
**Subject:** RE: Saudi Aramco v.
Dynamic Industries Saudi Arabia
Ltd.;

Vivek:

Your message below included
this passage:  "Though there is
merit in Dynamic's argument
that main coverage be
considered in Metlife / Walaa

6

**Exhibit No. A-16**
**Page 10**

policy…"   But that is not Dynamic's ("DISA's") argument.  They acknowledge that the Alinma Tokio Marine ("ATM") policy is supposed to be primary but they argue that because ATM appears to be refusing to cover the loss**, that Metlife should step in (or "drop down" so to speak) and provide the coverage and then seek reimbursement from ATM on behalf of themselves (Metlife) and DISA.

In any event, when you've connected with your Metlife contacts there in KSA, please let me know what you hear.  Thank you for you assistance on this.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:  philip.educate@marsh.com

_____
_____

**From:** Parkash, Vivek <Vivek.Parkash@marsh.com>
**Sent:** Tuesday, December 22, 2020 12:31 AM
**To:** Educate, Philip <Philip.Educate@marsh.com>
**Cc:** Bonin, Theresa <Theresa.Bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>; Radhwan, Hussein <Hussein.Radhwan@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>

7

**Exhibit No. A-16**
**Page 11**

**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;

Hi Phil,

Zainab and Nizar are working on this and will update you on their progress with Metlife / Walaa contacts.

Regarding the various documents you shared, my view is that the current situation is linked by Metlife / Walaa with the  ART policy. Though there is merit in Dynamic's argument that main coverage be considered in Metlife / Walaa policy which would have been the case if there was no  ART policy.
The legal experts engaged by insurers have introduced primary policy and excess policy concept as is evident in the key correspondences shared and I believe this is the big hurdle that needs to be overcome now.

Best Regards,
Vivek

**Vivek Parkash** ACII - Chartered Insurance Broker | Sr Client Manager – VP | RMP Practice | **Marsh (Bahrain) Company SPC** | Unitag House, 1ᵃ Floor,150 Govt Avenue, P O Box 3237, Manama, Bahrain | (t):+973 1720 4288 (m):+973 3991 5541 (e) : vivek.parkash@marsh.com  Connenct with me on LinkedIn www.marsh.com | Follow Marsh on :  Twitter | LinkedIn | Facebook | YouTube |

8

**Exhibit No. A-16**
**Page 12**

<u>&lt;&lt; OLE Object: Picture (Device Independent Bitmap) &gt;&gt;</u>

_____
_____

**From:** Educate, Philip <<u>Philip.Educate@marsh.com</u>>
**Sent:** Tuesday, December 22, 2020 12:34 AM
**To:** Radhwan, Hussein <<u>Hussein.Radhwan@marsh.com</u>>; Parkash, Vivek <<u>Vivek.Parkash@marsh.com</u>>; AlSadah, Zainab <<u>Zainab.AlSadah@marsh.com</u>>; Zibian, Nizar <<u>Nizar.Zibian@marsh.com</u>>; Heaume, Etienne <<u>Etienne.Heaume@marsh.com</u>>; Mattar, Mohammed <<u>Mohammed.Mattar@marsh.com</u>>; Olaiwat, Hassan <<u>Hassan.Olaiwat@marsh.com</u>>
**Cc:** Bonin, Theresa <<u>Theresa.Bonin@marsh.com</u>>; Wulff, Angela B <<u>Angela.B.Wulff@marsh.com</u>>
**Subject:** RE: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.;


Vivek and Nizar:

Have you had a chance to review the additional documents I sent over, and/or a chance to speak with the contact you mentioned you had at Metlife / Walaa ?

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:  <u>philip.educate@marsh.com</u>


_____
_____

9

**Exhibit No. A-16**
**Page 13**

**From:** Educate, Philip
**Sent:** Monday, December 14, 2020 9:42 AM
**To:** Radhwan, Hussein <Hussein.Radhwan@marsh.com>; Parkash, Vivek <Vivek.Parkash@marsh.com>; AlSadah, Zainab <Zainab.AlSadah@marsh.com>; Zibian, Nizar <Nizar.Zibian@marsh.com>; Heaume, Etienne <Etienne.Heaume@marsh.com>; Mattar, Mohammed <Mohammed.Mattar@marsh.com>; Olaiwat, Hassan <Hassan.Olaiwat@marsh.com>
**Cc:** Thresa Bonin (theresa.bonin@marsh.com) <theresa.bonin@marsh.com>; Wulff, Angela B <Angela.B.Wulff@marsh.com>
**Subject:** FW: Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.

Vivek and Nizar and others:

Thank you for your time today discussing this DISA matter.  I will calendar ahead to next week to inquire about your communications with Metlife.

**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:    until further notice, please use only my cell # below
cell:      214-616-0529
e-mail:   philip.educate@marsh.com

_____

**From:** Educate, Philip
**Sent:** Monday, December 07, 2020 11:53 AM
**To:** AlSadah, Zainab <Zainab.AlSadah@marsh.com>
**Cc:** Thresa Bonin (theresa.bonin@marsh.com) <theresa.bonin@marsh.com>

10

**Exhibit No. A-16**
**Page 14**

**Subject:** Saudi Aramco v. Dynamic Industries Saudi Arabia Ltd.

To:   Zainab Al Sadah:

I understand you are the Claim Manager for Marsh Saudi Arabia.   I'm a Claim Advocate in our Dallas, Texas office and am assisting local colleagues in resolving a coverage problem that Dynamic Industries Saudi Arabia Ltd. ("**DISA**") is having with a claim in Saudi Arabia.  Though I think you may already be aware of the basic facts of the case, I've described them here, below:

**Circumstances**:   Dynamic Industries Saudi Arabia Ltd. ("**DISA**") executed a contract with SAO to serve as Prime Contractor on SAO's Pipelines Replacement Project in the Berri Oilfield in Saudi Arabia.  Among the portions of this project was to an underwater cable.   For that portion of the project, DISA executed a sub-contract with Offshore Oil Engineering Co. Ltd. ("**OOEC**") to serve as a critical subcontractor.   It was later  discovered that OOEC had caused $5,000,000 to $10,000,000 damage to that underwater cable.  OOEC's carrier - Alinma Tokio Marine ("**ATM**") denied coverage to DISA despite their policy having included an "Additional Insured" endorsement granting A.I. status to DISA.  Despite this (alleged) non-coverage, DISA's own insurer, Metlife, is insisting that ATM's policy affords primary coverage for DISA and that, as such, the

11

"Other Insurance" provisions in DISA's own policy apply that Metlife coverage ONLY on an excess basis.  Because both policies' $10,000,000 limits exceed the roughly $7,000,000 value of the loss, Metlife's "excess-only" position is, effectively, a declination of coverage.

Coverage litigation would quickly resolve this "tug-of-war" between ATM and Metlife, but DISA doesn't have enough time to initiate and resolve coverage litigation because in the meantime, their customer, SAO, is putting much pressure on them to resolve the claim.   So… <u>we want to appeal to someone high up in Metlife's claim operations in the Saudi Arabian region, to persuade them to handle this claim for DISA and then seek reimbursement from ATM after the fact</u>.  Thus, we seek your help in identifying the best person in Metlife's Saudi Arabian region to whom to direct this appeal.  **Whom might you suggest?**

Just in case you might want to see them, I've attached the individual pieces of correspondence between DISA and Metlife's coverage attorney, on this coverage matter.
<< File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-09-28 - Disclaimer re Primacy.pdf >> << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-10-16 - rebuttal.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-16 - reply to rebuttal.pdf >>  << File: XXX-XXXXXX - CPL - Metlife-AIG - 2020-11-21 - second

12

**Exhibit No. A-16**
**Page 16**

rebuttal.pdf >> << File: XXX-
XXXXXX - CPL - Metlife-AIG -
2020-12-03 - reply to second
rebuttal.pdf >>


**Phil Educate**
Vice President
Senior Claim Advocate
Marsh USA Inc.
1717 Main Street, Suite #4400
Dallas, TX  75201
desk:     until further notice, please
use only my cell # below
cell:      214-616-0529
e-mail:  philip.educate@marsh.com

---

*********************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
*********************************************************************

---

*********************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
*********************************************************************

**Exhibit No. A-16**
**Page 17**

**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684



شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

**February 12, 2021**

<u>**VIA E-MAIL**</u>

Sasi Roopan (*sasiroopan@walaa.com*)           Imad Elias, Esq. (*i.elias@emco.org*)
Senior General Claims Manager                        I. Elias & Co LLC
Walaa Cooperative Insurance Company         Platinum Crest
4513, Adh Dhahran Al Khubar Al Janubiyah    18 Loizou Askani Street
Unit No: 8, Al-Khobar 34621-8615                    Limassol CY-3110
                                                                            Cyprus

Manzoor Andrabi
        (*Manzoor.Andrabi@sa.sedgwick.com*)
Principal MCL Adjuster
Sedgwick Saudi Arabia Ltd.
Second Floor, La Promenade Center
6309, Dhahran Road, Al-Aqrabia District
Al-Khobar 34446-3488, Kingdom of Saudi
        Arabia

|  |  |  |
|---|---|---|
| Re: | Damage to SAUDI ARAMCO Submarine Cable – Berri Field |
| | DOL: | **June 25, 2019** |
| | Policy Holders: | **Dynamic Industries Saudi Arabia Ltd.; Dynamic Industries International LLC; Dynamic Industries, Inc.** |
| | Policy No.: | **P/11/706/24** |

Dear Sirs:

I write concerning the claim for coverage under a policy of insurance issued by MetLife-AIG-ANB Cooperative Insurance Company ("MAACIC"), on or about January 12, 2017, and bearing Policy No. **P/11/706/24**, to the policyholders, Dynamic Industries Saudi Arabia Ltd. ("DISA"); Dynamic Industries International LLC ("DII"); and Dynamic Industries, Inc. ("DI") (collectively, the "Insureds") for damage to certain property located offshore in the Berri Field, owned by SAUDI ARAMCO, and caused by the negligent operations of one of the Insureds' subcontractor.

This formal demand is in furtherance of numerous prior communication to MAACIC on behalf of the Insureds, which communications began in the Fall of 2019 upon first notification of the incident and alleged damage.  Provided previously along with considerable additional documentation during the course of communication were (i) SAUDI ARAMCO's March 24, 2020 Notice, setting forth the damage and the contractual responsibility of the Insureds; and (ii) SAUDI ARAMCO's April 7, 2020 Correspondence demanding an action plan for replacement of the damaged submarine cable.  The estimated costs to replace the cable and complete repairs is in excess of $10M.

---

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ٨٨٢ ١٢٤٣ (١٣) ٩٦٦+
فاكس: ٨٨٢ ١٢٤٧ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 1**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

As you are aware, one or more of the Insureds purchased the Policy to protect the named companies for the liabilities assumed in the long-term services contracts that the companies were going to execute for work for the Saudi Arabian Oil Company (and its subsidiary in the Netherlands), both in the Kingdom of Saudi Arabia and outside of the Kingdom. This is an intensive, laborious process, and the premiums earned on the Policy have been significant. To date, MAACIC has decided not to honor the obligations in the Policy and provide defense and indemnity to the Insureds as contractually agreed. For the sake of good order, we provide below the factual basis of the claims of the Insureds, all of which were previously provided to MAACIC.

### THE PROJECT AND CONTRACT

DISA and SAUDI ARAMCO entered into Contract No. 6600035785 (IK), Long Term Contract for Offshore Facilities, Contract for Procurement and Construction, CRPO 3510797893 ("Contract"), which included the replacement of five pipelines located in the Berri Field. DISA subcontracted work for the Project to Offshore Oil Engineering Co., Ltd ("COOEC",) through Work Order No. 1, which incorporated Subcontract No. 6600035785 – 3648COOEC001-IK (the "Subcontract").

The Contract, Schedule "A" – Section 5.1 entitled "CONTRACTOR Work Site Responsibility" specifically provides at Section 5.1.3:

> CONTRACTOR shall protect from damage all existing structures, improvements, or utilities at or near the WORK Site, and shall repair and restore any damage thereto resulting from CONTRACTOR's failure to exercise reasonable care in protecting the same during CONTRACTOR's performance of the WORK. If CONTRACTOR fails or refuses to promptly repair any such damage, SAUDI ARAMCO may perform such repairs, or have them performed by others at CONTRACTOR's sole risk and expense. Paragraph 16.2 shall apply with respect to CONTRACTOR's financial liability arising from or related to such damage.

The Contract, Schedule "H" – Section 1.20 entitled "DISTRIBUTION OF RISKS," replaces Paragraph 16.2 of Schedule "A" with the following:

> 16.2.1  If prior to the end of the last extended warranty period, all or any part of the FACILITIES or SAUDI ARAMCO Other Property are lost, damaged, or destroyed, SAUDI ARAMCO may direct CONTRACTOR by Change order to carry out any reconstruction, repair, or replacement WORK (including the removal of debris) and CONTRACTOR shall promptly undertake the WORK so directed.

> 16.2.2  Separate and apart from the obligations set forth in Paragraph 11.1 and/or Paragraph 11.3, if the loss, damage or destruction of the FACILITIES or SAUDI ARAMCO Other Property is due to an event resulting from the negligence, willful misconduct or fault of CONTRACTOR or CONTRACTOR GROUP CONTRACTOR shall compensate SAUDI ARAMCO for loss or damage to the FACILITIES or SAUDI ARAMCO Other Property as follows:

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢، المملكة العربية السعودية
مكتب: ٨٨٢ ١٢٤٣ (١٣) ٩٦٦+
فاكس: ٨٨٢ ١٢٤٧ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 2**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

\*          \*          \*

*SAUDI ARAMCO Other Property*

\*          \*          \*

d)       CONTRACTOR [DISA] shall be responsible for the first US$ 1,000,000 (one million) per occurrence of loss and damage to SAUDI ARAMCO Other Property occurring offshore.

\*          \*          \*

**16.2.4   *CONTRACTOR's limitation of liability in Paragraphs 16.2.2 shall not apply to any amounts that are recovered or may be recoverable from any insurance policy maintained under this Contract.***

The Contract requires DISA to carry insurance, as set forth in Article 17.  The Contract requires the following insurance pertinent to this claim:

**17.1.2   <u>Comprehensive General Liability</u>**

Normal and customary general liability insurance coverage in regards to all the Work, with minimum policy limits for any loss occurring:

Onshore:

of not less than US$ 10,000,000 (ten million) per occurrence for personal injury, death, or property damage, and including sudden and accidental pollution coverage

Offshore:

of not less than US$ 100,000,000 (One hundred million) per occurrence for personal injury, death, or property damage, and including sudden and accidental pollution coverage.

**17.1.4   <u>Marine Operations</u>**

If the performance of this Agreement requires CONTRACTOR to use Marine Craft owned or leased by CONTRACTOR, CONTRACTOR shall carry or require the owners of such Marine Craft to carry marine insurance with policy limits adequate to cover and protect:

\*          \*          \*

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ٨٨٢ ١٢٤٣ (١٣) ٩٦٦+
فاكس: ٨٨٢ ١٢٤٧ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 3**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

(iii)   any other liability, including contractual liability and pollution liability related to this contract, that may result from the operation of such Marine Craft a policy limit of not less than US$ 100,000,000 (one hundred million) per occurrence.

17.2   <u>CONTRACTOR Liable for Full Amount of Losses</u>

SAUDI ARAMCO and CONTRACTOR agree that the insurance coverages listed under Paragraph 17.1 are minimum coverages required to be purchased by CONTRACTOR under this Contract. ***Should any loss occur for which CONTRACTOR is responsible under this Contract, CONTRACTOR shall be liable for the full amount of the loss (subject to any limitations set forth in Paragraph 16 or otherwise in this Contract), including the amount in excess of CONTRACTOR's insurance limits and including the amount of any deductible specified in CONTRACTOR's insurance policy***.

\*     \*     \*

The Contract further requires that DISA's Insurers waive all rights of subrogation against SAUDI ARAMCO.

### THE INCIDENT

In 2015, SAUDI ARAMCO, its affiliate, DII and DISA entered into contracts for the Pipelines Replacement Project in Berri Field (the "Project"). Dynamic Industries, Inc. was required, as part of the Contract, to issue a parent guarantee to DISA, in favor of SAUDI ARAMCO. DISA subcontracted portions of the work on this Project to COOEC. The facts surrounding the claim are simple and as follows.

On or about the evening of June 25, 2019, the COOEC barge flotilla was involved in demolition and recovery operations in the Berri Field at and around BRRI TP-2 and BRRI TP-3. A grapple being utilized by COOEC personnel in the demolition damaged a submarine power cable. Eyewitness testimony of the diver observing the seafloor confirms that the grapple extension dragged over the submarine pipe, damaged it, and pulled up an estimated 15 to 20 lines. COOEC did not report this event to either DISA or SAUDI ARAMCO.

During a routine survey of the field shortly thereafter, an unrelated survey vessel working for SAUDI ARAMCO discovered the damage to the submarine cable on about August 23, 2019. This discovery was reported to DISA on September 7, 2019, and DISA relayed that information to COOEC and its insurers. SAUDI ARAMCO's investigation into the cause of the damage ultimately revealed that the damage to the cable was occasioned during the COOEC demolition operation in connection with the Project. This conclusion was based, primarily, on the irrefutable video evidence referenced above. DISA received formal notice of this discovery on March 24, 2020, at which time SAUDI ARAMCO requested that DISA rectify the damage to "COMPANY"

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 4**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠٬١٠٠٬٠٠٠٬٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

property, and to implement temporary repair solutions by April 30, 2020 in order to allow for installation of a new cable by March 2021.

On April 7, 2020, SAUDI ARAMCO reiterated its request that DISA submit an action plan for the temporary solution and permanent replacement of the damaged cable, noting its criticality to SAUDI ARAMCO's other operations.

In sum, there is clearly (i) damage to SAUDI ARAMCO Other Property (the submarine cable); (ii) a direction from SAUDI ARAMCO to the Insured to replace the damaged submarine equipment; and (iii) an outstanding demand for MAACIC to respond to this claim.

### THE POLICY AND CLAIM

MetLife-AIG-ANB Cooperative Insurance Company issued "Commercial General Liability" Insurance Policy P/11/706/24 (the "Policy") in connection with the Insureds work on the Project. The Policy limit is $100,000,000 and includes SAUDI ARAMCO, DISA, DI and DII as "Principal Insureds." The Policy identifies the Project Name as the "Pipe replacement at Berri Oil Field, Eastern Region – KSA," *i.e.*, the Project. The Policy identifies the insured "Interest" as "[a]ll contract works … for all facilities under the scope of work," and includes Watercraft Liability and Contractual Liability coverage. Specifically, the Policy extends to third party legal liability and/or contractual liability, including indemnity to other persons.

Pursuant to the Policy, MAACIC agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of … property damage to which this insurance applies." The Policy endorsements further provide that "[l]iability assumed by the insured under contract or agreement and which would not have attached in the absence of such contract or agreement shall be the subject to indemnity under this section only if the conduct and control of any claim so relating is vested in the insurers and subject to the terms of this contract of insurance."

Finally, it bears noting that the assets damaged in the Incident are within the Scheduled Berri Field Assets appearing in the Policy. The Policy identifies the BRRI TP-2 and BRRI TP-3 as "Berri Field Assets" that are exempt from the exclusion under the "Existing Property/Contractual Exclusion Buy-Back."

The Policy is therefore directly obligated to respond to this loss and claim, and make payment to the Insureds, or agree to make payment to them, for all costs incurred or to be incurred with respect to repairing the damage to the Berri Field on June 25, 2019, and the repairs and replacement required by SAUDI ARAMCO.

### CONCLUSIONS

Accordingly, please allow this to serve as your final formal notice of the Insureds' request for coverage and payment under the Policy. DISA is currently working with SAUDI ARAMCO concerning the reasonable costs and expenses of the required repairs, and considers all such costs expenses to be amounts reimbursable under the Policy.

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 5**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

... a DYNESI™ Company

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠٬١٠٠٬٠٠٠٫٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

The Insureds have been beyond patient in seeking the very coverage that was bargained for at the outset of this contract.  While DISA will also entertain any reasonable requests for additional information, the Insureds are of the strong belief that all necessary information has either been provided, or can be obtained by MAACIC in order to provide the contracted-for coverage.  As time is, always, of the essence, the Insureds request confirmation of coverage within fourteen (14) days of this demand, failing which the Insureds will take all necessary legal steps to protect their interests.

Nothing herein shall constitute or be implied as a waiver of any of the Insureds' rights (asserted or unasserted through the present).  Furthermore, DISA, on behalf of all of the Insureds, hereby expressly reserves all of the Insureds' existing rights and remedies provided for in the Contract, the Policy and applicable law.  Nothing herein should be construed to relieve MAACIC of any of its obligations and liabilities under the Contract, the Policy or under applicable law.

Sincerely,

Donald W. Sinitiere, General Manager,
**Dynamic Industries Saudi Arabia Ltd.**

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 6**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

As you are aware, one or more of the Insureds purchased the Policy to protect the named companies for the liabilities assumed in the long-term services contracts that the companies were going to execute for work for the Saudi Arabian Oil Company (and its subsidiary in the Netherlands), both in the Kingdom of Saudi Arabia and outside of the Kingdom. This is an intensive, laborious process, and the premiums earned on the Policy have been significant. To date, MAACIC has decided not to honor the obligations in the Policy and provide defense and indemnity to the Insureds as contractually agreed. For the sake of good order, we provide below the factual basis of the claims of the Insureds, all of which were previously provided to MAACIC.

### The Project and Contract

DISA and SAUDI ARAMCO entered into Contract No. 6600035785 (IK), Long Term Contract for Offshore Facilities, Contract for Procurement and Construction, CRPO No. 3510797893 ("Contract"), which included the replacement of five pipelines located in the Berri Field. DISA subcontracted work for the Project to Offshore Oil Engineering Co., Ltd ("COOEC",) through Work Order No. 1, which incorporated Subcontract No. 6600035785 – 3648COOEC001-IK (the "Subcontract").

The Contract, Schedule "A" – Section 5.1 entitled "CONTRACTOR Work Site Responsibility" specifically provides at Section 5.1.3:

> CONTRACTOR shall protect from damage all existing structures, improvements, or utilities at or near the WORK Site, and shall repair and restore any damage thereto resulting from CONTRACTOR's failure to exercise reasonable care in protecting the same during CONTRACTOR's performance of the WORK. If CONTRACTOR fails or refuses to promptly repair any such damage, SAUDI ARAMCO may perform such repairs, or have them performed by others at CONTRACTOR's sole risk and expense. Paragraph 16.2 shall apply with respect to CONTRACTOR's financial liability arising from or related to such damage.

The Contract, Schedule "H" – Section 1.20 entitled "DISTRIBUTION OF RISKS," replaces Paragraph 16.2 of Schedule "A" with the following:

> 16.2.1 If prior to the end of the last extended warranty period, all or any part of the FACILITIES or SAUDI ARAMCO Other Property are lost, damaged, or destroyed, SAUDI ARAMCO may direct CONTRACTOR by Change order to carry out any reconstruction, repair, or replacement WORK (including the removal of debris) and CONTRACTOR shall promptly undertake the WORK so directed.

> 16.2.2 Separate and apart from the obligations set forth in Paragraph 11.1 and/or Paragraph 11.3, if the loss, damage or destruction of the FACILITIES or SAUDI ARAMCO Other Property is due to an event resulting from the negligence, willful misconduct or fault of CONTRACTOR or CONTRACTOR GROUP CONTRACTOR shall compensate SAUDI ARAMCO for loss or damage to the FACILITIES or SAUDI ARAMCO Other Property as follows:

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 7**

**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684



شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠٬١٠٠٬٠٠٠٫٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

\* \* \*

*SAUDI ARAMCO Other Property*

\* \* \*

    d)    CONTRACTOR [DISA] shall be responsible for the first US$ 1,000,000 (one million) per occurrence of loss and damage to SAUDI ARAMCO Other Property occurring offshore.

\* \* \*

**16.2.4** ***CONTRACTOR's limitation of liability in Paragraphs 16.2.2 shall not apply to any amounts that are recovered or may be recoverable from any insurance policy maintained under this Contract.***

The Contract requires DISA to carry insurance, as set forth in Article 17. The Contract requires the following insurance pertinent to this claim:

**17.1.2**  <u>Comprehensive General Liability</u>

    Normal and customary general liability insurance coverage in regards to all the Work, with minimum policy limits for any loss occurring:

    Onshore:

        of not less than US$ 10,000,000 (ten million) per occurrence for personal injury, death, or property damage, and including sudden and accidental pollution coverage

    Offshore:

        of not less than US$ 100,000,000 (One hundred million) per occurrence for personal injury, death, or property damage, and including sudden and accidental pollution coverage.

**17.1.4**  <u>Marine Operations</u>

    If the performance of this Agreement requires CONTRACTOR to use Marine Craft owned or leased by CONTRACTOR, CONTRACTOR shall carry or require the owners of such Marine Craft to carry marine insurance with policy limits adequate to cover and protect:

\* \* \*

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247
E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 8**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

(iii)    any other liability, including contractual liability and pollution liability related to this contract, that may result from the operation of such Marine Craft a policy limit of not less than US$ 100,000,000 (one hundred million) per occurrence.

17.2    <u>CONTRACTOR Liable for Full Amount of Losses</u>

SAUDI ARAMCO and CONTRACTOR agree that the insurance coverages listed under Paragraph 17.1 are minimum coverages required to be purchased by CONTRACTOR under this Contract. ***Should any loss occur for which CONTRACTOR is responsible under this Contract, CONTRACTOR shall be liable for the full amount of the loss (subject to any limitations set forth in Paragraph 16 or otherwise in this Contract), including the amount in excess of CONTRACTOR's insurance limits and including the amount of any deductible specified in CONTRACTOR's insurance policy***.

\*    \*    \*

The Contract further requires that DISA's Insurers waive all rights of subrogation against SAUDI ARAMCO.

### THE INCIDENT

In 2015, SAUDI ARAMCO, its affiliate, DII and DISA entered into contracts for the Pipelines Replacement Project in Berri Field (the "Project"). Dynamic Industries, Inc. was required, as part of the Contract, to issue a parent guarantee to DISA, in favor of SAUDI ARAMCO. DISA subcontracted portions of the work on this Project to COOEC. The facts surrounding the claim are simple and as follows.

On or about the evening of June 25, 2019, the COOEC barge flotilla was involved in demolition and recovery operations in the Berri Field at and around BRRI TP-2 and BRRI TP-3. A grapple being utilized by COOEC personnel in the demolition damaged a submarine power cable. Eyewitness testimony of the diver observing the seafloor confirms that the grapple extension dragged over the submarine pipe, damaged it, and pulled up an estimated 15 to 20 lines. COOEC did not report this event to either DISA or SAUDI ARAMCO.

During a routine survey of the field shortly thereafter, an unrelated survey vessel working for SAUDI ARAMCO discovered the damage to the submarine cable on about August 23, 2019. This discovery was reported to DISA on September 7, 2019, and DISA relayed that information to COOEC and its insurers. SAUDI ARAMCO's investigation into the cause of the damage ultimately revealed that the damage to the cable was occasioned during the COOEC demolition operation in connection with the Project. This conclusion was based, primarily, on the irrefutable video evidence referenced above. DISA received formal notice of this discovery on March 24, 2020, at which time SAUDI ARAMCO requested that DISA rectify the damage to "COMPANY"

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 9**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة ديناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

property, and to implement temporary repair solutions by April 30, 2020 in order to allow for installation of a new cable by March 2021.

On April 7, 2020, SAUDI ARAMCO reiterated its request that DISA submit an action plan for the temporary solution and permanent replacement of the damaged cable, noting its criticality to SAUDI ARAMCO's other operations.

In sum, there is clearly (i) damage to SAUDI ARAMCO Other Property (the submarine cable); (ii) a direction from SAUDI ARAMCO to the Insured to replace the damaged submarine equipment; and (iii) an outstanding demand for MAACIC to respond to this claim.

### THE POLICY AND CLAIM

MetLife-AIG-ANB Cooperative Insurance Company issued "Commercial General Liability" Insurance Policy P/11/706/24 (the "Policy") in connection with the Insureds work on the Project. The Policy limit is $100,000,000 and includes SAUDI ARAMCO, DISA, DI and DII as "Principal Insureds." The Policy identifies the Project Name as the "Pipe replacement at Berri Oil Field, Eastern Region – KSA," *i.e.*, the Project. The Policy identifies the insured "Interest" as "[a]ll contract works … for all facilities under the scope of work," and includes Watercraft Liability and Contractual Liability coverage. Specifically, the Policy extends to third party legal liability and/or contractual liability, including indemnity to other persons.

Pursuant to the Policy, MAACIC agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of … property damage to which this insurance applies." The Policy endorsements further provide that "[l]iability assumed by the insured under contract or agreement and which would not have attached in the absence of such contract or agreement shall be the subject to indemnity under this section only if the conduct and control of any claim so relating is vested in the insurers and subject to the terms of this contract of insurance."

Finally, it bears noting that the assets damaged in the Incident are within the Scheduled Berri Field Assets appearing in the Policy. The Policy identifies the BRRI TP-2 and BRRI TP-3 as "Berri Field Assets" that are exempt from the exclusion under the "Existing Property/Contractual Exclusion Buy-Back."

The Policy is therefore directly obligated to respond to this loss and claim, and make payment to the Insureds, or agree to make payment to them, for all costs incurred or to be incurred with respect to repairing the damage to the Berri Field on June 25, 2019, and the repairs and replacement required by SAUDI ARAMCO.

### CONCLUSIONS

Accordingly, please allow this to serve as your final formal notice of the Insureds' request for coverage and payment under the Policy. DISA is currently working with SAUDI ARAMCO concerning the reasonable costs and expenses of the required repairs, and considers all such costs expenses to be amounts reimbursable under the Policy.

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247

E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة ديناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ١٢٤٣ ٨٨٢ (١٣) ٩٦٦+
فاكس: ١٢٤٧ ٨٨٢ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 10**



**Dynamic Industries Saudi Arabia, Ltd.**
Paid-up Capital SR. 10,100,000.00
C.R. 2051058684

شركة دايناميك العربية السعودية للصناعات المحدودة
رأس المال المدفوع ١٠،١٠٠،٠٠٠،٠٠ ريال
س.ت: ٢٠٥١٠٥٨٦٨٤

The Insureds have been beyond patient in seeking the very coverage that was bargained for at the outset of this contract.  While DISA will also entertain any reasonable requests for additional information, the Insureds are of the strong belief that all necessary information has either been provided, or can be obtained by MAACIC in order to provide the contracted-for coverage.  As time is, always, of the essence, the Insureds request confirmation of coverage within fourteen (14) days of this demand, failing which the Insureds will take all necessary legal steps to protect their interests.

Nothing herein shall constitute or be implied as a waiver of any of the Insureds' rights (asserted or unasserted through the present).  Furthermore, DISA, on behalf of all of the Insureds, hereby expressly reserves all of the Insureds' existing rights and remedies provided for in the Contract, the Policy and applicable law.  Nothing herein should be construed to relieve MAACIC of any of its obligations and liabilities under the Contract, the Policy or under applicable law.

Sincerely,

Donald W. Sinitiere, General Manager,
**Dynamic Industries Saudi Arabia Ltd.**

**Dynamic Industries Saudi Arabia, Ltd.**
P.O. Box 4455
Al-Khobar, Saudi Arabia 31952
Office: +966 (13) 882 1243
Fax: +966 (13) 882 1247
E-Mail: info@dynamicind.com / Website: www.dynamicind.com

شركة دايناميك العربية السعودية للصناعات المحدودة
ص.ب. ٤٤٥٥
الخبر ٣١٩٥٢ ، المملكة العربية السعودية
مكتب: ٨٨٢ ١٢٤٣ (١٣) ٩٦٦+
فاكس: ٨٨٢ ١٢٤٧ (١٣) ٩٦٦+

**Exhibit No. A-17**
**Page 11**

| | |
|---|---|
| **From:** | Laborde, James F <James.F.Laborde@marsh.com> |
| **Sent:** | Tuesday, January 12, 2021 10:12 AM |
| **To:** | Mark Mahfouz |
| **Cc:** | Bonin, Theresa |
| **Subject:** | [EXTERNAL] Marsh/Dynamic placement agreement - RE: Dynamic BRRI Extension January 11, 2021 Expiration |

**Caution: This email came from outside the company.**
**Do not click on links or open attachments unless you are sure you recognize the sender and you know the contents are safe**

Good morning Mark.  From discussions with Theresa, we are bound/held covered for the additional annual term for the policies related to the project in Saudi Arabia. We are securing the final documentation and will have that to you shortly. We appreciate your patience and support as we work through this. We are continuing to press underwriters on the outstanding claim. As I understand we do not have their final position as of yet and are pressing for some agreement that satisfies Dynamic and gets this on track. Phil Educate in our claims practice is leading this effort and we will ensure the pressure stays on until resolution.

I am also following up on our conversations from a few weeks ago reading our local office's compensation. Considering the claims follow up and our continued engagement on the policy placed by our Dubai offices, we propose an annual fee of $35,000. This fee would track the policy term of January 11, 2021-22.  For context, typical broker commission compensation ranges from 10-15% of the annual premium. As an accommodation we are proposing a reduction to approx. a 7% of premium as a fee amount to provide the policy consulting services for 2021.

If acceptable to you, we will draft our typical client service agreement and send to you for signature. Let me know if you have any thoughts or questions, and we look forward to working with you during the year.

Thanks and regards,

Bo


**James F. Laborde**
**Head of Office**
**Managing Director**
Marsh USA Inc.
701 Poydras Street, Suite 4125, New Orleans, LA  70139, USA
+1 504 571 2221 | Mobile +1 504 813 7651 | Fax +1 504 524 2288
James.F.Laborde@marsh.com
www.marsh.com

---

*******************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments

**Exhibit No. A-18**
**Page 1**

from your computer or device.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2

**Exhibit No. A-18**

**Page 2**