**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DYNAMIC INDUSTRIES, INC.,** | * | **CIVIL ACTION NO. 2:21-cv-748** |
| **DYNAMIC INDUSTRIES** | * | |
| **INTERNATIONAL, LLC, and DYNAMIC** | * | |
| **INDUSTRIES SAUDI ARABIA, LTD.** | * | |
| | * | |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| **METLIFE – AMERICAN INTERNATIONAL** | * | |
| **GROUP – ARAB NATIONAL BANK** | * | |
| **COOPERATIVE INSURANCE COMPANY,** | * | |
| **WALAA COOPERATIVE INSURANCE CO.,** | * | **MAGISTRATE JUDGE** |
| **AMERICAN LIFE INSURANCE COMPANY,** | * | **JANIS VAN MEERVELD** |
| **AIG MEA INVESTMENTS AND SERVICES** | * | |
| **COMPANY and MARSH & McLENNAN** | * | |
| **COMPANIES INC.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MARSH USA, INC.'S REPLY MEMORANDUM IN**
**SUPPORT OF ITS MOTION TO DISMISS**

Although Dynamic Industries, Inc., Dynamic Industries International, LLC, and Dynamic Industries Saudi Arabia, Ltd. (collectively, "Dynamic" or "Plaintiffs") raise a number of new factual allegations in their Opposition to Marsh USA, Inc. d/b/a Marsh USA Risk Services' ("Marsh USA") Motion to Dismiss ("Opposition"), the documents attached to the Opposition establish that Plaintiffs' claims are absolutely time-barred by the three-year peremptive period set forth in  Louisiana Revised Statute § 9:5606.  Further, these documents bolster Marsh USA's argument that Plaintiffs never had a contract or agreement with Marsh USA to procure the insurance policy at issue, and therefore, Plaintiffs have failed to assert a legally cognizable claim against Marsh USA.  Accordingly, this Court must dismiss Plaintiffs' claims against Marsh USA with prejudice and at Plaintiffs' sole cost.

I.     LAW & ARGUMENT

A.     **Plaintiffs' Claims Are Absolutely Perempted Under La. Rev. Stat. § 9:5606**

The documents attached to Plaintiffs' Opposition conclusively establish that Plaintiffs' claims against Marsh USA are perempted under Louisiana law because Plaintiffs filed suit more than three years after any Marsh entity[1] was supposed to obtain insurance coverage for Dynamic's Saudi-based subsidiary, Dynamic Industries Saudi Arabia, Ltd. ("DISA").  Plaintiffs contend that their claims are not perempted under La. Rev. Stat. § 9:5606 because they did not learn about Marsh USA's alleged failure to procure the requested coverage until September 28, 2020, when counsel for the insurer, MetLife – American International Group – Arab National Bank Cooperative Insurance Company ("MetLife-AIG-ANB"), denied coverage for DISA's claims.[2]  Plaintiffs' argument has no merit because the three-year absolute time bar under La. Rev. Stat. § 9:5606(A) applies *regardless* of when the Plaintiff knew or should have known that the insurance agency committed an error.[3]  All claims against an insurance agency are precluded by that law three years after the act, omission, or neglect occurs, regardless of whether the insured client has discovered or should have discovered the alleged error.[4]

---

[1] The "Marsh entities" include Marsh & McLennan Companies, Inc. ("MMC"), Marsh USA, and Marsh Saudi Arabia Insurance and Reinsurance Brokers (Khobar) ("Marsh KSA").  Plaintiffs have only asserted claims against MMC and Marsh USA.

[2] *See* R. Doc. 84 at 19-20.

[3] *See* La. Rev. Stat. § 9:5606(A). ("However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.")

[4] *See id.*; *Jambon v. State Farm Fire & Cas. Co.*, 07-925, p. 4 (La. App. 5 Cir. 3/11/08), 982 So. 2d 131, 133 ("[I]f a claim of negligence [under La. Rev. Stat. § 9:5606] is not filed within three years of the alleged act, it is extinguished by peremption, regardless of whether or not it was filed within the one-year limitation period.").

The pleadings and attached documents reflect that Marsh USA agreed to provide consulting services and Marsh Saudi Arabia Insurance and Reinsurance Brokers (Khobar) ("Marsh KSA") agreed to procure the requested insurance policy in 2016.  According to the Plaintiffs, the Policy should have been in place with an effective date of January 12, 2017.  If Marsh USA or Marsh KSA failed to obtain the requested policy, therefore, any act, omission or neglect necessarily happened in late 2016 or early 2017.  Plaintiffs did not file the instant action until April 13, 2021 and did not name Marsh USA as a defendant until July 6, 2021—more than three-years after Marsh USA referred the Plaintiffs to its sister company, Marsh KSA.

The suit was also filed more than three years after Marsh KSA agreed to and did procure the policy at issue. The documents that Plaintiffs attach to their Opposition establish that, on November 29, 2017, the executive vice president and chief financial officer for Dynamic Energy Services International, LLC[5] was provided with the "signed slip for the third-party liability" for DISA's project in the Berri Oil Field. Plaintiffs' CFO was instructed to "review the slip, particularly the limits of liability and the policy's terms, conditions and exclusions, and advise [Marsh KSA] within 30 days of anything which you believe is not in accordance with the negotiated coverage and terms."[6]  Plaintiffs thus had constructive knowledge of any failure by Marsh KSA to procure the requested insurance in November 2017, when they were specifically instructed to review the policy to determine its adequacy.[7]

---

[5] Dynamic Energy Services International, LLC is the parent company of Plaintiff Dynamic Industries, Inc. *See* R. Doc. 84-1 at p. 1, ¶ 2.

[6] R. Doc. 84-1 at 23-24.

[7] *See Burk Prop. Invs., LLC v. All. Ins. Agency Servs.*, 2008-0489, pp. 4-5 (La. App. 4 Cir. 9/10/08); 993 So. 2d 810, 813-15 (holding that the one-year peremptive period under La. Rev. Stat. § 9:5606 begins to run from the date the plaintiff discovered or should have discovered the alleged act omission, or neglect, not the date that damages begin to accrue).

The allegations of the Plaintiffs Complaint, the documents attached to it, and the additional evidence provided in support of the Plaintiffs' Opposition to Marsh USA's motion all support the conclusion that any act, omission or neglect in the procurement of the insurance policy happened in 2016 or 2017, considerably more than three years before Plaintiffs filed this action.  Thus, by any measure, Plaintiffs' claims against all of the Marsh entities and specifically Marsh USA are time-barred and due to be dismissed with prejudice.

**B.      Even if Plaintiffs' Claims are not Time-Barred, Plaintiffs are not Entitled to Recover from Marsh USA because Marsh USA Never Entered into an Agreement with Dynamic to Procure the Insurance Policy at Issue**

Plaintiffs essential claim against all of the Marsh entities in this case is that someone at Marsh failed to procure a primary insurance policy to protect the Plaintiffs against liability for DISA's project in the Berri Oil Field in Saudi Arabia.  Instead, the Plaintiffs allege, someone at Marsh erroneously procured an excess liability insurance policy that does not provide the coverage the Plaintiffs now need.  Plaintiffs do not have a legally cognizable claim on that basis against Marsh USA because Plaintiffs' allegations and supporting documents fail to establish that Marsh USA agreed to procure any insurance policy for the Plaintiffs, let alone the policy at issue in this case.[8]

The documents attached to the Plaintiffs' Opposition indicate that Plaintiffs retained and compensated Marsh USA for its role as a consultant in both referring Plaintiffs to Marsh Saudi

---

[8] *See Offshore Prod. Contrs., Inc. v./ Republic Underwriters, Ins. Co.,* 910 F.2d 224, 229-30 (5th Cir. 1990); *Isidore Newman Sch. v. J. Everett Eaves, Inc.,* 2009-2161 (La. 7/6/2010), 42 So. 2d 352, 356; *Numa C. Hero & Son, LLP v. Brit UW Ltd.*, No. 18-6470, 2018 WL 4184562, at *2 (E.D. La. 8/31/2018) ("[A]n insured has a valid claim against the agent when the insured demonstrates that: 1) the insurance agent agreed to procure the insurance…") (citing *Isidore Newman Sch.*, 42 So.2d at 356); *Parker v. Lexington Ins. Co.*, No. 06-4156, 2006 WL 3328041, at *2 (E.D. La. 11/15/2006); *Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co.*, 2010-0626, p. 5 (La. App. 4 Cir. 10/20/10), 51 So. 3d 129, 133-34 (outlining the three elements that a plaintiff must establish to recover for loss arising from the failure of an insurance agent to obtain insurance coverage, the first of which is "an undertaking or agreement by the agent to procure insurance"); *Taylor v. Sider*, 765 So. 2d 416, 418 (La. App. 4th Cir. 2000).

Arabia Insurance and Reinsurance Brokers (Khobar) ("Marsh KSA") and facilitating communication between Dynamic and Marsh KSA regarding the policy that *Marsh KSA procured* for DISA.[9]  Thus, to the extent that Plaintiffs have a viable claim against Marsh USA, such claim would be limited to Marsh USA's alleged failure to either refer Plaintiffs to the appropriate entity for the placement of the requested coverage or facilitate conversations between Plaintiffs and that entity.

Although Marsh USA agreed to act as Dynamic's consultant, it never agreed to procure coverage for DISA's pipeline project in Saudi Arabia and the Saudi Arabian Monetary Agency's ("SAMA") regulatory requirements prohibit Marsh USA from procuring such coverage.[10]  Further, the policy documents and email correspondence between Marsh USA, Marsh KSA, and Dynamic conclusively establish that, while Marsh USA continued to facilitate communication between Marsh KSA and Dynamic as Dynamic's U.S.-based consultant, Marsh KSA is the entity that agreed to procure the policy at issue for DISA.[11]  Specifically, the email correspondence establishes that: Marsh KSA's brokering team accepted the referral from Marsh USA;[12] Marsh KSA's brokering team secured the policy;[13] Marsh KSA informed Dynamic that the policy would be issued by a Saudi insurer in Saudi Arabia;[14] and Marsh KSA produced the certificate of

---

[9] R. Doc. 84-1 at pp. 18-21 (invoices indicating that Plaintiffs paid Marsh USA $25,000 in consultant fees), 23-24 (email correspondence between Plaintiffs and Marsh USA wherein Marsh USA requests that Plaintiffs confirm their agreement to the $25,000 fee for Marsh USA's services as a consultant) (using CM/ECF pagination).

[10] *See* R. Doc. 79-1 at p. 1.

[11] *See Numa*, 2018 WL 4184562, at *2; *see* R. Doc. 84-1 at p. 9 (email from Marsh KSA to Dynamic with Certificate of Insurance attached), 12-14 (email from Marsh KSA to Marsh USA confirming Marsh KSA's procurement of the policy on behalf of DISA), 17 (copy of invoice issued by Marsh KSA to DISA for payment of the policy's premium).

[12] *See* R. Doc. 84-1 at pp. 12-13 (email from Marsh KSA to Marsh USA regarding Marsh KSA's brokerage team securing 102.5% subscription by insurers and reinsurers for DISA's third-party liability coverage).

[13] *See id.* at pp. 9-10 (email from Marsh KSA to Dynamic confirming 100% of coverage placed).

[14] *See id.* at p. 12 (email from Marsh KSA to Marsh USA stating that the policy would be issued by a AIG joint venture in Saudi Arabia).

insurance to Dynamic within two months of the policy's inception date.[15]  The emails also establish that Marsh KSA or Marsh Dubai invoiced DISA for all policy-related costs and DISA, rather than its parent company, paid those invoices.[16]  In sum, the documents attached to Plaintiffs' Opposition flatly contradict their assertion that Marsh USA was obligated to procure the insurance coverage DISA needed.  That obligation obviously rested with Marsh KSA.[17]  Because Marsh USA did not procure the insurance policy that forms that basis of Plaintiffs' claims, Plaintiffs face an insuperable bar to relief and their claims against Marsh USA must be dismissed.[18]

## II.  CONCLUSION

The subject of this lawsuit remains a dispute between Saudi Arabian companies over a Saudi Arabian insurance policy that should be resolved by a Saudi court applying Saudi law.  At best, Marsh USA's involvement in this dispute is limited to its role as a consultant that referred the Plaintiffs to Marsh KSA and facilitated communication between Plaintiffs and Marsh KSA.  Plaintiffs' claims are perempted as a matter of law because they failed to file suit within a year of discovering any errors or omissions with respect to the procurement of that policy or within three years of Marsh KSA's alleged failure to procure adequate coverage.  Moreover, even if Plaintiffs' claims against Marsh USA were not perempted, Marsh USA never entered into an agreement with the Plaintiffs for the procurement of the insurance policy at issue, and therefore, Plaintiffs do not have a legally cognizable claim against Marsh USA.  For these reasons, and the reasons included in Marsh USA's Motion to Dismiss, this Court should dismiss the case against Marsh USA with prejudice and at the Plaintiffs' sole cost.

---

[15] R. Doc. 84-1 at pp. 9-16.

[16] See id. at pp. 9, 12-17, 23-24.

[17] See R. Doc. 84 at pp. 10-11.

[18] See Jones v. Bock, 549 U.S. 199, 215 (2007) (holding that, if it is apparent from the face of the complaint that an insuperable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim); Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co., 2010-0626 at p. 5, 51 So. 3d at pp. 133-34.

Respectfully submitted:

/s/ Christopher R. Teske

_____
Christopher R. Teske (#27106)
Arianna E. de Goede (#37654)
PIPES | MILES | BECKMAN, L.L.C.
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Fax: (504) 322-7520
cteske@pipesmiles.com
adegoede@pipesmiles.com
ATTORNEYS FOR DEFENDANT,
MARSH & MCLENNAN COMPANIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2021, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

/s/ Christopher R. Teske

_____
CHRISTOPHER R. TESKE