UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DYNAMIC INDUSTRIES, INC., DYNAMIC INDUSTRIES INTERNATIONAL, LLC and DYNAMIC INDUSTRIES SAUDI ARABIA, LTD.**<br><br>**VERSUS**<br><br>**METLIFE - AMERICAN INTERNATIONAL GROUP - ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY; ET AL.** | CIVIL ACTION NO. 2:21-cv-748<br><br>JUDGE IVAN L.R. LEMELLE<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

**MEMORANDUM IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

Dynamic Industries, Inc. ("DI"), Dynamic Industries International, LLC ("DII") and Dynamic Industries Saudi Arabia, Ltd. ("DISA") (collectively, "Plaintiffs") respectfully oppose the Rule 26(c) Motion for Protective Order to Stay Discovery Pending Ruling on Threshold Motions (R. Doc. 91) filed by Walaa Cooperative Insurance Co. ("Walaa") and adopted by Marsh & McLennan Companies, Inc. ("Marsh") (collectively, "Defendants") (R. Doc. 93). As explained more fully herein, the Defendants' Motion should be denied.

**LAW AND ARGUMENT**

**I.  Legal Standard**

The Court "has broad discretion and inherent power to stay discovery" while a motion to dismiss is pending. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Further, the "Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined." *Parish of Jefferson, Louisiana v. Southern Recovery Management*, 1996 U.S. Dist. LEXIS 3894 (E.D. La. March 27, 1996) (citing *Petrus*, 833 F.2d at 583). However, no federal or local rule *automatically* stays discovery pending a ruling on a motion to dismiss. *Tonti*

*Mgmt. Co. v. Doggie*, No. 19-13134, 2020 U.S. Dist. LEXIS 253079 (E.D. La. Aug. 13, 2020). Nor is a stay of discovery permitted merely because a defendant believes it will prevail on its motion to dismiss. *See, e.g., Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 U.S. Dist. LEXIS 66824, at *2 (N.D. Tex. May 15, 2014) ("motion to dismiss does not automatically stay discovery . . . until the motion is resolved."). Indeed, a stay while dispositive motions are pending is the **exception** rather than the rule. *Notariano v. Tangipahoa Parish School Board*, 2018 U.S. Dist. LEXIS 135925 (E.D. La. Aug. 13, 2018); *Griffin v. American Zurich Ins. Co*, 2015 U.S. Dist. LEXIS 178956, at *2 (N.D. Tex. Mar. 18, 2015) (staying discovery while a motion to dismiss is pending "is the exception rather than the rule.").

In fact, courts both within and outside the Fifth Circuit repeatedly exercise their discretion to refuse to stay discovery pending a ruling on a motion to dismiss. *See, e.g., Sizeler Hammond Square, Ltd. Partnership v. City of Hammond*, No. Civ.A. 99-1816, 1999 U.S. Dist. LEXIS 12781, at *1 (E.D. La. Aug. 12, 1999) (court refused to stay discovery pending motion to dismiss); *Struthers v. General Foods*, 290 F. Supp. 122 (S.D. Tex. 1968) (court refused to stay discovery pending motion to dismiss because case "gives every indication of developing into unduly protracted litigation and the court must resist every attempt to delay"); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation."); *Twin City Fire Ins. Co. v. Employers Ins. of Wasau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("[A] pending motion to dismiss is no ordinarily a situation that in and of itself would warrant a stay of discovery."). As noted in prior cases, when the Court's discovery deadline is approaching, discovery <u>must proceed</u>. *Egana v. Blair's Bail Bonds, Inc.,* 2019 U.S. Dist. LEXIS

229670, *11 (E.D. La. Jan. 23, 2019).

As noted by Magistrate Wilkinson, "[a]s a matter of federal procedure, a request to stay discovery is actually a motion for protective order under Fed. R. Civ. P. 26(c)(1)(A), (B)." *Notariano,* 2018 U.S. Dist. LEXIS 135925, at *6. Such a motion requires a distinct showing of **good cause** based on a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). The burden, therefore, is on the movants (here Walaa and Marsh), not Plaintiffs. Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 U.S. Dist. LEXIS 66824, at *1 (quoting Fed. R. Civ. P. 26(c)(1)) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 436 (5th Cir. 1990)). Given the court's "broad discretion to manage the conduct of discovery, . . . [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm that would result if no protective order is granted. *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016); *Gulotta v. GE Capital Modular Space*, 2005 U.S. Dist. LEXIS 11988, at *7-8 (E.D. La. May 31, 2005). Conclusory statements and stereotypes are not sufficient. *Notariano,* 2018 U.S. Dist. LEXIS 135925, at *6. The Defendants have not and cannot meet their "good cause" burden of proof in this matter, especially because no discovery is outstanding and therefore the instant request is both overbroad (applying to "all discovery") and premature.

## II. No Discovery Has Been Served or Proposed So the Requested Protective Order Is "At Best" Premature

As an initial matter, the Motion should be denied, as the Defendants' requested protective order is premature and Rule 26(c) does not even apply by its own terms. Courts have held over and over that protective orders will not be granted in the ***abstract***. *See, e.g., Stanissis v. DynCorp. Nat'l, LLC*, 2015 U.S. Dist. LEXIS 55911, *30 (N.D. Tex. Apr. 29, 2015) (protective order denied without prejudice "as premature, because there is no indication at this stage of the litigation that such a protective order is necessary"); *Williams v. Roche*, 2002 U.S. Dist. LEXIS 24030, *9 (E.D. La. Dec. 11, 2002) (a request for a protective order regarding "future discovery" was "denied as premature" and "overly broad" because "neither plaintiff nor the court can tell at this time what discovery of information outside the administrative record, if any, might be permitted"). Rule 26(c) by its own terms applies only when discovery has actually been "sought." Under these standards the Defendants' request for protective order should be denied as both premature and contrary to the express wording of Rule 26(c). At the outset, the Defendants do not identify any specific discovery requests they seek to prohibit; rather, it is a blanket protective order seeking to limit any and all discovery. They do not even suggest that Plaintiffs served any discovery on the Defendants, or that Plaintiffs "sought" any discovery from the Defendants (as required to trigger Rule 26(c))[1]. Thus, because the Defendants are essentially seeking an advisory opinion from the Court, this abstract relief is premature under the case law noted above, and the Motion should be denied on that basis.

---

[1] In the lead up to the Court's scheduling conference held on November 4, 2021, counsel discussed a stay of all discovery. Counsel for Plaintiffs noted that it had no intention of proceeding immediately with merit-based discovery, was considering jurisdictional discovery as outlined in its opposition to the pending motions, but would not agree to a blanket motion to stay all discovery. The district court has set a December 5, 2022 trial date with a discovery cutoff of October 18, 2022. R. Doc. 94.

### III. The Defendants Cannot Satisfy Their "Good Cause" Burden for a Protective Order Under Fed. R. Civ. P. 26(c)

Furthermore, the denial of the Motion is warranted, as Defendants cannot satisfy their "good cause" burden under Rule 26. Indeed, the Defendants base their request for a protective order on Fed. R. Civ. P. 26(c) which states that "[a] party or any person from whom discovery is sought may move for a protective order" upon a showing of "good cause" to "protect a party from discovery that causes "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (emphasis added). The Defendants' basic argument is that they want a protective order to prohibit any future, unserved discovery requests because there are pending motions to dismiss. District courts in the Eastern District of Louisiana regularly and routinely receive motions that can entirely dispose of a case, yet the courts do not upset discovery and enter a stay every time a defendant files a motion with the hope that the case might be dismissed. As a matter of common practice, and in an effort to expeditiously move the docket forward, cases are allowed to proceed, so that the plaintiff will not be prejudiced in his preparations for a pending trial. Here, the parties specifically selected a trial date well in to the future to provide for this very scenario.  In other words, merit-based discovery is not imminent, but can be started after allowing for the district court to rule on complicated, factually-intensive motions, that Plaintiffs submit will not be granted.

Here, Defendants argue in conclusory fashion that good cause exists because they are likely to succeed on the merits of their pending motions to dismiss. R. Doc. 91-1. As explained above, a stay of discovery is not permitted merely because a defendant believes it will prevail on its motion to dismiss. *See, e.g., Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 U.S. Dist. LEXIS 66824, at *2 (N.D. Tex. May 15, 2014). Such a rule would essentially automatically stay any discovery in almost every case, for every movant feels it will win a dispositive Rule 12 motion. In fact, Plaintiffs believe otherwise and submit no "good cause" exists because the case will not be dismissed.  As

to Defendant Marsh,[2] Plaintiffs have clearly stated actionable claims as set forth in their complaints, as well as in the opposition to Marsh's pending Rule 12 motions. R. Docs. 1, 35, 65. As to Walaa, and as noted in Plaintiffs' extensive opposition to their pending Rule 12 Motions, this matter is an insurance coverage dispute for an insurance policy that was issued for delivery in Louisiana and to an insured domiciled in Louisiana. R. Docs. 67, 70. Accordingly, and based on Louisiana's insurance statute, the choice of forum and *forum non conveniens* motions will likely fail. Without any specific and particularized factual showing that discovery would immediately pose problems of prejudice and undue burden, Defendants simply cannot satisfy their "good cause" burden for a protective order. *See, e.g., Notariano,* 2018 U.S. Dist. LEXIS 135925, at *6; *see also Bankers Ins. Co. vs. Egenberg,* 2020 U.S. Dist. LEXIS 140129, at *8-9 (E.D. La. Aug. 6, 2020) (denying blanket motion to stay because movant failed to prove "good cause" with particular and specific demonstration that discovery would be oppressive, overly burdensome or expensive).

## IV.  Plaintiffs Are Entitled to Limited Jurisdictional Discovery

Even if this Court were to conclude that Defendants have made a particularized showing of "good cause", any stay imposed by this Court should not limit or prohibit Plaintiffs' ability to conduct limited jurisdictional discovery, as requested in its opposition on file with the district court. Indeed, courts have cautioned that a stay of all discovery is not appropriate, when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." *Parish of Jefferson, Louisiana v. Southern Recovery Management*, 1996 U.S. Dist. LEXIS 3894 (E.D. La. March 27, 1996).

---

[2] Importantly, Marsh USA, Inc. did not move to adopt Walaa's Rule 26(c) Motion for Protective Order to Stay Discovery Pending Ruling on Threshold Motions (R. Doc. 91). Marsh & McLennan Companies, Inc. was the only other Defendant entity who moved to adopt the Motion. R. Doc. 93.

Here, Plaintiffs previously requested the opportunity to conduct limited jurisdictional discovery in order to resolve any outstanding jurisdictional issues. *See* R. Docs. 65, 70. It is well established that when a defendant disputes the factual bases for jurisdiction, the court may receive interrogatories, depositions, or "any combination of the recognized methods of discovery" to help it resolve the jurisdictional issue. *Walk Haydel & Assocs. v. Coastal Power Prod. Co.,* 517 F.3d 235, 241 (5th Cir. 2008). Further, the court has discretion as to the type and amount of discovery to allow. *Id.*

Because limited jurisdictional discovery would allow Plaintiffs to "develop a factual base for defending against [Defendants'] dispositive motion[s]" by resolving disputes surrounding the factual bases for jurisdiction, any stay of discovery with respect to jurisdictional discovery would be inappropriate. *See Parish of Jefferson, Louisiana v. Southern Recovery Management*, 1996 U.S. Dist. LEXIS 3894 (E.D. La. March 27, 1996).

## CONCLUSION

For the reasons stated herein, Dynamic Industries, Inc., Dynamic Industries International, LLC and Dynamic Industries Saudi Arabia, Ltd. respectfully request that this Court deny the Rule 26(c) Motion for Protective Order to Stay Discovery Pending Ruling on Threshold Motions (R. Doc. 91) filed by Walaa Cooperative Insurance Co. and adopted by Marsh & McLennan Companies, Inc. (R. Doc. 93).

Respectfully submitted,

*/s/ L. Etienne Balart*
EDWARD D. WEGMANN (La. #13315)
L. ETIENNE BALART (La. #24951), T.A.
LAUREN C. MASTIO (La. #33077)
TAYLOR K. WIMBERLY (La. #38942)
JONES WALKER LLP
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone: 504-582-8584
Facsimile:  504-589-8584
Email: ebalart@joneswalker.com
 dwegmann@joneswalker.com
 lmastio@joneswalker.com
 twimberly@joneswalker.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by hand, electronic filing, facsimile, email, and/or depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 30th day of November, 2021.

*/s/ L. Etienne Balart*