UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DYNAMIC INDUSTRIES, INC., DYNAMIC INDUSTRIES INTERNATIONAL, LLC and DYNAMIC INDUSTRIES SAUDI ARABIA, LTD., Plaintiffs, | * * * * * NO. 2:21-CV-748 |
| VERSUS | * JUDGE IVAN L.R. LEMELLE |
| METLIFE - AMERICAN INTERNATIONAL GROUP – ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY; WALAA COOPERATIVE INSURANCE CO.; AMERICAN LIFE INSURANCE COMPANY; AIG MEA INVESTMENTS AND SERVICES COMPANY and MARSH & MCLENNAN COMPANIES INC. Defendants. | * * * MAG. JANIS VAN MEERVELD * * * * * |

**MEMORANDUM IN SUPPORT OF RULE 26(c) MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY PENDING RULING ON THRESHOLD MOTIONS**

Walaa Cooperative Insurance Co. ("Walaa"), successor in interest to improperly named/non-existent entity Metlife AIG-ANB, submits this brief Reply in further support of its Motion to Stay Discovery (ECF No. 91) to address certain inaccurate points and issues raised by Plaintiff's memorandum in opposition (ECF No. 100), but not addressed in Walaa's original memorandum in support (in accordance with the Court's directions regarding replies, *e.g.* ECF Nos. 95, 99).

**I.  Legal Standard – Inapposite Cases**

Plaintiff acknowledges (as it must under this Court's own prior rulings)[1] that the Court has the inherent authority to stay discovery pursuant to Rule 26(c), and that "the Fifth Circuit has held that it is appropriate to stay discovery until preliminary questions that may dispose of the case are determined."[2] Indeed, the very case quoted by Plaintiff for this proposition *reversed for abuse of*

---

[1]  *Davis v. Landrieu*, 2018 WL 10760297, *2 (E.D. La. Apr. 5, 2018) (van Meerveld, M.J.).  *Accord Carlisle v. Normand*, 2018 WL 3474715, *2 (E.D. La. July 19, 2018) (van Meerveld, M.J.).

[2]  *Par. of Jefferson v. S. Recovery Mgmt., Inc.*, 1996 WL 144400, at *2 (E.D. La. Mar. 27, 1996) () (citing *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987).

1

*discretion* an order denying a discovery stay pending rulings on threshold jurisdictional motions because "even minimal cost is unwarranted where imminent jurisdictional rulings may render such discovery altogether moot."[3]

Plaintiff goes on to suggest that "courts both within and outside the Fifth Circuit repeatedly exercise their discretion to refuse to stay discovery pending a ruling on a motion to dismiss" (ECF No. 100, p. 2), but the cases cited in support of this proposition *are all* inapposite, outdated, or actually support Walaa's position*:*

- In *Sizeler Hammond Square, Ltd. v. City of Hammond*, Magistrate Judge Roby ruled that the underlying motion to dismiss *had no merit,*[4] thus effectively mooting the motion to stay in her denial.[5]  In this case, Walaa's Threshold Motions, which remain pending and can only be determined upon ruling by the District Court, are "likely to succeed"[6] and "merit serious consideration… [because if granted] the case will be completely disposed of."[7]  Thus, it makes no economic or procedural sense for any discovery to proceed if the claims against Walaa cannot proceed in this Court.

- The more-than-fifty-year-old decision in *Struthers v. General Foods* involved a patent dispute – already proceeding on the merits (in part) in another forum – in which the court denied a motion to stay discovery (pending the outcome of the defendant's motion to dismiss) to avoid delay because the case had "every indication of developing into unduly protracted litigation."[8]  In short, the court did not believe the defendant's motion was viable given the nature of the dispute (which had already triggered litigation in another federal forum).  Thus, the decision merely exemplifies the court's discretionary decision vis-à-vis the second factor (in the modern Rule 26(c) analysis for staying discovery) regarding "the strength of the dispositive motion filed by the party seeking a stay."[9]  Here, Walaa's Threshold Motions are existential to these proceedings, and discovery should be stayed pending their outcome.

---

[3] *Id*.

[4] 1999 WL 615173, *3 (E.D. La. Aug. 12, 1999) ("The doctrine of absolute legislative immunity does not apply…[A]s the Court has addressed the issue of legislative immunity, the matter is now ripe for discovery.").

[5] Note also that the *Sizeler* case was later dismissed for lack of subject matter jurisdiction as part of a motion to reconsider Judge Roby's ruling on the stay issue.  *See Sizeler Hammond Square Ltd. P'ship v. City of Hammond*, 1999 WL 694018, at *2 (E.D. La. Sept. 3, 1999).

[6] *Badon v. U.S. Dep't of Agric.*, 2021 WL 3201367, *1 (M.D. La. July 28, 2021).

[7] *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, 2020 WL 6140462, at *2 (N.D. Tex. Aug. 12, 2020).

[8] 290 F. Supp. 122, 125 (S.D. Tex. 1968).

[9] *Armstrong v. Cumberland Acad.*, 2021 WL 2784296, *2 (E.D. Tex. Mar. 22, 2021).  *See also Primesource* 2020 WL 6140462 at *1 (staying discovery/initial disclosures pending ruling on motion to dismiss).

- *Gray v. First Winthrop Corp*. (a case from a California federal court) denied a motion to stay *merits* discovery pending motions to dismiss – "some of which [we]re yet to be filed" at the time of the motion to stay – and in the context of necessary *class certification* discovery, which inherently intertwined with merits discovery.[10]  The facts of *Gray* are entirely different from the facts of this case.

- Plaintiff's quotation from *Twin City Fire Insurance Co. v. Employers Insurance of Wausau* – i.e. that "a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery" – **omits the very next sentence** that actually supports Walaa's motion:

  > Common examples of such situations [meriting stay of discovery], however, **occur when jurisdiction, venue, or immunity are preliminary issues.** *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir.1982) (district judge properly granted defendants' protective order barring discovery prior to a decision on a pending motion to dismiss for jurisdictional defects); *Sperberg v. Firestone Tire & Rubber Co*., 61 F.R.D. 70 (N.D.Ohio 1973) (discovery as to defendant partially stayed in patent infringement case where venue would be improper if defendant had not been guilty of infringement in that particular district).[11]

  Walaa's Threshold Motions *both* relate to "jurisdiction [and] venue" and thus are precisely within the scope of cases that merit a stay of discovery pending resolution of these threshold issues.

## II. Walaa's Motion is not Premature; Courts Routinely Stay Discovery in Similar Circumstances, and Rule 26(c) applies by its Own Terms

Plaintiff argues that Walaa "cannot meet [its] 'good cause' burden" because "there is no discovery outstanding and therefore… [the Motion is] premature" and "Rule 26(c) does not even apply by its own terms" (ECF No. 100, pp. 3-4).  This is contrary to precedent and standard practice in the Fifth Circuit; and at odds with the plain terms of Rule 26(c).

### A. Case law Refutes Plaintiff's Prematurity Argument

Indeed, the Western District of Texas recently (the day after Walaa's Motion to Stay was filed) granted a motion to stay discovery, filed simultaneously with a motion to dismiss and before discovery was served, based on the court's "broad discretion and inherent power to stay discovery

---

[10] 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable because of the closely linked issues, and inefficient because it would be certain to require ongoing supervision of discovery.").

[11] 124 F.R.D. 652, 653 (D. Nev. 1989) (emphasis added).

3

until preliminary questions that may dispose of the case are determined."[12]  Likewise, this Court itself has recognized that *even Rule 26 initial disclosures* - which are mandatory (absent stipulation, as in this case) without having to be "sought" or requested by a party – may be stayed under the Court's broad Rule 26(c) discretion pending resolution of threshold motions.[13]  Likewise, another section of this Court has stayed discovery *prior to any discovery being issued* (and indeed prior to the parties holding the Rule 26(f) conference necessary to commence discovery) pending resolution of a motion to dismiss.[14]  The Middle District of Louisiana has similarly stayed discovery, prior to any discovery being served, pending a ruling on a motion to dismiss.[15]  Likewise, the Southern District of Texas, in a case involving substantially identical threshold issues as to proper forum/jurisdiction, also stayed discovery under Rule 26(c) *prior to any discovery* being issued in the federal action.[16]

Simply put, there is no strict "prematurity" or "advisory opinion" limitation on the Court's broad discretion to stay discovery – whether issued or merely contemplated - when threshold motions to dismiss remain pending.  Indeed, this is exemplified in jurisprudence from other federal districts granting Rule 26(c) discovery stays pending the outcome of threshold motions:

> Relators also contend that defendants' motion is premature because they have not yet served the third party discovery. The fact that the discovery has not yet been propounded hinders the Court from considering the nature and potential burdensomeness of the discovery requests. However, defendants' motion is not premature. **Rather, it appropriately seeks a ruling on an anticipated issue**

---

[12] *Stamps v. Univ. of Texas at Austin*, 2021 WL 5167296, *3 (W.D. Tex. Nov. 4, 2021) (quoting *Petrus*).

[13] *Davis v. Landrieu*, 2018 WL 10760297, at *2 (E.D. La. Apr. 5, 2018) (citing *Johnson v. PPI Tech. Servs., L.P.*, 2012 WL 5449636, *2 (E.D. La. Oct. 18, 2012), *R&R adopted*, 2012 WL 5438999 (E.D. La. Nov. 7, 2012) (premature to require initial disclosures by two defendants who had pending motions to dismiss for lack of personal jurisdiction)).

[14] *Apalachicola Riverkeeper v. Taylor Energy Co.*, 2012 WL 4566626, at *4 (E.D. La. Oct. 2, 2012).

[15] *Martin v. Roy*, 2021 WL 890582, at *2 (M.D. La. Mar. 9, 2021).

[16] *Fed. Deposit Ins. Corp. as Receiver for Franklin Bank v. Morgan Stanley & Co. LLC*, 2012 WL 12894738, *2 (S.D. Tex. Oct. 30, 2012) ("Until the proper forum for this case is decided, [defendant] will not be able to craft a Rule 12(c) motion that cites appropriate legal authorities…[and thus] [i]t will be most efficient for the parties and the courts to focus on resolving these issues before complicated and extensive discovery such as that represented by the [plaintiff's] state court requests goes forward. [T]he court will exercise its discretion to stay discovery in this case.").

> **before third parties are burdened and before defendants suffer the harm they anticipate from service of the discovery**.
>
> [Rule 26(c)] gives the Court broad discretion to craft protective orders during discovery upon a showing of "good cause" by the party seeking the order. …
>
> Allowing the discovery could also impose significant costs and burdens on third parties that would be unnecessary if the Court grants the motion to dismiss. Finally, granting the request for a limited stay preserves judicial resources because the Court will not be required to address potential motions related to discovery issues that may become moot. Even if the motion to dismiss does not resolve the matter entirely, it could narrow the issues and obviate the need for certain discovery.[17]

This also makes good practical sense: there is no rational reason to allow *any potential* discovery "where the disposition of [Walaa's Threshold Motions] might preclude the need for [it] entirely."[18]

### B. Rule 26(c)'s Plain Terms Refute Plaintiff's Textual Argument

Further, as the above jurisprudence suggests, Plaintiff's textual argument that "Rule 26(c) does not even apply by its own terms" (ECF No. 100, p. 4) prior to discovery being formally issued is at odds with the plain language of the Rule.

First, Plaintiff contends that Rule 26(c) can only apply when discovery has been "sought," which it equates with formal issuance of discovery requests (ECF No. 100, p. 4). However, Rule 26(c) specifically uses the word "sought"; whereas other parts of the same Rule (namely Rule 26(d)) use the word "served" (in reference to Rule 34 requests for production). Thus, discovery "sought" in the context of Rule 26(c) must mean something different *and more broad* than discovery "served" under Rule 26(d).[19] Here, as Plaintiff appropriately acknowledges (ECF No. 100, p. 4 FN 1), Plaintiff has effectively "sought" (albeit not yet "served") discovery because it has indicated intent (during the parties' November 4, 2021 conference) to conduct jurisdictional discovery (which is inappropriate at this time as noted below).

---

[17] *United States v. Ctr. for Diagnostic Imaging, Inc*., 2010 WL 11682231, *1 (W.D. Wash. Dec. 16, 2010).

[18] *Your Preferred Printer, LLC v. United Wholesale, LLC*, 2012 WL 2190853, *2 (E.D. La. June 14, 2012).

[19] *See Riley v. Walgreen Co.,* 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Rule 26(d)'s proscription sweeps broadly; not only may a party not 'serve' discovery, it may not even 'seek' discovery…until after the Rule 26(f) conference.").

Second, Rule 26(c) provides for protective orders with respect to materials for which "disclosure **or** discovery" is "sought." This distinction between "disclosure" and "discovery" further confirms that Rule 26(c) *by its own terms* applies *even when there is no formal discovery request*, because it also applies to "disclosures" (i.e. Rule 26(a) disclosures), which do not require any formal request.

Accordingly, Rule 26(c) does apply by its own terms to the circumstances of this case, as the above-cited cases further confirm.

### III.   Walaa has Made a Specific Showing of "Good Cause"

Plaintiff attempts to minimize Walaa's "good cause" showing by suggesting that Walaa has "argue[d] in conclusory fashion that good cause exists [solely] because [Walaa is] likely to succeed on the merits of" the Threshold Motions (ECF No. 100, p. 5). This is objectively incorrect.

Walaa certainly contends that the Threshold Motions will likely succeed (given the Saudi Arabian forum/jurisdictional clause in the Policy; the facial inapplicability of La. Rev. Stat. 22:868, which is Plaintiff's sole basis for avoiding the forum/jurisdiction clause; and the demonstrated lack of any relevant personal jurisdictional contacts), and has argued as such with respect to the second factor relevant to this Court's analysis of the request to stay discovery (*see* ECF No. 91-1, pp. 6-8). **But in addition**, Walaa has also made the requisite "particular and specific demonstration of fact"[20] to show why *any discovery* prior to resolution of the Threshold Motions would result in undue hardship and expense to Walaa (given the international and practical logistics of any such discovery) (*see* ECF No. 91-1, p. 6, first bullet point).

Plaintiff's argument that Walaa has not shown specific "good cause" facts is wrong.

---

[20] *Id*.

**IV.    The District Court will Determine whether to Allow Jurisdictional Discovery (if Necessary) in Ruling on the Threshold Motions**

Finally, Plaintiff argues that limited jurisdictional discovery should be allowed (ECF No. 100, p. 7).  For all the reasons previously argued in Walaa's Threshold Motion briefing, and its original briefing on this Motion to Stay (*see* ECF No. 80, p. 14, ECF No. 90-1, p. 2), Plaintiff is not entitled to jurisdictional discovery.  But regardless, as this Court has recently held in an identical circumstance, "[t]o the extent the District Court determines that limited discovery should be opened for the purposes of [addressing jurisdictional issues], the District Court will address this issue in resolving the Motion to Dismiss."[21]  The same is true here, and a stay of *all* discovery (including jurisdictional discovery) is proper under Rule 26(c) pending Judge Lemelle's ruling on the Threshold Motions (and any discovery direction/limitation he may issue in such ruling).

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*/S/ Kent A. Lambert*
**KENT A. LAMBERT (#22458)
CHRISTOPHER M. HANNAN (#31765)
KRISTEN L. HAYES (#36490)
KENNARD B. DAVIS (#38181)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:     (504) 566-5200
Facsimile:      (504) 636-4000
Email:            klambert@bakerdonelson.com
Email:            channan@bakredonelson.com
Email:            klhayes@bakerdonelson.com
Email:            kbdavis@bakerdonelson.com

**COUNSEL FOR WALAA COOPERATIVE INSURANCE CO.**

---

[21] *Carlisle v. Normand*, 2018 WL 3474715, at *3 (E.D. La. July 19, 2018) (van Meerveld, M.J.).