## CASE NO.  22-30033
_____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT
_____

DYNAMIC INDUSTRIES, INCORPORATED; DYNAMIC INDUSTRIES
INTERNATIONAL, L.L.C.; DYNAMIC INDUSTRIES SAUDI ARABIA,
LIMITED,

      Plaintiffs - Appellants

v.

WALAA COOPERATIVE INSURANCE COMPANY, improperly named
defendant METLIFE-AMERICAN INTERNATIONAL GROUP – ARAB
NATIONAL BANK COOPERATIVE INSURANCE COMPANY; MARSH &
MCLENNAN COMPANIES, INCORPORATED doing business as MARSH,
INCORPORATED; MARSH USA, INCORPORATED, doing business as
MARSH USA RISK SERVICES,

      Defendants - Appellees
_____

On Appeal from the
United States District Court for the Eastern District of Louisiana
Civil Action No. 21-cv-748
Honorable Ivan L.R. Lemelle, Presiding
_____

### UNOBJECTED MOTION BY DEFENDANT-APPELLEE WALAA
### COOPERATIVE INSURANCE COMPANY TO SUPPLEMENT THE RECORD
### ON APPEAL
_____

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:     /s/ *Kent A. Lambert*

**KENT A. LAMBERT (#22458)**
**CHRISTOPHER M. HANNAN (#31765)**
**KRISTEN L. HAYES (#36490)**
**KENNARD B. DAVIS (#38181)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
Facsimile:    (504) 636-4000
Email:  klambert@bakerdonelson.com
Email: channan@bakredonelson.com
Email: klhayes@bakerdonelson.com
Email: kbdavis@bakerdonelson.com

**COUNSEL FOR DEFENDANT-**
**APPELLEE WALAA COOPERATIVE**
**INSURANCE CO.**

CASE NO.  22-30033
_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

DYNAMIC INDUSTRIES, INCORPORATED; DYNAMIC INDUSTRIES INTERNATIONAL, L.L.C.; DYNAMIC INDUSTRIES SAUDI ARABIA, LIMITED,

      Plaintiffs - Appellants

v.

WALAA COOPERATIVE INSURANCE COMPANY, improperly named defendant METLIFE-AMERICAN INTERNATIONAL GROUP – ARAB NATIONAL BANK COOPERATIVE INSURANCE COMPANY; MARSH & MCLENNAN COMPANIES, INCORPORATED doing business as MARSH, INCORPORATED; MARSH USA, INCORPORATED, doing business as MARSH USA RISK SERVICES,

      Defendants - Appellees
_____

On Appeal from the
United States District Court for the Eastern District of Louisiana
Civil Action No. 21-cv-748
Honorable Ivan L.R. Lemelle, Presiding
_____

## CERTIFICATE OF INTERESTED PARTIES
_____

Pursuant to Federal Rule of Appellate Procedure 26.1(d)(1) and Fifth Circuit Local Rules 27.4 and 28.2.1, undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule

28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

### A.   Plaintiffs-Appellants

- Dynamic Industries, Inc.
- Dynamic Industries International, LLC
- Dynamic Industries Saudi Arabia, Ltd.
- Jones Walker, LLP, counsel for Plaintiffs-Appellants
  - Etienne Balart
  - Edward D. Wegmann
  - Lauren Courtney Mastio
  - Taylor Katherine Wimberly

### B.   Other Financially Interested Non-Parties

- Dynamic Energy Services International, LLC
- Bandariyah International Company, Limited (30% owner parent/affiliate of Dynamic Industries Saudi Arabia, Ltd.)
- Marsh Saudi Arabia - Insurance and Reinsurance Brokerage Co.
- Saudi Arabian Oil Company a/k/a Saudi Aramco
- Alinma Tokio Marine Company

### C.   Defendants-Appellees

- Walaa Cooperative Insurance Co.- Defendant-Appellee
- Baker Donelson Bearman Caldwell & Berkowitz, PC - counsel for Walaa
  - Kent A. Lambert

- o Christopher M. Hannan
- o Kristen L. Hayes
- o Kennard B. Davis
- Marsh & McLennan Companies, Inc., d/b/a Marsh Inc. - Defendant-Appellee
- Marsh USA Inc., d/b/a Marsh USA Risk Services - Defendant-Appellee
- Pipes Miles Beckman – counsel for Defendant-Appellee Marsh entities
  - o Christopher R. Teske
  - o Arianna Elizabeth de Goede

Respectfully submitted,

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

By:     /s/ *Kent A. Lambert*

**KENT A. LAMBERT (#22458)**
**CHRISTOPHER M. HANNAN (#31765)**
**KRISTEN L. HAYES (#36490)**
**KENNARD B. DAVIS (#38181)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:   (504) 566-5200
Facsimile:    (504) 636-4000
Email:  klambert@bakerdonelson.com
Email: channan@bakredonelson.com
Email: klhayes@bakerdonelson.com
Email: kbdavis@bakerdonelson.com

**COUNSEL FOR DEFENDANT-APPELLEE WALAA COOPERATIVE INSURANCE CO.**

3

## DEFENDANT APPELLEE WALAA COOPERATIVE INSURANCE COMPANY'S UNOBJECTED MOTION TO SUPPLEMENT THE RECORD ON APPEAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant-Appellee Walaa Cooperative Insurance Company ("Walaa," successor in interest to the improperly named/ non-existent entity Metlife-American International Group-Arab National Bank Cooperative Insurance Co.) and, pursuant to Federal Rules of Appellate Procedure 27 and 10(e)(2)(A), as well as Fifth Circuit Local Rule 27.1.11, files this Unobjected Motion to Supplement the Record on Appeal ("ROA") with the transcript of a December 8, 2021 hearing (attached hereto) regarding Walaa's motion to stay discovery in the District Court, which was granted as reflected at ROA.3552 .

This motion is being filed with the stipulation of counsel for all parties pursuant to Federal Rule of Appellate Procedure 10(e)(2)(A). Likewise, this motion is being submitted to the Court of Appeals (pursuant to Federal Rule of Appellate Procedure 10(e)(2)(C) and 10(e)(3)) to allow for appropriate and accurate supplementation of the Electronic ROA (vis-à-vis Fifth Circuit Local Rule 28.2.2 and Fifth Circuit Court of Appeals Form 1 - Guidance for Record References as directed by the Clerk of Court) to facilitate hyperlinking of brief citations to the ROA for any references to the supplemental transcript in the parties' briefs.

1

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:    /s/ *Kent A. Lambert*
**KENT A. LAMBERT (#22458)**
**CHRISTOPHER M. HANNAN (#31765)**
**KRISTEN L. HAYES (#36490)**
**KENNARD B. DAVIS (#38181)**
201 St. Charles Avenue, Suite 3600
New Orleans, LA  70170
Telephone:  (504) 566-5200
Facsimile:   (504) 636-4000
Email:  klambert@bakerdonelson.com
Email: channan@bakredonelson.com
Email: klhayes@bakerdonelson.com
Email: kbdavis@bakerdonelson.com

**COUNSEL FOR DEFENDANT-**
**APPELLEE WALAA COOPERATIVE**
**INSURANCE CO.**

## CERTIFICATE OF CONFERENCE

I hereby certify, as stated in the memorandum in support of this motion above, that the undersigned has contacted all other parties, who have confirmed that there is no opposition to this motion and that no opposition will be filed.

SO CERTIFIED, this **30th** day of **March** , 2022

/s/ *Kent A. Lambert*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

**COUNSEL FOR DEFENDANT-**
**APPELLEE WALAA COOPERATIVE**
**INSURANCE CO.**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this __30th__ day of _March_, 2022, the foregoing Unobjected Motion has been filed electronically with the office of the Clerk for the United States Court of Appeals for the Fifth Circuit using the ECF system which sent notification of such filing to the following parties via electronic mail at the addresses indicated below, constituting service pursuant to Federal Rule of Appellate Procedure 25(d)(1)(B) and Fifth Circuit Rule 25.2.5:

**JONES WALKER LLP**

L. Etienne Balart (La. #24951), T.A.
      ebalart@joneswalker.com
Edward D. Wegmann (La. #13315)
      dwegmann@joneswalker.com
Lauren C. Mastio (La. #33077)
      lmastio@joneswalker.com
Taylor K. Wimberly (La. #38942)
      twimberly@joneswalker.com

**COUNSEL FOR PLAINTIFFS-
APPELLANTS DYNAMIC
INDUSTRIES, INCORPORATED;
DYNAMIC INDUSTRIES
INTERNATIONAL, L.L.C.;
DYNAMIC INDUSTRIES SAUDI
ARABIA, LIMITED**

**PIPES | MILES | BECKMAN, L.L.C**.

Christopher R. Teske (#27106)
      cteske@pipesmiles.com
Arianna E. de Goede (#37654)
      adegoede@pipesmiles.com

**COUNSEL FOR DEFENDANTS-
APPELLEES MARSH &
MCLENNAN COMPANIES,
INCORPORATED d/b/a MARSH,
INCORPORATED; MARSH USA,
INCORPORATED d/b/a MARSH
USA RISK SERVICES**

_/s/ Kent A. Lambert_
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

**COUNSEL FOR DEFENDANT-
APPELLEE WALAA COOPERATIVE
INSURANCE CO.**

3

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1.    This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, it contains 202 words.

2.    This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) and Fifth Circuit Rule 32.1 because it has been prepared in a proportionally-spaced typeface, including serifs, using Microsoft Word, in Times New Roman 14-point font, without footnotes.

SO CERTIFIED, pursuant to Federal R. App. P. 32(g)(1) and and Fifth Circuit Rule 32.3, this **30th** day of **March** 2022.

/s/ *Kent A. Lambert*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

**COUNSEL FOR DEFENDANT-
APPELLEE WALAA COOPERATIVE
INSURANCE CO.**

```
 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2

 3      DYNAMIC INDUSTRIES, INC.,
        ET AL
 4                                      CIVIL ACTION NO. 21-748

 5        VERSUS
                                        SECTION "B"
 6      METLIFE - AMERICAN
        INTERNATIONAL GROUP, ET
 7      AL

 8                   TRANSCRIPT OF MOTIONS HELD ON
                 DECEMBER 8, 2021, BEFORE THE HONORABLE
 9               JANIS VAN MEERVELD, UNITED STATES
                          MAGISTRATE JUDGE
10

11    APPEARANCES:

12

13      For Dynamic Industries, et al:  Jones Walker
                                        TAYLOR K. WIMBERLY, ESQ.
14                                      201 St. Charles Avenue
                                        Suite 5100
15                                      New Orleans, LA  70170

16      For Walaa Cooperative
        Insurance Company:
17                                      Baker, Donelson, Bearman,
                                        Caldwell and Berkowitz
18                                      CHRISTOPHER M. HANNAN, ESQ.
                                        201 St. Charles Avenue
19                                      Suite 3600
                                        New Orleans, LA  70170

20      For Marsh and McLennan
        Companies, Inc.:
21                                      Pipes, Miles, Beckman
                                        LINDSEY M. SOBOUL, ESQ.
22                                      1100 Poydras Street
                                        Suite 1800
23                                      New Orleans, LA  70163

24

25      Official Court Reporter:    SANDY MINUTILLO, CCR
```

OFFICIAL TRANSCRIPT

1          THE CASE MANAGER:  Calling Civil Action 21-748,

2   *Dynamic Industries versus Metlife - American International*

3   *Group*.

4          THE COURT:  All right.  Good morning, everyone.  May

5   I have appearances of counsel starting with Dynamic.

6          MS. WIMBERLY:  Good morning, your Honor.  Taylor

7   Wimberly on behalf of the Dynamic plaintiffs.

8          THE COURT:  Thank you.  For Walaa.

9          MR. HANNAN:  Good morning, your Honor.  Chris Hannan

10  with Baker Donelson for Walaa Cooperative Insurance Company.

11         THE COURT:  And for Marsh and McLennan.

12         MS. SOBOUL:  Lindsey Soboul on behalf of Marsh.

13         THE COURT:  All right.  So we have a number of TIPS

14  participants watching this proceeding.  They need to get

15  credits for observing a certain number of court proceedings.

16             Ms. Wimberly, you're taking the lead.  Would you

17  please outline the issue very briefly for our participants,

18  so that our discussion has some meaning to them?

19         MS. WIMBERLY:  Yes, your Honor.  So there are a

20  number of pending motions to dismiss on threshold issues.

21  So, for instance, lack of subject matter jurisdiction, lack

22  of personal jurisdiction, and venue; and so the defendants,

23  particularly Walaa, has moved for a motion for a protective

24  order seeking a stay of all discovery while the motions to

25  dismiss remain pending.

*OFFICIAL TRANSCRIPT*

Case 2:23-cv-03074-BWA Document 51-6 Filed 07/11/25 Page 3 of 22   Case 2:23-cv-03061-ILRL Document 115 Filed 03/30/2022 Page 3 of 30

3

1          THE COURT:  Just very briefly, why is this case

2    ripe, in your opinion, for so many preliminary motions like

3    lack of personal jurisdiction?  What's going on?

4          MS. WIMBERLY:  So this case stems from a dispute

5    that occurred in Saudi Arabia and so the defendants have

6    filed based on lack of personal jurisdiction and forum non

7    conveniens due to the fact that there are a number of, you

8    know, Saudi Arabian entities that they believe the court does

9    not have jurisdiction over and that they believe the matter

10   should occur in Saudi Arabia.

11          One of our biggest arguments in defense is that

12   the defendant, Walaa, we have evidence -- it's about an

13   insurance policy and we have laid out in our oppositions to

14   the motions to dismiss that this is a policy, an insurance

15   policy, that was both procured and delivered in Louisiana to

16   a Louisiana company and, therefore, we believe that this

17   court has jurisdiction over the defendants and that this

18   matter is in the correct forum.

19          THE COURT:  All right.  And, Mr. Hannan,

20   counterpoint.

21          MR. HANNAN:  Yes, your Honor.  Good morning.

22          Taylor did a good job of kind of summarizing the

23   factual background.  Walaa has filed a motion to stay

24   discovery pending ruling on the threshold motions and that

25   motion to stay is really just in the interest of efficiency

1    and practicality.

2            There's essentially four different grounds that

3    Walaa has sought dismissal of the claims against it in this

4    court under two different motions that have been pending

5    before Judge Lemelle since, I believe, mid September after

6    some delays due to Ida as well as a motion to continue

7    submission date that was filed by the plaintiff.

8            I don't want to treat this hearing as a proxy

9    for the issues that are before Judge Lemelle.  But because

10   the strength of those motions is one of the considerations

11   for a motion to stay in this proceeding, I do want to kind of

12   summarize in a little more detail what our arguments are for

13   why the claims against Walaa do not belong in this court.

14           The first and the most straightforward is the

15   policy that Taylor mentioned that applies to this underlying

16   incident, which was a maritime vessel-related incident in

17   Saudi Arabia, includes, in three different places, a Saudi

18   Arabian forum and jurisdictional selection clause and, to put

19   a little bit of a finer point on it, it's a forum and

20   jurisdictional selection clause that requires that any

21   disputes as to coverage, which is what Dynamic's claims are

22   in this the declaratory judgment action in the Eastern

23   District of Louisiana, must be decided by the Saudi Arabian

24   insurance disputes committee, which is a quasi-judicial

25   agency.  It's not even really an agency.  A quasi-judicial

1   body that determines all disputes over coverage in Saudi

2   Arabia and that clause, or those clauses, I should say,

3   requiring the dispute to be submitted to the Saudi Arabian

4   insurance dispute committees is actually a clause that hasn't

5   been approved and authorized by the Saudi Arabian monetary

6   authority, which is the entity that regulates insurance

7   policies issued in Saudi Arabia.

8            Taylor and Dynamic's argument that the policy

9   was issued here in Louisiana, we believe is incorrect.  The

10  policy was issued through a Saudi Arabian broker to a Saudi

11  Arabian company and a Saudi Arabian company that's comprised

12  of another Saudi Arabian entity in its corporate structure.

13  So we just think that the policy is plain and unambiguous and

14  requiring jurisdiction in Saudi Arabia.

15           The one defensive argument on that point that

16  Dynamic has raised is the alleged applicability of a

17  Louisiana statute that would purport to invalidate that

18  jurisdictional selection clause, but on the plain terms of

19  the statute it does not apply to this type of a policy.

20           So I start with that basis for lack of

21  jurisdiction because that's really the clearest and simplest

22  and, as it relates to this discovery motion, I don't think

23  there's any dispute that there is no discovery necessary to

24  defend against that motion.

25           In fact, the opposition brief that Dynamic filed

1    in response to our motion to stay essentially concedes that

2    there is no discovery necessary to oppose or to determine

3    that pure issue of law under the policy language.

4            The second basis for lack of jurisdiction under

5    our threshold motions, Walaa's threshold motions, is a

6    traditional forum non conveniens analysis.  The underlying

7    incident happened in Saudi Arabia.  The witnesses to that

8    incident and the folks with kind of technical data about how

9    the incident happened are in Saudi Arabia.  All the folks who

10   were involved with negotiating, placing, and broking the

11   policy that's at issue are in Saudi Arabia.  The documents

12   are in Saudi Arabia.

13           So, and again, not to go into a full-fledged

14   forum conveniens analysis here, we believe that even separate

15   and apart from the jurisdictional selection clause in the

16   policy, a traditional forum non conveniens analysis would

17   also militate in favor of dismissal.

18           So that's one of the two motions, threshold

19   motions, that Walaa has filed.  It's on those two points.

20           The other of the two threshold motions asserts

21   lack of personal jurisdiction and lack of subject matter

22   jurisdiction.  Lack of personal jurisdiction is based on the

23   fact that Walaa has no relevant contacts whatsoever in

24   Louisiana.

25           Again, as I mentioned in connection with the

1    discussion in forum selection clause, the policy at issue

2    here was entirely negotiated, issued, delivered all through

3    Saudi Arabian channels.  Through a Saudi Arabian broker,

4    through Walaa, which is a Saudi Arabian insurer.  It's

5    precedents are actually MetLife.  Walaa has since been merged

6    with MetLife.

7              So there's a basis for dismissal and lack of

8    personal jurisdiction as well as a basis for lack of subject

9    matter jurisdiction because, in the underlying incident,

10   there's been no allegation of fault for the incident yet and

11   there's no proceeding in it at this point that would even be

12   in place to allocate fault.  There can't be coverage or an

13   argument for coverage under the policy unless and until there

14   is at least an allegation or a proceeding to set fault to

15   trigger the policy.

16        THE COURT:  Let me bring it back to the instant

17   discovery dispute.  Am I correct that the motions you have

18   been describing are both fully briefed, on file, and ready

19   for Judge Lemelle's decision?

20        MR. HANNAN:  Yes, your Honor.  There are briefs,

21   oppositions, replies, record evidence have been submitted

22   with those motions and they are awaiting a ruling from Judge

23   Lemelle.

24        THE COURT:  So, Ms. Wimberly, I take it that you

25   felt able to brief those without discovery and that no

1    subject matter jurisdiction, personal jurisdiction, forum non

2    conveniens and policy-related discovery is necessary?  You're

3    good on all those fronts?

4        MS. WIMBERLY:  Yes, your Honor.  We felt confident

5    in our oppositions.  We did, in our opposition, include a

6    request for limited jurisdictional discovery in the event

7    that Judge Lemelle were to deny the motions based on a lack

8    of jurisdiction.

9        THE COURT:  Okay.

10       MR. HANNAN:  Your Honor, if I could jump in just for

11   a second.  There is -- Taylor is correct.  Dynamic did, kind

12   of in the alternative, request jurisdictional discovery if,

13   in the event, Judge Lemelle had questions about particularly

14   the personal jurisdiction issue.  We, in our reply, disputed

15   whether there's a basis for that.

16            But in anywhere event, again, to tie it back to

17   this motion, that decision, it's our position, is for Judge

18   Lemelle to determine in terms of whether additional

19   jurisdictional discovery is necessary and that it shouldn't

20   affect your Honor's decision on whether a stay is appropriate

21   pending that decision by Judge Lemelle.

22       THE COURT:  Okay.  Interestingly, there is no

23   discovery request pending right now.  This was something of a

24   preemptive strike by Walaa to head off any merit-based or

25   other discovery while you're awaiting rulings.  Fair

*OFFICIAL TRANSCRIPT*

1    statement?

2         MR. HANNAN:  Fair statement, your Honor.  The reason

3    we did it that way ties into the showing we've made under the

4    specific and particular showing requirement of Rule 26 (c).

5    Discovery in this case, even kind of on a preliminary basis,

6    is going to be both time and cost expensive.

7         This case, as we've laid out, involves

8    international actors.  The fact that the Walaa entity that

9    exists now was merged with the preexisting MetLife entity

10   means that there's going to be cost and time, effort and

11   expense, involved with producing documents from legacy

12   systems.

13        There's the potential that third parties in

14   foreign countries may be affected by any written discovery

15   and, obviously, any deposition discovery is going to involve

16   folks abroad and time differences and all that kind of thing.

17        So we made that showing in our motion to kind of

18   bolster or to support or to justify the fact that we are

19   seeking a preemptive stay to avoid all those issues because,

20   as your Honor has held in some recent cases, *Carlisle* and the

21   *Davis* case, which we've cited in both the original brief and

22   the reply brief -- and as other judges in our court and

23   courts from the Fifth Circuit have ruled -- if the ruling on

24   the motion to dismiss will effectively short-circuit and

25   avoid the need for any discovery, then it just makes sense to

1    do that; particularly if there's no prejudice to the other

2    side, and we submit that there's no prejudice in this

3    instance.

4          THE COURT:  Let me note for the record that the

5    discovery cutoff is October 18 of 2022, and your trial date

6    is December 5.  So we find ourselves in the unusual position

7    of actually having the luxury of time here for some of this

8    to play out without being under a lot of pressure to conduct

9    any necessary discovery without upsetting your trial date.

10               On the other hand, I can't predict when Judge

11    Lemelle might rule on these motions and so there will come a

12    time where we are now no longer given the luxury of just

13    waiting and you will have to roll things out to get ready for

14    a December trial date, and I thought that maybe what we could

15    do is stay this, but with a finite date on that; at which

16    point we would either open up discovery or revisit the issue

17    and I was thinking something along the lines of 60 or

18    90 days.

19               Ms. Wimberly, what do you think of that?

20          MS. WIMBERLY:  We would be agreeable to a 60-day

21    discovery.  I mean, as kind of you sort of hinted at, we do

22    have a concern that, given the complexity and the factual

23    intensity of these motions that are pending before Judge

24    Lemelle, we really can't predict when he's going to rule on

25    them and so we do have concerns.  If we get past that kind of

1    90-day period that if we don't sort, you know, propounding
2    some discovery requests on these parties that we're going to
3    find ourselves in a bind where we're not going to be able to
4    -- that we're going to either have to move for an extension
5    of the discovery cutoff or that we're just not going to be
6    able to finish in time for the December, 2022, trial date.
7        THE COURT:  So why don't we schedule a status
8    conference to occur in early February to discuss how things
9    are looking and what should happen next?
10           For purposes of the TIP participants, we don't
11   often stay discovery because it's going to be very expensive.
12   Usually we're under the gun and everything has to sort of
13   roll out all at one time.  Dispositive motions and discovery
14   and everything else.
15           But this, as I said, is an unusual case because
16   of these pending motions and the fact that we have a year.
17   So I think we can have our cake and eat it, too, here.  We
18   can stay in the short-term and, hopefully, avoid any
19   unnecessary expenditure of effort on both sides and then
20   we'll revisit.
21           If the motions are denied, certainly, we should
22   have that chat and, otherwise, if we just don't have any
23   action from the district judge by February, we can start to
24   talk about what this will look like.  Okay?
25       MR. HANNAN:  That makes sense, your Honor.  Thank

1    you.

2         THE COURT:  All right.  Great.  We will be in touch

3    about a date for that offline.  It won't be a hearing.  It

4    will just be a status conference.  We'll all jump on a Zoom

5    link or something.  Okay?

6         MR. HANNAN:  Sounds great.  Thank you, your Honor.

7         MS. WIMBERLY:  Thank you.

8         THE COURT:  All right.  Thank you.

9         MR. HANNAN:  Your Honor, if I can ask.  Would you

10   like us to stay on the Zoom or are we okay to drop off now to

11   free up your screen a bit?

12        THE COURT:  You are free to go unless you are

13   riveted by a motion for leave to file an amended complaint.

14        (WHEREUPON, the proceedings were concluded.)

15                        *   *   *

16              REPORTER'S CERTIFICATE

17        I, Sandra T. Minutillo, Certified Court Reporter

18   in and for the State of Louisiana, Official Court Reporter

19   for the United States District Court, Eastern District of

20   Louisiana, do hereby certify that the foregoing is a true and

21   correct transcript to the best of my understanding from the

22   record of the proceedings in the previously-entitled and

23   numbered matter.

24              s/Sandra T. Minutillo
                Sandra T. Minutillo, CCR
25              Official Court Reporter
                United States District Court

*OFFICIAL TRANSCRIPT*